IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AUSTIN'S NATURAL FROZEN POPS, INC. d/b/a GOODPOP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-716-RP |
| JONNY POPS, LLC, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Defendant Jonny Pops, LLC's ("JonnyPops") Motion to Dismiss. (Dkt. 18). JonnyPops also filed a request for the Court to consider certain documents it asserts are incorporated into Plaintiff Austin's Natural Frozen Pops Inc. d/b/a GoodPop's ("GoodPop") complaint or are publicly available for judicial notice. (Dkt. 19). GoodPop responded to the motion and the request in opposition, (Dkts. 21, 22), and JonnyPops replied, (Dkt. 23). Having considered the parties' submissions, the record, and the applicable law, the Court will deny the motion.

**I. BACKGROUND**

JonnyPops and GoodPop both market and sell frozen treats, or "pops." (Compl., Dkt. 1, at 1). Both parties target consumers seeking "better-for-you" treat options, selling in healthy grocery stores like Whole Foods and Sprouts. (*Id.*) GoodPop alleges that JonnyPops's treats, however, are not what JonnyPops advertises them to be. (*Id.*).

The packaging for JonnyPops's pops displays pictures of fruit, as seen below. (*Id.* at 2–3). JonnyPops also advertises that its products are made from "simple ingredients," are made with ingredients like "100% real fruit," and have the "wholesome nutrition of a fruit bar." (*Id.* at 13–14, 16). JonnyPops also displays the "USDA Organic" label prominently on its packaging. (*Id.* at 12).

1



Yet, GoodPop alleges, the two main ingredients in JonnyPops's pops are water and added cane sugar, and any fruit in the products is only miniscule amounts. (*Id.* at 2–3, 16). And despite displaying lemons, limes, blue raspberries, and grapes on the packaging for JonnyPops's "Fruit Stacks" treats, the product contains none of those fruits, according to GoodPop. (*Id.* at 4). GoodPop alleges that JonnyPops's pops are not in fact "better-for-you" products. (*Id.* at 16).

GoodPop alleges consumers have been misled by JonnyPops's advertising. (*Id.* at 5). Per GoodPop's survey of household grocery shoppers aged 18 to 65 years, nearly 50% of respondents believed JonnyPops's "Fruit Stacks" treat was made primarily out of fruit, while the treat allegedly contains less than 2% fruit content. (*Id.* at 5, 16). GoodPop also alleges JonnyPops's advertising led 61% of respondents to believe that the majority of the sugar in the product came from fruit. (*Id.* at 18). GoodPop's complaint also includes customer reviews that praise JonnyPops's pops for being a healthier option and having relatively low sugar. (*Id.* at 21). Retailers have also been misled by JonnyPops, according to GoodPop. (*Id.* at 5).

Further, GoodPop alleges that JonnyPops models its mission, brand positioning, and pops after GoodPop's. (*Id.* at 11). GoodPop explains that "the 'Good' in its name is not just about the ingredients in its products, but also its desire to inspire a 'World of Good.'" (*Id.* at 9). Comparatively, JonnyPops advertises its mission to be "Make the World A Better Place, One Pop At A Time." (*Id.*

at 10). GoodPop alleges JonnyPops "models its pops after GoodPop's pops, seeking to implement the same flavors and target the same health-conscious consumers," and uses "nearly identical flavors" and similar package design and claims, such as those seen below. (*Id.* at 11).



GoodPop alleges JonnyPops makes misleading representations "to mimic GoodPop's guarantee that GoodPop pops are a healthy choice for the entire family." (*Id.* at 15).

