**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| AUSTIN'S NATURAL FROZEN POPS, INC., d/b/a GOODPOP,<br><br>                     Defendant/Counter-Plaintiff,<br><br>v.<br><br>JONNY POPS, LLC,<br><br>                Plaintiff/Counter-Defendant. | No. 1:24-cv-716-RP |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF**
**DEFENDANT/COUNTER-PLAINTIFF JONNY POPS, LLC**

For its Answer, Affirmative Defenses, and Counterclaims against the Complaint of Plaintiff/Counter-Defendant Austin's Natural Frozen Pops, Inc., d/b/a GoodPop ("GoodPop"), Defendant/Counter-Plaintiff Jonny Pops, LLC ("JonnyPops") states as follows:

**ANSWER**

**INTRODUCTION**

1.      Paragraph 1 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  JonnyPops admits, on information and belief, that GoodPop is headquartered in Austin, Texas.  JonnyPops lacks knowledge or information necessary to admit or deny the remaining allegations in Paragraph 1 and, on that basis, denies them.

2.      Paragraph 2 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  JonnyPops admits that its products are

1

sold in Whole Foods and Sprouts, among other retailers, and admits that it manufactures a product named "Fruit Stacks." JonnyPops denies the remaining allegations in Paragraph 2.

3.    Paragraph 3 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops lacks knowledge or information sufficient to form a belief as to the truth of this Paragraph's allegations regarding GoodPop's business history and products, and, on that basis, denies them. JonnyPops denies the remaining allegations in Paragraph 3, including the allegations that GoodPop's frozen pops are "100% fruit juice" and that they contain "no added sugar or sweeteners."

4.    Paragraph 4 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops admits that it has marketed certain products as a "smoothie-on-a-stick," and admits that "doing good in the world" is part of JonnyPops' mission statement. JonnyPops denies the remaining allegations in Paragraph 4.

5.    Paragraph 5 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops admits that it produces the products pictured in this Paragraph, but lacks knowledge or information necessary to confirm the origin of the picture. JonnyPops lacks knowledge or information sufficient to admit or deny allegations regarding the knowledge, motivations, and/or behavior of consumers and, on that basis, denies them. JonnyPops denies the remaining allegations in Paragraph 5.

6.    Paragraph 6 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops admits that it produces the

products pictured in this Paragraph, but lacks knowledge or information necessary to confirm the origin of the picture. JonnyPops admits that the packaging pictured in this Paragraph features graphic images of real and imaginary fruits, which represent flavor profiles for these products. JonnyPops lacks knowledge or information sufficient to admit or deny allegations regarding the knowledge, motivations, and/or behavior of consumers and, on that basis, denies them. JonnyPops denies the remaining allegations in Paragraph 6.

7.      Paragraph 7 contains characterizations, arguments, and legal conclusions to which no response is necessary. JonnyPops admits that it produces the products pictured in this Paragraph, but lacks knowledge or information necessary to confirm the origin of the picture. JonnyPops admits that the packaging pictured in this Paragraph features graphic images of real and imaginary fruits, which represent flavor profiles for these products. As to allegations regarding the nutritional content of the JonnyPops' products listed in this Paragraph, JonnyPops refers to the ingredients and nutritional information displayed on the products' packaging. JonnyPops lacks knowledge or information sufficient to admit or deny allegations regarding the knowledge, motivations, and/or behavior of consumers and, on that basis, denies them. JonnyPops denies the remaining allegations in Paragraph 7.

8.      Paragraph 8 contains characterizations, arguments, and legal conclusions to which no response is necessary. JonnyPops admits that its products are sometimes placed near GoodPop's products in retail locations. JonnyPops admits that it produces the products pictured in this Paragraph, but lacks knowledge or information necessary to confirm the origin of the pictures. JonnyPops admits that the packaging pictured in this Paragraph features graphic images of real and imaginary fruits, which represent flavor profiles for these products. As to allegations regarding the nutritional content of the JonnyPops' products listed in this Paragraph, JonnyPops refers to the ingredients and nutritional information displayed on the products' packaging.

JonnyPops denies that GoodPop's products are "100% fruit juice."  JonnyPops denies the remaining allegations in Paragraph 8.

9.      JonnyPops lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 9's allegations regarding any consumer survey purportedly conducted by GoodPop, and, on that basis, denies them.  JonnyPops denies the remaining allegations in Paragraph 9.

10.      Paragraph 10 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  JonnyPops admits that its products are sold in Whole Foods and Sprouts grocery stores, among other retail locations.  JonnyPops lacks knowledge or information sufficient to admit or deny the truth of this Paragraph's allegations regarding the "Sprouts" advertisement referenced in this Paragraph and, on that basis, denies them. JonnyPops lacks knowledge or information sufficient to admit or deny allegations regarding the knowledge, motivations, and/or behavior of retailers and, on that basis, denies them.  JonnyPops denies the remaining allegations in Paragraph 10.

11.      Paragraph 11 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  JonnyPops admits that revenue from its products has grown since 2019.  JonnyPops denies the remaining allegations in Paragraph 11.

12.      Paragraph 12 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  JonnyPops lacks knowledge or information necessary to admit or deny this Paragraph's allegations regarding the statements of the United States Government and the statements of consumers purportedly quoted in this Paragraph, and, on that basis, denies them. JonnyPops lacks knowledge or information sufficient

4

to admit or deny allegations regarding the knowledge, motivations, and/or behavior of consumers and, on that basis, denies them. JonnyPops admits that it posts images of people of many different ages and backgrounds on its Instagram account. JonnyPops denies the remaining allegations in Paragraph 12.

13. Paragraph 13 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops lacks knowledge or information necessary to admit or deny this Paragraph's allegations regarding GoodPop's motives in bringing this lawsuit and, on that basis, denies them. JonnyPops denies the remaining allegations in Paragraph 13.

## THE PARTIES

14. JonnyPops admits the allegations in Paragraph 14.

15. JonnyPops admits the allegations in Paragraph 15.

## JURISDICTION AND VENUE

16. JonnyPops admits the allegations in Paragraph 16.

17. JonnyPops admits the allegations in Paragraph 17.

18. JonnyPops denies that it has engaged in any wrongful conduct, and denies that it has made any false or misleading representations, but admits the remaining allegations in Paragraph 18.

19. JonnyPops denies that it has made any false or misleading representations, but admits the remaining allegations in Paragraph 19.

## FACTUAL BACKGROUND

20. Paragraph 20 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal

conclusions are deemed factual, JonnyPops denies them. JonnyPops lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and, on that basis, denies them.

21. Paragraph 21 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and, on that basis, denies them.

22. Paragraph 22 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and, on that basis, denies them.

23. Paragraph 23 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and, on that basis, denies them.

24. Paragraph 24 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops admits that GoodPop's products are sold at Target and Whole Foods, among other retail locations. JonnyPops lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and, on that basis, denies them.