GoodPop claims that JonnyPops's misleading advertising has caused damage to GoodPop's business and goodwill. GoodPop brings two causes of action against JonnyPops: 1) a false advertising claim under Section 43(a) of the Lanham Act, and 2) violation of California's Unfair Competition Law ("UCL") under the California Business and Professions Code. (*Id.* at 25–26). JonnyPops now moves to dismiss both claims.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to

4

dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

At the outset, the Court denies JonnyPops's request for the Court to consider the fourteen exhibits JonnyPops submits in support of its motion to dismiss. While the court can consider "documents incorporated into the complaint by reference," *Dorsey*, 540 F.3d at 338, the Court finds that here, not all of the information in JonnyPops's exhibits is incorporated into GoodPop's complaint by reference. For example, Exhibit 6 appears to be a printout of GoodPop's website displaying ads and information about GoodPop's strawberry lemonade pop. (Dkt. 19-7). JonnyPops claims that this exhibit is incorporated in paragraph 42 of GoodPop's complaint. (Dkt. 19, at 2). But there, GoodPop's strawberry lemonade pop appears only in a picture of frozen treats on a supermarket shelf, alongside 35 other boxes. (Compl., Dkt. 1, at 19–20). This does not incorporate GoodPop's website and does not rise to the level of a document that is "referred to in the plaintiff's complaint and [is] central to her claim." *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). And the Court finds that taking judicial notice of the exhibits would not be consistent with the "sparing" use of judicial notice that is appropriate at the motion to dismiss stage. *See Brooks v. United Dev. Funding III, L.P.*, No. 4:20-CV-00150-O, 2020 WL 6132230, at *34 (N.D. Tex. Apr. 15, 2020). Accordingly, the Court rules on JonnyPops's motion to dismiss considering the complaint alone.

### A. Lanham Act False Advertising Claim

To sufficiently allege a claim for false advertising under the Lanham Act, GoodPop must allege facts making it plausible that 1) JonnyPops made a false or misleading statement of fact about a product; 2) such statement either deceived, or had the capacity to deceive a substantial segment of

potential consumers; 3) the deception is material, in that it is likely to influence the consumer's purchasing decision; 4) the product is in interstate commerce; and 5) GoodPop has been or is likely to be injured as a result of the statement at issue. *See Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000). With the exception of the product being in interstate commerce, JonnyPops argues GoodPop fails to allege all elements of its false advertising claim. (Dkt. 18, at 1–2).

### 1. False or Misleading Statement of Fact and Evidence of Deception

Under the Lanham Act, an advertisement is actionable where "the defendant's promotional campaign is literally false, or although literally true, is likely to mislead and confuse consumers." *Healthpoint, Ltd. v. River's Edge Pharms., L.L.C.*, 2005 WL 356839, at *3 (W.D. Tex. Feb. 14, 2005). Here, GoodPop pleads that JonnyPops makes several statements that are likely to mislead consumers. Such as: (1) the "Fruit Stacks" packaging displays lemons, limes, and grapes but does not contain any of those fruits; (2) the "Summer Sunrise" packaging displays cherries and lemons but does not contain those fruits; and (3) the "Organic Blue Wave" packaging displays blueberries, raspberries, and lemons but does not contain those fruits. (Compl., Dkt. 1, at 17–18). Additionally, GoodPop alleges JonnyPops tells consumers that the pops have the "wholesome nutrition of a fruit bar" and are made of "simple ingredients," (*id.* at 13, 18), while being made primarily of sugar and water, (*id.* at 2).

First, JonnyPops argues that the images of fruit do not mislead consumers when viewed in context of the entire package. (Dkt. 18, at 7). According to JonnyPops, it is clear that the fruit images indicate flavors, rather than ingredients, especially in combination with the ingredients list on the side or back of the package. (*Id.* at 7–10). GoodPop responds that the ingredient list does little to cure the misleading statements considering how the products are displayed in grocery stores, with only the front of the box visible. (Dkt. 21, at 9). And, that consumers should not have to look at the

6

back of the box to dispel the misleading representations on the front. (*Id.*). Other district courts have found that "the mere presence of an ingredient statement on the back of the product 'does not eliminate the possibility that reasonable consumers may be misled.'" *Blue Buffalo Co. v. Nestle Purina Petcare Co.*, No. 4:15 CV 384 RWS, 2015 WL 3645262, at *5 (E.D. Mo. June 10, 2015) (quoting *Ackerman v. Coca-Cola Co.*, No. CV-09-0395 (JG), 2010 WL 2925955 (E.D.N.Y. July 21, 2010). The Court agrees and finds it plausible that consumers could be misled by JonnyPops's fruit pictures.