6

25.     Paragraph 25 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  JonnyPops admits that it is a Minnesota-based company, and that it produces frozen pops.  JonnyPops admits that in the early years of its business, it sold dairy-based frozen pops, and continues to do so to this day.  JonnyPops denies the remaining allegations in Paragraph 25.

26.     Paragraph 26 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  JonnyPops admits that some of its marketing materials include the phrase, "we use simple ingredients that you can feel good about sharing with your entire family."  JonnyPops denies the remaining allegations in Paragraph 26.

27.     Paragraph 27 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  JonnyPops admits that some of its marketing materials use the phrases, "Make The World A Better Place, One Pop At A Time," "A Better Pop for a Better World," and "We Believe That Sharing Kindness Helps Us Achieve Our Mission Of Making The World A Better Place, One Pop At A Time."  JonnyPops denies the remaining allegations in Paragraph 27.

28.     Paragraph 28 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  JonnyPops denies the allegation that GoodPop's frozen pops are "100% fruit juice."  JonnyPops lacks knowledge or information sufficient to form a belief as to the truth of this Paragraph's allegations regarding which person or company produced "the world's first 'cleaned up classic' popsicle that were made with 100% fruit

juice with no added sugars," and, on that basis, denies them. JonnyPops denies the remaining allegations in Paragraph 28.

29. Paragraph 29 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops admits that it produces the products pictured in this Paragraph, but lacks knowledge or information necessary to confirm the origin of the picture. JonnyPops denies the remaining allegations in Paragraph 29.

30. Paragraph 30 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops admits that it produces the products pictured in this Paragraph, but lacks knowledge or information necessary to confirm the origin of the picture. JonnyPops admits that the packaging pictured in this Paragraph features graphic images of real and imaginary fruits, which represent flavor profiles for these products. JonnyPops admits that the packaging for these products includes a "USDA Organic" symbol, which reflects the fact that these products have been certified as organic pursuant to the national organic program administered by the United States Department of Agriculture. JonnyPops denies the remaining allegations in Paragraph 30.

31. JonnyPops denies the allegations in Paragraph 31.

32. Paragraph 32 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops admits that some of its packaging uses the phrase "made with simple ingredients." JonnyPops admits that on March 30, 2024, Erik Brust gave the interview to CBS News Minnesota referenced in this Paragraph, and refers to the interview transcript for a complete record of Mr. Brust's statements. JonnyPops

denies the remaining allegations in Paragraph 32.

33.     Paragraph 33 contains characterizations, arguments, and legal conclusions to which no response is necessary.   To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.   JonnyPops admits that its website uses the phrases "we use simple ingredients you can feel good about sharing with your entire family," and "simple ingredients mean delicious taste."   JonnyPops denies the remaining allegations in Paragraph 33.

34.     Paragraph 34 contains characterizations, arguments, and legal conclusions to which no response is necessary.   To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.   JonnyPops admits that some of its marketing materials use the phrases "simple ingredients" and "wholesome nutrition of a fruit bar." JonnyPops lacks knowledge or information sufficient to admit or deny this Paragraph's allegations regarding third-party representations and, on that basis, denies them.   JonnyPops denies the remaining allegations in Paragraph 34.

35.     Paragraph 35 contains characterizations, arguments, and legal conclusions to which no response is necessary.   To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.

36.     Paragraph 36 contains characterizations, arguments, and legal conclusions to which no response is necessary.   To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.   JonnyPops lacks knowledge or information sufficient to admit or deny allegations regarding the knowledge, motivations, and/or behavior of consumers and, on that basis, denies them.   JonnyPops lacks knowledge or information sufficient to admit or deny allegations regarding GoodPop's communications with its customers and, on that basis, denies them.   JonnyPops admits that it was sued in California in 2024 by

plaintiffs alleging false advertising and unfair competition, and that the California lawsuit was subsequently dismissed. JonnyPops lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 36, and on that basis, denies them.

37. Paragraph 37 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.

38. Paragraph 38 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops admits that its website uses the phrases, "simple ingredients," and the "frozen novelty section is full of fake fruit pops." JonnyPops admits that it may have used the phrase, "100% real fruit" in reference to its "smoothie" pops. JonnyPops admits that its product packaging features graphic images of real and imaginary fruits, which represent flavor profiles for its products. JonnyPops denies the remaining allegations in Paragraph 38.

39. JonnyPops lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 39's allegations regarding any consumer survey purportedly conducted by GoodPop, and, on that basis, denies them. JonnyPops admits that it produces the products listed in this Paragraph. As to allegations regarding the nutritional content of the JonnyPops products listed in this Paragraph, JonnyPops refers to the ingredients and nutritional information displayed on the products' packaging. JonnyPops denies the remaining allegations in Paragraph 39.

40. JonnyPops lacks knowledge or information sufficient to form a belief as to the truth of Paragraph 40's allegations regarding any consumer survey purportedly conducted by GoodPop, and, on that basis, denies them. JonnyPops admits that its website uses the phrase, "wholesome nutrition of a fruit bar." JonnyPops denies the remaining allegations in Paragraph 40.

41.    Paragraph 41 contains characterizations, arguments, and legal conclusions to which no response is necessary.  JonnyPops admits that it produces the products listed in this Paragraph. As to allegations regarding the nutritional content of the JonnyPops' products listed in this Paragraph, JonnyPops refers to the ingredients and nutritional information displayed on the products' packaging.  JonnyPops denies the remaining allegations in Paragraph 41.

42.    Paragraph 42 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  JonnyPops admits that it sells products in many locations nationwide, including in Austin, Texas.  JonnyPops admits that its products are sold by Whole Foods, among other retail locations.  JonnyPops admits that it produces the products pictured in this Paragraph, but lacks knowledge or information necessary to confirm the origin of the picture.  JonnyPops denies the remaining allegations in Paragraph 42.

43.    Paragraph 43 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  JonnyPops lacks knowledge or information sufficient to admit or deny allegations regarding the knowledge, motivations, and/or behavior of consumers and, on that basis, denies them.  JonnyPops denies the remaining allegations in Paragraph 43.

44.    Paragraph 44 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  Because this Paragraph provides no citations or sources for the quotes attributed to consumers, JonnyPops lacks knowledge or information sufficient to admit or deny this Paragraph's allegations regarding those purported quotations, and on that basis, denies them.

45.     Paragraph 45 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  Because this Paragraph provides no citations or sources for the quotes attributed to the alleged social media influencer referenced in this Paragraph, JonnyPops lacks knowledge or information sufficient to admit or deny this Paragraph's allegations regarding those purported quotations, and on that basis, denies them. JonnyPops denies the remaining allegations in Paragraph 45.

46.     Paragraph 46 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  JonnyPops lacks knowledge or information sufficient to form a belief as to the truth of this Paragraph's allegations regarding any consumer survey purportedly conducted by GoodPop, and, on that basis, denies them.  JonnyPops denies the remaining allegations in Paragraph 46.