JonnyPops also argues that both the pictures and the "simple ingredient" claim are non-actionable puffery. (*Id.* at 10–12). "Puffery" is a form of non-actionable statements, defined by the Fifth Circuit as either 1) an exaggerated, blustering, and boasting statement upon which no reasonable buyer would be justified in relying; or 2) a general claim of superiority over comparable products that is so vague that it can be understood as nothing more than a mere expression of opinion. *Pizza Hut,* 227 F.3d at 496–97 (5th Cir. 2000). The Court finds that the statements at issue here, especially the pictures, do not exaggerate in the way typically associated with non-actionable puffery: words like "best," "better," and "favorite." *See Am. Italian Pasta Co. v. New World Pasta Co.*, 371 F.3d 387, 392 (8th Cir. 2004); *In re Boston Beer Co.*, 198 F.3d 1370, 1372 (Fed. Cir. 1999). And even if "simple" may be subjective, as JonnyPops argues, (Dkt. 18, at 12), GoodPop alleges it is the phrase "simple ingredients" in combination with the fruit pictures and the rest of JonnyPops's advertising that misleads consumers, (Compl. Dkt 1, at 16; Dkt. 21, at 13). Context can give unquantifiable words meaning and render them actionable. *Pizza* Hut, 227 F.3d at 501–02 (concluding that "better" was given additional meaning when used in the context of misleading ads). And, at the motion to dismiss stage, it is enough that it is plausible that consumers could be misled by the culmination of JonnyPops's advertising.

The first element, that JonnyPops's advertising makes misleading statements, goes hand in hand with the second element, that the statements deceived, or had the capacity to deceive, a

7

substantial segment of potential consumers. GoodPop alleges that in a survey of household grocery shoppers, nearly half of respondents believed that JonnyPops's pops are made primarily out of fruit, while the main ingredients are sugar and water. (Compl., Dkt. 1, at 3–5). JonnyPops argues the survey should be disregarded, (Dkt. 18, at 14), but at the motion to dismiss stage, the Court must take all of GoodPop's allegations as true, *see In re Katrina Canal Breaches Litig.*, 495 F.3d at 205. Further, GoodPop does not rely on the survey alone, but also alleges there are consumer reviews available online that reflect those consumers were misled to believe facts GoodPop alleges are untrue, like that JonnyPops's pops are "low sugar" or "have no sugar added." (Compl., Dkt. 1, at 21). GoodPop also alleges "a nutritionist with more than 1 million followers on social media" recommended JonnyPops over another pop that contained less sugar, mistakenly believing that it was JonnyPops's pop that had less sugar. (*Id.* at 22). Taken as true, these allegations make it plausible JonnyPops's advertising deceived or has the capacity to deceive a substantial segment of consumers. And, alleged evidence that consumers were in fact deceived bolsters the plausibility that JonnyPops's advertising is misleading in the first place. Therefore, GoodPop has sufficiently alleged the first two elements of its false advertising claim.

### 2. Deception is Material

Next, GoodPop must allege that JonnyPops's deception is material, or that it is likely to influence consumers' purchasing decisions. *Pizza Hut*, 227 F.3d at 495. GoodPop's allegations of the consumer reviews make it plausible that JonnyPops's alleged deception is material. The reviews show consumers enjoy the very qualities of JonnyPops's pops that GoodPop alleges are untrue, like that the pops have "a lower sugar content and appear[] to be a better for you[] product tha[n] your typical pop" and are "made of all natural ingredients and had good nutrition compared to a lot of sugar brands." (Compl., Dkt. 1, at 21). The reviews imply that consumers are choosing JonnyPops's

8

pops because of these qualities. Therefore, GoodPop sufficiently alleges that JonnyPops's deception is influencing consumers' purchasing decisions.