47.     Paragraph 47 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  JonnyPops lacks knowledge or information sufficient to form a belief as to the truth of this Paragraph's allegations regarding any consumer survey purportedly conducted by GoodPop, and, on that basis, denies them.  JonnyPops lacks knowledge or information sufficient to admit or deny allegations regarding the knowledge, motivations, and/or behavior of consumers and, on that basis, denies them.  JonnyPops denies the remaining allegations in Paragraph 47.

48.     Paragraph 48 contains characterizations, arguments, and legal conclusions to which no response is necessary.  To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them.  Because this Paragraph provides no

citations or sources for the guidance of the AHA, HHS and USDA purportedly quoted in this Paragraph, JonnyPops lacks knowledge or information sufficient to admit or deny this Paragraph's allegations regarding those purported quotations, and on that basis, denies them. JonnyPops admits that it markets its products to persons of many different ages and backgrounds. JonnyPops denies the remaining allegations in Paragraph 48.

49.     Paragraph 49 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops lacks knowledge or information sufficient to admit or deny allegations regarding the knowledge, motivations, and/or behavior of consumers and, on that basis, denies them. JonnyPops denies the remaining allegations in Paragraph 49.

50.     Paragraph 50 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops admits that its products are sometimes placed near GoodPop's products in retail locations. JonnyPops lacks knowledge or information sufficient to admit or deny allegations regarding the knowledge, motivations, and/or behavior of retailers and, on that basis, denies them. JonnyPops denies the remaining allegations in Paragraph 50.

51.     Paragraph 51 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops lacks knowledge or information sufficient to admit or deny allegations regarding GoodPop's shelf space and/or sales velocity in specific retail locations and, on that basis, denies them. JonnyPops denies the remaining allegations in Paragraph 51.

52. Paragraph 52 contains characterizations, arguments, and legal conclusions to which no response is necessary. To the extent that those characterizations, arguments, and legal conclusions are deemed factual, JonnyPops denies them. JonnyPops admits that it sells "no-sugar added" products, and denies that it has never made such products available. JonnyPops denies the remaining allegations in Paragraph 52.

## FIRST CAUSE OF ACTION

53. JonnyPops reasserts and reincorporates by reference its responses to Paragraphs 1-52 above.

54. JonnyPops admits the allegations in Paragraph 54.

55. JonnyPops denies the allegations in Paragraph 55.

56. JonnyPops denies the allegations in Paragraph 56.

57. JonnyPops denies the allegations in Paragraph 57.

58. JonnyPops denies the allegations in Paragraph 58.

59. JonnyPops admits that its products are sold in a number of states nationwide. JonnyPops denies the remaining allegations in Paragraph 59.

60. JonnyPops denies the allegations in Paragraph 60.

61. JonnyPops denies the allegations in Paragraph 61.

## SECOND CAUSE OF ACTION

62. JonnyPops reasserts and reincorporates by reference its responses to Paragraphs 1-61 above.

63. JonnyPops admits the allegations in Paragraph 63.

64. JonnyPops admits that it has sold, and currently sells, its products in California through physical retail stores and online retailers. JonnyPops denies the remaining allegations in Paragraph 64.

65.     JonnyPops denies the allegations in Paragraph 65.

66.     JonnyPops denies the allegations in Paragraph 66.

67.     JonnyPops denies the allegations in Paragraph 67.

68.     JonnyPops denies the allegations in Paragraph 68.

69.     JonnyPops denies the allegations in Paragraph 69.

70.     JonnyPops denies the allegations in Paragraph 70.

## GENERAL DENIAL

JonnyPops denies any allegations not specifically responded to above, including allegations expressed, implied or contained in headings that appear throughout the Complaint. JonnyPops further denies each and every request for relief.

## AFFIRMATIVE DEFENSES

JonnyPops states the following affirmative defenses. JonnyPops states that some of these defenses may be ordinary defenses rather than affirmative defenses, and that it is including such defenses for the avoidance of doubt.

1. FIRST AFFIRMATIVE DEFENSE:  GoodPop's Complaint fails to state a claim upon which relief may be granted.

2. SECOND AFFIRMATIVE DEFENSE:  GoodPop's claims are barred by the doctrine of estoppel.

3. THIRD AFFIRMATIVE DEFENSE:  GoodPop's claims are barred by the doctrine of laches.

4. FOURTH AFFIRMATIVE DEFENSE:  GoodPop's claims are barred by the doctrines of unclean hands and/or *in pari delicto*.

5. FIFTH AFFIRMATIVE DEFENSE:  GoodPop's claims are barred by the doctrine of waiver.

6. SIXTH AFFIRMATIVE DEFENSE:  GoodPop's claims are barred in whole or in part because the JonnyPops statements alleged to be misleading and/or deceptive are mere puffery and/or are not misleading or deceptive.

7. SEVENTH AFFIRMATIVE DEFENSE:  GoodPop's claims are barred in whole or in part because there is no evidence that consumers were misled by JonnyPops' advertising.

8. EIGHTH AFFIRMATIVE DEFENSE:  GoodPop's claims are barred in whole or in part

because GoodPop's injuries or damages, if any, were directly and proximately caused and contributed to by GoodPop's own conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct.

9. NINTH AFFIRMATIVE DEFENSE:  GoodPop's claims are barred in whole or in part because JonnyPops is not liable for the acts of others over whom it has no control and/or with whom it has no agency relationship.

10. TENTH AFFIRMATIVE DEFENSE:  Some or all of the relief sought by GoodPop is barred because GoodPop has failed to establish irreparable harm.

11. ELEVENTH AFFIRMATIVE DEFENSE:  GoodPop seeks to recover lost profits or damages that are completely speculative in nature.

12. RESERVATION OF RIGHTS AND ADDITIONAL DEFENSES:  JonnyPops reserves all defenses, including affirmative defenses, under Federal Rule of Civil Procedure 8(c), the Lanham Act, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action.

## COUNTERCLAIMS

Pursuant to Fed. R. Civ. P. 13, JonnyPops brings these Counterclaims against GoodPop, and alleges as follows:

## NATURE OF THE ACTION

1.      From humble beginnings—a group of college freshmen making pops in their college dorm room and selling them at Minnesota farmers' markets—JonnyPops has steadily grown into a successful national brand with considerable revenue.  The company's rapid expansion is a testament to the quality of its products and its commitment to using simple ingredients that consumers trust.

2.      JonnyPops believes in being open and transparent with consumers—making its products from a small number of ingredients conspicuously displayed on its packaging, which ordinary people can easily understand.

3.      JonnyPops' success has never come at the expense of its mission—to make "A Better Pop, for A Better World."  The company is built around a deep belief in the value of sharing kindness. Every JonnyPops stick is printed with a good deed—"hold a door for a stranger," "recycle a soda can"—and the company has a "Kindness is Golden" program that rewards customers for doing good deeds.  JonnyPops also prepares and publishes free learning materials and teaching plans that promote acts of kindness in schools across the country.

4.      In addition, JonnyPops gives back to the community directly.  JonnyPops has donated a portion of its proceeds to nonprofit organizations that support those who struggle with addiction, and in 2024 alone, the company donated a half million pops to community events, non-profit organizations, and schools.

5.      Unfortunately, as it has grown and become more and more successful, JonnyPops has attracted the ire of GoodPop, a competitor that has significantly lagged behind JonnyPops in the marketplace, and that has chosen to improperly lash out at JonnyPops—first, by disparaging JonnyPops' products to consumers, distributors, and retailers, and then, when those efforts failed, by bringing this lawsuit in an effort to impede JonnyPops' success.

6.      The hypocrisy at the center of this lawsuit is that GoodPop has routinely engaged in the conduct of which it accuses JonnyPops.  In its Complaint, GoodPop alleges that JonnyPops falsely

17

advertises its products in many of the same ways that GoodPop routinely advertises its own products. JonnyPops moved to dismiss the Complaint on the ground that GoodPop's allegations failed to state a claim, but the Court denied the Motion, allowing GoodPop's claims to move forward. Although JonnyPops denies that its advertising practices are deceptive or misleading in any way, if the Court or the jury ultimately finds otherwise, then GoodPop, through its use of comparable advertising practices, has also made misleading and deceptive statements to consumers, thereby harming JonnyPops and, in fairness, subjecting it to liability under the Lanham Act and California law.

7. To be sure, GoodPop cannot possibly believe in good faith that the advertising practices identified in its Complaint are unlawful. The reason is plain: GoodPop itself engages in materially identical practices. This is evidence enough that GoodPop has brought this lawsuit not to vindicate any wrong, but to harm JonnyPops and impede the success of a key competitor. Numerous examples illustrate GoodPop's hypocrisy:

8. *First*, GoodPop complains that JonnyPops deceives consumers by including on its packaging images of fruit that are purportedly not actual ingredients in its products. Complaint ¶¶ 2, 3, 6. Yet GoodPop routinely does exactly the same thing, and has for many years.

9. *Second*, GoodPop complains that JonnyPops uses cane sugar to sweeten some of its products. *Id*. ¶¶ 7, 29, 41. Yet many GoodPop products are sweetened with cane sugar and some contain as much as 14 grams of cane sugar per serving—despite GoodPop claiming unequivocally on its website that its products "never have … refined sugars."[1]

10. *Third*, GoodPop alleges that consumers have been deceived into thinking that a JonnyPops product is made mostly of fruit because the word "fruit" appears in the product's name. *Id*. ¶¶ 2, 7, 9, 39, 40. If that were true, then GoodPop's product names are misleading and deceptive because GoodPop routinely names its products after fruits that are not the exclusive or even the most prominent ingredients in those products.

---

[1] Ex. 1, GoodPop, "Nothing Artificial," https://goodpop.com/about/ingredients/, last accessed Mar. 30, 2025.

11.     *Fourth*, GoodPop alleges that consumers have been misled and deceived by JonnyPops' prominent use of the "USDA Organic" symbol on its packaging. *Id.* ¶ 30. But if that were true, then GoodPop's packaging would be misleading and deceptive as well because GoodPop makes prominent use of the "USDA Organic" symbol on its packaging.

12.     *Fifth*, GoodPop complains that JonnyPops should not be advertising its products with added sugars to children and their parents because young children "have virtually no room in their diet for added sugars." *Id.* ¶ 12. Yet GoodPop's website, marketing materials, and social media account are replete with images of young children consuming GoodPop's most sugary products. Indeed, GoodPop's website and Instagram account use images of smiling children to advertise GoodPop's Strawberry Lemonade Pops, which contain 12g of added sugar; its Fudge and Vanilla Squares, which contain 9g of added sugar; its Double Chocolate Fudge Pops, which contain 9g of added sugar; its Orange n' Cream Pops, which contain 8g of added sugar; its Fudge n' Caramel Crunch Pops, which contain 8g of added sugar; and its Mint n' Fudge Chip Pops, which contain 6g of added sugar. GoodPop even targets children with its Disney Mickey Mouse Pops—which contain 8g of added sugar. That product is shaped like Mickey Mouse, and the packaging is covered in images of the beloved character. These efforts to market their own sugar-containing products to children further highlight GoodPop's hypocrisy in bringing this lawsuit.

19

 goodpop ✔     ...



Liked by **pipers.cat.sanctuary** and **others**
**goodpop** Eye spy a creamy sweet treat that won't
break any dietary needs. 😋

## NUTRITION FACTS ˅

| Serving Size | 1 Square | % DV |
|---|---|---|
| Calories | 130 | |
| Total Fat | 9g | 12% |
| Saturated Fat | 5g | 25% |
| Trans Fat | 0g | |
| Cholesterol | 0mg | 0% |
| Sodium | 25mg | 1% |
| Total Carb. | 13g | 5% |
| Dietary Fiber | 1g | 4% |
| Total Sugars | 10g | |
| Incl. Added Sugars | 9g | 18% |
| Protein | 1g | |
| Vitamin D | 0mcg | 0% |
| Calcium | 0mg | 0% |
| Iron | 0mg | 0% |
| Potassium | 0mg | 0% |



## NUTRITION FACTS ˅

| Serving Size | Per 1 Pop | |
|---|---|---|
| Calories | 130 | |
| Total Fat | 9g | 12% |
| Saturated Fat | 6g | 30% |
| Trans Fat | 0g | |
| Cholesterol | 0mg | 0% |
| Sodium | 40mg | 2% |
| Total Carb. | 13g | 5% |
| Dietary Fiber | 2g | 7% |
| Total Sugars | 9g | |
| Incl. Added Sugars | 9g | 18% |
| Protein | 2g | |
| Vitamin D | 0mcg | 0% |
| Calcium | 0mg | 0% |
| Iron | 1mg | 6% |
| Potassium | 110mg | 2% |



**NUTRITION FACTS** ˅

| Serving Size | Per 1 Pop | |
|---|---|---|
| Calories | 130 | |
| Total Fat | 9g | 12% |
| Saturated Fat | 7g | 35% |
| Trans Fat | 0g | |
| Cholesterol | 0mg | 0% |
| Sodium | 55mg | 2% |
| Total Carb. | 12g | 4% |
| Dietary Fiber | 1g | 4% |
| Total Sugars | 9g | |
| Incl. Added Sugars | 8g | 16% |
| Protein | 1g | |
| Vitamin D | 0mcg | 0% |
| Calcium | 0mg | 0% |
| Iron | 0.5mg | 2% |
| Potassium | 0mg | 0% |



**NUTRITION FACTS** ˅

| Serving Size | Per 1 pop | |
|---|---|---|
| Calories | 80 | |
| Total Fat | 4.5g | 6% |
| Saturated Fat | 3.5g | 18% |
| Trans Fat | 0g | |
| Cholesterol | 0mg | 0% |
| Sodium | 30mg | 1% |
| Total Carb. | 9g | 3% |
| Dietary Fiber | 0g | 0% |
| Total Sugars | 7g | |
| Incl. Added Sugars | 6g | 12% |
| Protein | <1g | |
| Vitamin D | 0mcg | 0% |
| Calcium | 0mg | 0% |
| Iron | 0mg | 0% |
| Potassium | 0mg | 0% |



**NUTRITION FACTS** ˅

| Serving Size | Per 1 Pop | |
|---|---|---|
| Calories | 100 | |
| Total Fat | 7g | 9% |
| Saturated Fat | 5g | 25% |
| Trans Fat | 0g | |
| Cholesterol | 0mg | 0% |
| Sodium | 25mg | 1% |
| Total Carb. | 10g | 4% |
| Dietary Fiber | <1g | 3% |
| Total Sugars | 8g | |
| Incl. Added Sugars | 8g | 16% |
| Protein | 1g | |
| Vitamin D | 0mcg | 0% |
| Calcium | 0mg | 0% |
| Iron | 0mg | 0% |
| Potassium | 0mg | 0% |



**goodpop** ✔    ...

♡ ○ ◁                                    ⛶

Liked by **simplicityjuice** and **others**

**goodpop** The best after-school memories are sandwiched between play time and snack time. And the best snacks are sandwiched between two chocolate cookies. 😋

**NUTRITION FACTS** ⌄

| Serving Size | 1 Sandwich | % DV |
|---|---|---|
| Calories | 100 | |
| Total Fat | 4g | 5% |
| Saturated Fat | 2.5g | 13% |
| Trans Fat | 0g | |
| Cholesterol | 0mg | 0% |
| Sodium | 95mg | 4% |
| Total Carb. | 15g | 5% |
| Dietary Fiber | 1g | 4% |
| Total Sugars | 8g | |
| Incl. Added Sugars | 8g | 16% |
| Protein | 2g | |
| Vitamin D | 0mcg | 0% |
| Calcium | 0mg | 0% |
| Iron | 1.1mg | 6% |
| Potassium | 0mg | 0% |





**goodpop**

♡ 💬 5 ✈

View likes

**goodpop** Your junior's new favorite pop, approved by parents! 😋 Junior Pops are have all the good, without the added junk ...



**goodpop** · Original audio

pov: you call the GoodPop popline for the first time



**goodpop**

♡ 💬 4 ✈

Liked by **noshandnourish** and **others**

**goodpop** Love love love that we can offer a deliciously juicy GOOD pop without the added junk! This is why we do what we do. 😌 ...



**goodpop**

♡ 💬 3 ✈

Liked by **ghostly.x** and **others**

**goodpop** Snack to school essential for your junior! 🍓 Junior Pops check all the boxes:
✅ 100% fruit juice ...



**goodpop** • Follow

**goodpop** 🍦 Pop cheers to warmer temps and watermelon! 🍉
58w

**saladatea** 🎉🎉🎉
57w  1 like  Reply
—— View replies (1)

**saladatea** 🎉🎉🎉
57w  Reply

**stayneversink** 💚😊
58w  1 like  Reply

♡ 💬 ✈

Liked by **succulentnative** and **others**
February 16, 2024

Log in to like or comment.



13.      By representing—through various channels, including on its product packaging, website, and social media accounts—that GoodPop's products contain "no refined sugars," contain the whole fruits depicted on the packaging of its products, are healthy for young children, and are "better

for you," GoodPop has achieved its intended goal of increasing its sales and profits by deceiving consumers about the nature, characteristics, and nutritional content of GoodPop's products, which compete directly with JonnyPops' products. GoodPop has duped consumers into thinking that its products are nutritionally superior to other ice pops, including JonnyPops' products, when in fact many of them contain significant amounts of added sugar.

14.    What is more, while GoodPop holds itself out as a company that sells healthy, natural products—indeed, its website proclaims that the company uses "nothing artificial" in its products[2]—its actions show otherwise. Just last year, GoodPop created, marketed, and sold a new product called "Fudge n' Vanilla French Fry Pop," which is a vanilla ice-cream bar coated in Ore-Ida French Fries, dipped in chocolate, and containing artificial, processed ingredients, as well as high quantities of sodium, saturated fat, and sugar:



15.    GoodPop's consumers condemned the Fudge n' Vanilla French Fry Pop product, citing, among other concerns, its artificial, processed ingredients, including vegetable oils, "caramel color," and sodium acid pyrophosphate, a synthetic additive. GoodPop's brand strategy is premised on challenging the artificial ingredients used by "Big Food" companies; indeed, GoodPop's website

---

[2] Ex. 1, GoodPop, "Nothing Artificial," https://goodpop.com/about/ingredients/, last accessed Mar. 30, 2025.

proudly proclaims that the company uses "nothing artificial."[3]  Yet when the opportunity presented itself to sell unhealthy products with artificial ingredients, GoodPop did so.

16.     Based on the foregoing conduct (which is alleged in more detail below), and if the Court or jury finds in GoodPop's favor on its affirmative claims against JonnyPops, then JonnyPops is entitled to damages against GoodPop and injunctive relief enjoining further dissemination of GoodPop's false and deceptive advertising, under Section 43(a)(1)(B) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B)), the California False Advertising Law (Cal. Bus. & Prof. Code § 17500) ("FAL"), and the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200) ("UCL").

## JURISDICTION AND VENUE

17.     The Court has jurisdiction over JonnyPops' Lanham Act counterclaims pursuant to 28 U.S.C. § 1331.

18.     This Court has jurisdiction over JonnyPops' state law claims pursuant to 28 U.S.C. § 1338(b), in that those claims are joined with substantial and related claims under the Lanham Act, and supplemental jurisdiction over those state law claims pursuant to 28 U.S.C. § 1367(a), in that all of JonnyPops' claims arise out of a common nucleus of operative facts.

19.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because GoodPop resides in this District.

## PARTIES

20.     JonnyPops is a Minnesota limited liability company with its headquarters in Elk River, Minnesota.  JonnyPops markets, distributes, and sells a range of cream-based and dairy-free ice pops.

21.     GoodPop is a Texas corporation, with its principal place of business in Austin, Texas. GoodPop markets, distributes, and sells ice pops through grocery stores, mass retailers, and online retailers.

---

[3] Ex. 1, GoodPop, "Nothing Artificial," https://goodpop.com/about/ingredients/, last accessed Mar. 30, 2025.

## FACTUAL BACKGROUND

### A. JonnyPops is Founded by Erik Brust and Connor Wray

22.     In 2007, Erik Brust, then a teenager, traveled to North Carolina for a family wedding, where he spent time with his cousin and close friend, Jonathan Jeffrey.  The two reminisced about the nostalgic ice cream treats they ate as children, and how different those delicious, high-quality products were from those most often available at grocery stores.  They resolved to build a socially responsible business that would make simple and delicious frozen treats.  Before Jonathan could see his dream become a reality, he passed away after a struggle with addiction.

23.     Years later, in 2011, Erik met Connor Wray at St. Olaf College in Minnesota, where they were both freshmen.  Together with their friends, they rekindled the idea that inspired Erik and Jonathan years before.  They began to make "smoothies on a stick" in their dorm room, using blenders and real ingredients, and they named their frozen treats "JonnyPops," a tribute to Jonathan.  They sold their pops at local markets, often getting up at 3 a.m. to join Minnesota farmers selling their wares.

24.     From the beginning, Erik and Connor were determined to make products with only a few simple ingredients, and no artificial sweeteners, colors, or preservatives.  Erik had a close family member with a peanut allergy, and he was determined to make products in a peanut-free facility, with non-GMO and dairy-free alternatives for food-sensitive customers.  In Jonathan's memory, they resolved to contribute to organizations that provide addiction-recovery services and to inspire their consumers to make a positive impact in their communities with the mission of making "A Better Pop, for A Better World®."  From the company's earliest days, this mission guided the development of JonnyPops' products; Erik and Connor decided to print a "good deed" on every stick to encourage the company's customers to pay it forward and make their community a better place.

25.     After Erik and Connor graduated from college in 2014, they found a space where they could produce larger quantities of their pops, and their small business expanded.  In 2014, as they graduated from college, they signed their first contract with a major retailer, and by 2015, their products could be found in grocery stores and markets across Texas, the Midwest, California, and Florida.

27

26.     Their manufacturing facilities expanded too.  From humble beginnings making small batches of pops in their dorm kitchen, they graduated to a dedicated production facility in St. Louis Park, Minnesota, where they also began building a full-time team of dedicated employees to facilitate their growth.  JonnyPops has always been committed to building up in-house manufacturing capabilities to facilitate the development of innovative products and ensure consistent product quality. The company now employs over 150 people, continues to produce all of its frozen products within its own manufacturing facilities, and sells its products through many major retailers nationwide, including Sprouts, Whole Foods, Costco, Target, and Kroger.  In 2018, Erik and Connor were named to Forbes' 30 under 30 list of young entrepreneurs.

27.     Over time, JonnyPops has continued to evolve as a company and develop new lines of products.  Today, JonnyPops produces more than 20 different kinds of frozen pops, including cream-based and dairy-free products.

### B. GoodPop Faces Consumer Complaints and Lawsuits

28.     GoodPop, by contrast, has faced significant criticism because the quality of its products—and the ingredients it uses—fall short of its customers' expectations.  Some GoodPops customers reported that the ice pops arrived with a brown or strange color.  Others found the taste to be bland or lacking in flavor.  Still others reported issues with the products' texture, including ice pops that did not freeze well or had an icy texture.  Some flavors, like the Chocolate Fudge Pops, were criticized for having a strange, protein powder-like taste and texture.  And customers complained about the high prices they were paying for such poor-quality pops.

29.     Customer concerns about the quality of GoodPop's existing products were compounded when GoodPop attempted to increase its market share by pivoting to new products, including a Hibiscus Mint Pop, with 14 grams of added sugar; a Strawberry Lemonade Pop, with 12 grams of added sugar; a Strawberry Shortcake Pop, with 10 grams of added sugar; and a Fudge n' Vanilla Crunch Pop, with 7 grams of saturated fat (35% of the recommended daily intake for adults).

30.     Then, in mid-2024, GoodPop partnered with the Ore-Ida Company, which produces processed French fries and tater tots that are high in sodium, saturated fat, processed sugars, and

various non-organic, genetically modified food additives.  Working closely with Ore-Ida, GoodPop created a new product, Fudge n' Vanilla French Fry Pop—a vanilla ice-cream bar coated in Ore-Ida French Fries, dipped in chocolate, and containing high quantities of sodium, saturated fat, and sugar. GoodPop's consumers condemned the product, citing, among other concerns, its artificial, processed ingredients, including vegetable oils, "caramel color" and sodium acid pyrophosphate, a synthetic additive.  GoodPop's entire brand strategy is premised on challenging the artificial ingredients used by "Big Food" companies; indeed, GoodPop's website proudly proclaims that the company uses "nothing artificial."[4]  Yet when the opportunity presented itself to make money by selling unhealthy products with artificial ingredients, GoodPop took it. Unsurprisingly, the Ore-Ida partnership severely damaged GoodPop's standing with its customers.







---

[4] Ex. 1, GoodPop, "Nothing Artificial," https://goodpop.com/about/ingredients/, last accessed Mar. 30, 2025.

31.   In December 2024, Missouri consumers launched a class action lawsuit against GoodPop, alleging that it had engaged in misleading and deceptive conduct by repeatedly claiming that its ice pops were "100% fruit juice" and contained "no added sugar," even though the products consist largely of fruit-juice concentrate (which, the consumers alleged, the United States Food and Drug Administration considers a form of added sugar) and other additives, such as guar gum and malic acid.[5]   The lawsuit, which remains pending, seeks disgorgement of GoodPop's revenue, restitution, and other relief.

### C. GoodPop Moves to Block JonnyPops' Expansion

32.   Instead of fixing the problems that customers had identified with its products, GoodPop responded by lashing out at its competitors, including JonnyPops.   On information and belief, GoodPop began to tell JonnyPops' retailers and distributors that JonnyPops' products were harmful and unhealthy, and that its packaging and marketing materials were misleading—even though, as detailed above, GoodPop itself has routinely engaged in much of the same conduct of which it accused JonnyPops.

33.   In a further effort to disparage JonnyPops, GoodPop sent—and then widely publicized—a letter to its customers in March 2024 that attempted to draw attention to a now-dismissed lawsuit brought against JonnyPops in California.   The letter repeated the California complaint's unproven and incorrect allegations that JonnyPops was "deceptively marketing its products to kids— with imagery of fresh fruit and words like 'simple' and 'wholesome' across their packaging—despite the fact that its primary ingredients and nearly all of its nutrition content is just added sugar."[6]

34.   Shortly thereafter, in June 2024, GoodPop commenced this lawsuit, claiming that JonnyPops had engaged in false advertising in violation of the Lanham Act and California law.   On information and belief, GoodPop has actively publicized the lawsuit through various channels, with

---

[5] Complaint, *Pantano et al v. GoodPop, Inc.*, Dec. 10, 2024 (Cir. Ct. St. L, County), 2422-CC11698.

[6] Complaint ¶ 36, extracting letter from GoodPop to customers, Mar. 20, 2024.

the intention of bringing its allegations to the attention of JonnyPops' consumers and customers, including JonnyPops' retailer and distributor partners.

### D.  GoodPop's Misleading Marketing Campaign

35.    Throughout the course of GoodPop's campaign to discredit JonnyPops and its products, GoodPop has, as detailed above, engaged in the very behavior that the Complaint describes as deceptive and misleading.

36.    Although JonnyPops disputes GoodPop's claims that its advertising practices are deceptive or misleading, if the Court or the jury ultimately agrees with GoodPop, then GoodPop, through its use of the same advertising practices, has itself made misleading and deceptive statements to consumers.  If the Court or the jury reaches such a finding against JonnyPops, then the following statements by GoodPop are necessarily misleading and deceptive as well:

a.  GoodPop's website claims that, "[i]f it's a GoodPop, it'll never have . . . refined sugars."[7] However, many of GoodPop's products contain cane sugar, which is almost always refined to some extent.  These products include the Disney Mickey Mouse Fudge 'n' Vanilla Pop; the Neapolitan Pop; the Fudge 'n' Vanilla Crunch Pop; the Fudge 'n' Caramel Crunch Pop; the Orange n' Cream Pop; the Strawberry Lemonade Pop; the Hibiscus Mint Pop; the Strawberry Shortcake Pop; and the Chocolate Vanilla Sandwiches.[8]

b.  GoodPop's website also claims that "[t]he fruit in GoodPops is real and really good!  We use real, whole fruits, juices and purees."[9]  However, the Disney Mickey Mouse Fudge 'n' Vanilla Pop; the Fudge 'n' Vanilla Crunch Pop; the Fudge 'n' Caramel Crunch Pop; and the Chocolate Vanilla Sandwiches do not contain any whole fruits, juices or purees.  And other products, including the Cherry n' Lemonade Pop and Star Wars Green Apple Lightsaber Pops, consist largely of fruit-juice concentrates and other additives, rather than whole fruits, juices or purees.

---

[7] Ex. 1, GoodPop, "Nothing Artificial," https://goodpop.com/about/ingredients/, last accessed Mar. 30, 2025.

[8] *See* Ex. 2.

[9] Ex. 1, GoodPop, "Real Fruit," https://goodpop.com/about/ingredients/, last accessed Mar. 30, 2025.

c.  GoodPop claims that by using images of children in its advertising, JonnyPops gives consumers the misleading impression that its products are healthy for children.  However, GoodPop routinely uses images of children to advertise its most sugary products, including its Strawberry Lemonade Pops, which contain 12g of added sugar;[10] its Fudge and Vanilla Squares, which contain 9g of added sugar; its Double Chocolate Fudge Pops, which contain 9g of added sugar; its Orange n' Cream Pops, which contain 8g of added sugar; its Fudge n' Caramel Crunch Pops, which contain 8g of added sugar; and its Mint n' Fudge Chip Pops, which contain 6g of added sugar.[11]  GoodPop also targets children with its Disney Mickey Mouse Pops—which contain 8g of added sugar.[12]  That product is shaped like Mickey Mouse, and the packaging is covered in images of the beloved character.[13]

d.  GoodPop's Complaint alleges that it conducted a consumer survey finding that a majority of consumers were deceived into thinking that JonnyPops' products contain the fruit that is depicted on the front of JonnyPops' packaging.  *See* Compl. ¶ 9.  If that were true, then the survey would also show that GoodPop's packaging is misleading and deceptive because GoodPop's packaging displays images of fruit that are not the exclusive or even primary ingredients of its products.

e.  Likewise, GoodPop alleges that a majority of consumers were deceived into thinking that one of JonnyPops' products is made mostly of fruit because the word "fruit" appears in the product's name.  *Id*.  If that were true, then the survey would also show that GoodPop's product names are misleading and deceptive because GoodPop routinely names its products after fruits that are not the exclusive or even the most prominent ingredients in those products (*e.g.*, the Cherry n' Lemonade Pop and the Strawberry Shortcake Pop).

---

[10] The cited version of the Strawberry Lemonade Pops was pulled from GoodPop's website on July 8, 2024.

[11] *See* Ex. 3.

[12] *See id*.

[13] *See id*.

32

f.  GoodPop also alleges that consumers have been misled and deceived by JonnyPops' prominent use of the "USDA Organic" symbol on its packaging. *Id.* ¶ 30.  But if that were true, then GoodPop's packaging would be misleading and deceptive in precisely the same way because it makes prominent use of the "USDA Organic" symbol on its packaging, too.

37.    If JonnyPops' advertising practices are found to be misleading, then GoodPop's claims about its products, combined with its zealous attempts to cast JonnyPops' similar practices as unlawful, give the misleading impression that those products are nutritionally superior to other ice pops, including JonnyPops' ice pops, even though they are often high in refined added sugars and do not contain the whole fruits depicted on their packaging.

38.    GoodPop has targeted consumers of JonnyPops' products through their false and misleading advertisements, and in doing so, has secured substantial sales to the detriment of JonnyPops.  Indeed, GoodPop's sales have "grown every year" and, over time, GoodPop has "expanded its reach . . . to national stores like Whole Foods, Costco, and Walmart."  Complaint ¶ 3.

## CAUSES OF ACTION

### Count I – False and Deceptive Advertising
### (15 U.S.C. § 1125(a)(1)(B))

39.    JonnyPops incorporates and realleges by reference the allegations above, as if fully set forth herein.

40.    Although JonnyPops disputes GoodPop's claim that it has engaged in false and deceptive advertising, if the Court or the jury ultimately agrees with GoodPop that JonnyPops' practices are misleading or deceptive, then GoodPop's marketing and advertising of its ice pop products, which compete directly with JonnyPops' products, would constitute false and deceptive advertising under the Lanham Act.

41.    GoodPop has made, and continues to make, false and deceptive statements and claims about its products by representing to current and potential consumers, retailers, and distributors—in marketing materials, on its website, and on its packaging—that GoodPop's products contain "no refined sugars," contain the whole fruits depicted on the packaging of its products, are healthy for

children, and are "better for you."  GoodPop knew or should have known that its advertising claims have not been substantiated and, in any event, are false and deceptive.

42.     GoodPop's statements constitute commercial advertising or promotion within the meaning of the Lanham Act.

43.     GoodPop's false and deceptive advertising statements and claims have a tendency to confuse, mislead, and deceive a substantial segment of its audience as to the nature, characteristics, and qualities of their ice pop products.

44.     GoodPop's false and deceptive advertising statements and claims are material in that they are likely to influence, and have influenced, consumer purchasing decisions.

45.     GoodPop placed these false and deceptive advertising statements and claims in interstate commerce by disseminating their representations nationwide.

46.     As a direct and proximate result of GoodPop's deceptive acts, JonnyPops has been damaged, and will continue to be damaged, in an amount that will be ascertained according to proof. JonnyPops' damages include actual damages in the form of the diminished goodwill of the JonnyPops brand and its products; lost profits stemming from reduced demand for JonnyPops' products caused by GoodPop's false and deceptive advertising; the disgorgement of any profits that GoodPop has unfairly realized, retained, or gained through their unlawful conduct in the course of its false and deceptive marketing campaigns; and the costs of this action.  JonnyPops will continue to suffer injury to the goodwill of its brand and to its business associated with the sale of JonnyPops' products unless and until GoodPop and any others in active concert with GoodPop are enjoined from continuing their wrongful acts.

47.     GoodPop has engaged in false and deceptive advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

48.     On information and belief, GoodPop has engaged in this activity knowingly, willfully, and in bad faith, justifying the assessment of enhanced damages.

49.     GoodPop's acts make this an exceptional case under 15 U.S.C. § 1117(a), and JonnyPops is accordingly entitled to an award of its attorneys' fees and costs.

## Count II – Violations of California's False Advertising Law
### (Cal. Bus. & Prof. Code § 17500 *et seq.*)

50.     JonnyPops incorporates and realleges by reference the allegations above, as if fully set forth herein.

51.     The California False Advertising Law ("FAL") makes it "unlawful for any person … to make or disseminate or cause to be made or disseminated before the public in this state, . . . [in] any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or those services, professional or otherwise, or . . . performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.

52.     Although JonnyPops disputes GoodPop's claim that it has engaged in false and deceptive advertising, if the Court or the jury ultimately agrees with GoodPop that JonnyPops' practices are misleading or deceptive, then GoodPop has committed acts of false and misleading advertising, as defined by the FAL.  GoodPop has made, and continues to make, false and misleading statements and claims about its products by representing to current and potential consumers, retailers, and distributors—in marketing materials, on its website, and on its packaging—that its products contain "no refined sugars," contain the whole fruits depicted on the packaging of its products, are healthy for young children, and are "better for you."  GoodPop knew or should have known that its advertising claims have not been substantiated and, in any event, are false and deceptive.

53.     GoodPop knew or should have known, through the exercise of reasonable care, that its representations were false and misleading and likely to deceive consumers and cause them to purchase GoodPop's ice pop products.

54.     GoodPop's wrongful conduct is ongoing and part of a general practice that is being perpetuated and repeated throughout the State of California and nationwide.

55.     As a direct and proximate result of GoodPop's deceptive acts, JonnyPops has been damaged and will continue to be damaged by GoodPop's unlawful, unfair, and fraudulent business

practices.  Accordingly, JonnyPops is entitled to an injunction prohibiting GoodPop from continuing its practices in violation of the FAL, as described above.

**Count III – Violations of California's Unfair Competition Law**
**(Cal. Bus. & Prof. Code § 17200 *et seq.*)**

56.    JonnyPops incorporates and realleges by reference the allegations above, as if fully set forth herein.

57.    The UCL broadly prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.  GoodPop's acts, as described above, constitute unlawful, unfair, and fraudulent business practices pursuant to California Business & Professions Code § 17200 *et seq*.

58.    Although JonnyPops disputes GoodPop's claim that it has engaged in unlawful and unfair conduct, if the Court or the jury ultimately agrees with GoodPop that JonnyPops has engaged in unlawful or unfair conduct, then GoodPop (i) has engaged in unlawful conduct by virtue of its promotion and sale of its ice pops through means of false advertisements in violation of Section 43(a) of the Lanham Act and the FAL, and (ii) has engaged in unfair conduct by impairing competition within the market for ice pops because its false and misleading advertising claims have prevented consumers from making fully-informed decisions regarding the ice pops they wish to purchase, and deceived consumers into buying GoodPop's products instead of other ice pops, such as JonnyPops' products.

59.    GoodPop has engaged in fraudulent conduct because its material misrepresentations regarding its ice pops are likely to deceive a reasonable consumer, and the true facts would be material to a reasonable consumer.

60.    GoodPop's wrongful conduct is ongoing and part of a general practice that is still being perpetuated and repeated throughout the State of California and nationwide.

61.    As a direct and proximate result of GoodPop's deceptive acts, JonnyPops has been damaged and will continue to be damaged by GoodPop's unlawful, unfair, and fraudulent business practices.  Accordingly, JonnyPops is entitled to an injunction prohibiting GoodPop from continuing its practices in violation of the UCL, as described above.

## PRAYER FOR RELIEF

WHEREFORE, JonnyPops seeks a judgment against GoodPop, as follows:

a.  An injunction enjoining GoodPop, and any person or entity acting in concert with GoodPop, from continuing to make false and/or misleading representations of fact about its ice pop products, or otherwise unfairly competing with JonnyPops in any manner whatsoever, or engaging in any unfair, fraudulent, or deceptive business practices that relate in any way to the marketing and advertising of GoodPop's ice pop products;

b.  An order directing GoodPop to file with the Court and serve upon JonnyPops' counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which GoodPop has complied with the injunction;

c.  An order finding that, by the acts complained of herein, GoodPop has engaged in false advertising in violation of 15 U.S.C. § 1125(a)(1)(B);

d.  An order finding that, by the acts complained of herein, GoodPop has engaged in false and misleading advertising in violation of California Business & Professions Code § 17500;

e.  An order finding that, by the acts complained of herein, GoodPop has engaged in unfair competition and acts of unfair and deceptive business practices in violation of California Business & Professions Code § 17200;

f.  An order that GoodPop must pay and provide for appropriate corrective advertisements;

g.  An order awarding JonnyPops damages, in an amount to be fixed by the Court in accordance with proof, as well as all of GoodPop's profits or gains of any kind from its acts of false advertising and unfair business practices; and further for an order that such acts were willful, thereby justifying an award of treble or enhanced or exemplary damages pursuant to 15 U.S.C. § 1117;

h.  An order awarding JonnyPops its costs and expenses of suit, including all reasonable attorneys' fees it has incurred and will incur in this matter;

i.  An order awarding JonnyPops prejudgment and post-judgment interest; and

j.  An order awarding JonnyPops such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Counter-Plaintiff JonnyPops respectfully demands a trial by jury on all matters so triable.

Dated:  March 31, 2025

Respectfully submitted,

By:  /s/ *Steven N. Feldman*

Jeffrey G. Homrig (Texas Bar No. 24129988)
Latham & Watkins LLP
300 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (737) 910-7344
Fax: (737) 910-7301
jeff.homrig@lw.com

Steven N. Feldman (*pro hac vice*)
New York Bar No. 4775052
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1821
Fax: (213) 891-8763
steve.feldman@lw.com

Gary Feinerman (*pro hac vice*)
Illinois Bar No. 6206906
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 777-7110
Fax: (312) 993-9767
gary.feinerman@lw.com
Attorneys for Defendant Jonny Pops LLC

*Attorneys for Defendant/Counterclaimant Jonny Pops LLC*

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 31, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Leah Bhimani Buratti
TX Bar No. 24064897
BOTKIN CHIARELLO CALAF
leah@bccaustin.com
1209 Nueces Street
Austin, TX 78701

John C. Hueston
CA State Bar No. 164921
jhueston@hueston.com
Sourabh Mishra
CA State Bar No. 305185
smishra@hueston.com
Christine M. Woodin
TX Bar No. 24100051
cwoodin@hueston.com
523 West 6th Street, Suite 400

/s/ *Steven N. Feldman*
Steven N. Feldman