### 3. GoodPop's Injury

Finally, GoodPop must allege that it has been or is likely to be injured as a result of JonnyPops's statements. *Pizza Hut,* 227 F.3d at 495. GoodPop alleges that JonnyPops is intentionally copying GoodPop's brand positioning, (Compl., Dkt. 1, at 10–13), and as a result, "GoodPop products have to compete directly with the false representations made on the front of JonnyPops's packaging," (*id.* at 24). Further, "where retailers have limited space to stock either GoodPop or JonnyPops in their better-for-you section, retailers have chosen JonnyPops due to its deceptive sales presentations, because JonnyPops is not truly a better-for-you product." (*Id.*). This allegedly results in JonnyPops gaining shelf space and brand power to the detriment of GoodPop. (*Id.*). For example, "when JonnyPops began selling next to GoodPop as a better-for-you product in one health grocer, GoodPops's sales velocity declined by about 25%." (*Id.* at 25). Taken as true, these allegations are sufficient to plead that JonnyPops's advertising causes injury to GoodPop.

In conclusion, GoodPop has sufficiently alleged all elements of its false advertising claim under the Lanham Act.

### B. California Unfair Competition Claim

GoodPop also brings a claim for unfair competition under California's Business and Professions Code. (Compl, Dkt. 1, at 26). Claims for false advertising and unfair competition under California law are "substantially congruent" to claims made under the Lanham Act, *RingCentral Inc., v. Nextiva, Inc., et al.,* No. 19-CV-02626-NC, 2021 WL 2476879, at *3 (N.D. Cal. June 17, 2021) (quotation omitted), though California's unfair competition law is broader than the Lanham Act, *Card Tech Int'l, LLLP v. Provenzano*, No. CV 11-2434 DSF PLAX, 2012 WL 2135357, at *28 (C.D.

Cal. June 7, 2012). JonnyPops moves to dismiss GoodPop's unfair competition claim on the grounds that it is an improper extraterritorial application of California's law. (Dkt. 18, at 19–20). JonnyPops argues "GoodPop, a Texas company, cannot sustain a [California unfair competition] claim against JonnyPops, a Minnesota company, based solely on the vague allegation that JonnyPops' products are sold by other companies to California residents." (*Id.*). In response, GoodPop argues that some of JonnyPops's alleged wrongful conduct occurred in California, and that JonnyPops itself, rather than third parties, sells its products with the misleading packaging in California, and therefore GoodPop's claim is not an improper extraterritorial application of California's law. (Dkt. 21, at 19–20).

The Court finds that GoodPop can properly bring an unfair competition claim under California's law. JonnyPops argues the case law on this point cited by GoodPop is inapplicable, (Dkt. 23, at 10), but the Court disagrees and finds it instructive. A California district court explains, "The extraterritorial application of California law is improper where non-residents of California raise claims based on conduct that allegedly occurred outside of the state. However, extraterritorial application of California law is not barred where the alleged wrongful conduct occurred in California." *Aguilar v. Zep Inc.*, No. 13-CV-00563-WHO, 2014 WL 4245988, at *11 (N.D. Cal. Aug. 27, 2014) (citing *Sullivan v. Oracle Corp.*, 662 F.3d 1265 (9th Cir. 2011)). A Georgia district court applied these rules, and found an out-of-state plaintiff could avail itself of California's unfair competition law if it "sufficiently plead[s] that it was harmed by wrongful conduct occurring in California or that the false or misleading statements at issue were made" in California. *Medline Indus., Inc. v. Kimberly-Clark Corp.*, No. 1:17-CV-2032-SCJ, 2018 WL 6380775, at *4 (N.D. Ga. Feb. 28, 2018). The Georgia court found its plaintiff had not done so, but this case differs, as GoodPop brings allegations of wrongful conduct and misleading statements that occurred in California. GoodPop alleges "JonnyPops has sold, and currently sells, its pops with the false statements and

misrepresentations identified herein throughout California, both in physical retail stores (like Costco and Sprouts) in California and through online retailers (like Walmart and Ralphs) who ship JonnyPops's pops to California residents." (Compl., Dkt. 1, at 27). Accordingly, the Court is not persuaded that GoodPop's claim is an improper extraterritorial application of California's law and will not dismiss it on that basis.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that JonnyPops's motion to dismiss, (Dkt. 18), is **DENIED.**

**SIGNED** on March 13, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE