UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AUSTIN'S NATURAL FROZEN POPS, INC., d/b/a GOODPOP, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> JONNY POPS, LLC, <br><br> Defendant/Counter-Plaintiff. | No. 1:24-cv-716-RP |

## APPEAL FROM MAGISTRATE JUDGE'S ORDER

Pursuant to Federal Rule of Civil Procedure 72(a) and Rule 4(c) of Appendix C to the Local Rules, Defendant/Counter-Plaintiff Jonny Pops, LLC ("JonnyPops") respectfully appeals the Magistrate Judge's July 18, 2025 Order (Dkt. 65) (the "Order") (Ex. A hereto), which granted in part and denied in part Plaintiff/Counter-Defendant Austin's Natural Frozen Pops, Inc.'s ("GoodPop") motion to compel. JonnyPops appeals the Order only insofar as it requires JonnyPops to produce documents in response to GoodPop's Request for Production ("RFP") No. 52.

### I.   INTRODUCTION

GoodPop alleges in this false-advertising suit that certain statements and images on JonnyPops' product packages and marketing materials are misleading. (JonnyPops brings parallel counterclaims against GoodPop, Dkt. 31, but the counterclaims are not pertinent here.) GoodPop's Complaint refers to seven of JonnyPops' existing products—all of them ice pops—and alleges that their packaging and marketing materials mislead consumers into believing that the products are healthier and more nutritious than they actually are. *See* Dkt. 1 ¶¶ 37-41. To date, GoodPop has served 78 Requests for Production, and JonnyPops has and will continue to produce documents in

response to nearly all of them.

An exception is RFP No. 52 (the "Request"), which seeks "[a]ll communications and documents relating to any business plans for unreleased products." The Request is extremely broad—it calls for "*all* communications and documents" relating to "*any* business plans" for unreleased products. And the Request is irrelevant—it seeks documents regarding "unreleased" products that, by definition, have not yet been marketed to anybody. As a result, the Request seeks documents that have no bearing on the claims or defenses in this case—which concern whether JonnyPops' *public statements to consumers* about *products that have been released* have misled those consumers and affected their purchasing decisions.

Making matters even worse, RFP No. 52 seeks the most competitively-sensitive material available: a roadmap to JonnyPops' past and present strategic plans and potential future products. During the meet-and-confer process, JonnyPops repeatedly asked GoodPop to provide a rationale or authority supporting such an expansive demand for such competitively sensitive (and irrelevant) material in a false-advertising action brought by a direct competitor. GoodPop never provided any rationale or authority during the meet-and-confer process, nor did it provide any even in its motion to compel or reply brief. Yet the Magistrate Judge overruled JonnyPops' objection to RFP No. 52 in granting GoodPop's motion to compel as to that RFP. *See* Ex. A; 7/18/2025 Tr. (Ex. B hereto) at 65:5-8; *see also id.* at 21:20-22:3; 33:17-35:12; 39:8-40:1; 44:25-45:16.

JonnyPops respectfully objects to that portion, and only that portion, of the Magistrate Judge's ruling, which is clearly erroneous and contrary to law.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On May 20, GoodPop moved to compel production of documents in response to all of its RFPs. *See* Dkt. 39. In doing so, GoodPop inaccurately characterized the scope of RFP No. 52—asserting that it sought "documents 'relating to any business plans for unreleased products,'" when

in fact it sought "*[a]ll communications and documents* relating to any business plans for unreleased products." *Id*. at 5 n.2; GoodPop RFP No. 52 (Feb. 26, 2025) (Ex. C hereto) (emphasis added). GoodPop's motion to compel offered no explanation as to why the documents sought by RFP No. 52 are probative of any issue in this litigation.

In opposing the motion, JonnyPops pointed out that the Request was extremely broad and competitively sensitive, and emphasized that GoodPop's failure to justify its demand for the documents was in itself fatal to the relief sought. *See* Dkt. 47 at 10. In addition, JonnyPops argued that the Request sought documents that are extremely competitively sensitive. *See id*. In its reply, GoodPop did not respond to JonnyPops' arguments regarding the relevance of the documents sought by RFP No. 52, *see* Dkt. 54 at 5, and has never plausibly explained why those documents are probative of any claims or defenses in this case.

On July 18, the Magistrate Judge held argument on GoodPop's motion. Counsel for JonnyPops again argued that the documents sought by RFP No. 52 were extremely competitively sensitive and that GoodPop had never explained their relevance to the claims and defenses in this case. *See* Ex. B at 34:4-8; 45:5-16. When the Court addressed RFP No. 52, GoodPop's counsel conceded that GoodPop's motion to compel and reply brief had not offered any basis in relevance for the documents sought. *Id*. at 39:11-14 ("So I checked for a citation in our motion and there isn't, you know, as candor to the Court in the – in our motion, there isn't a specific basis for this relevance."). However, counsel claimed, "I do think it is highly relevant to – we've requested an injunction so their plans as they're going forward with additional products is relevant to that relief that we've requested." Counsel went on to say this:

> I think it does, potentially, also go to the false advertising claims more generally, how are they designing, marketing. And as we already talked about with respect to other marketing like how are they deciding to market these new products, are they deciding to market products with different ingredients, and then, do – are

3

> they going to market them differently and that will all go to the false advertising for the products that we have targeted.

*Id.* at 39:14-40:1.

In response, counsel for JonnyPops again emphasized that GoodPop had failed to establish the relevance of the documents sought, and had in fact conceded that its motion offered no such basis. *Id*. at 45:7-16. The Magistrate Judge recognized that GoodPop's motion did not set forth any "specific argument tailored to the relevance of these particular plans," *id*. at 65:17-22, but ruled that GoodPop's counsel had done "a sufficient job of explaining" the relevance of RFP No. 52 during the hearing, *id.* The Court proceeded to grant the motion with respect to RFP No. 52.

## III.   LEGAL STANDARD

A district judge "may reconsider any pretrial matter [delegated to a magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "Any party may appeal from a magistrate judge's order determining a motion or matter … within 14 days after issuance of the magistrate judge's order, unless a different time is prescribed by the magistrate judge or a judge." L.R., App'x C, Rule 4(a); *see also* Fed. R. Civ. P. 72(a) (referring to such an appeal as an "objection[]"). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "The clearly erroneous standard applies to the factual components of the magistrate judge's decision." *Librado v. M.S. Carriers, Inc.*, 2004 WL 583602, at *3 (N.D. Tex. Mar. 23, 2004) (citation omitted). The district judge "applies a de novo standard and reverses if the magistrate judge errs in some respect in her legal conclusions." *Id.*

## IV.   ARGUMENT

"On a motion to compel, unless the relevancy of a discovery request is facially clear," the party seeking discovery "must specifically articulate why the request is relevant to the claims or

4

defenses in the case." *Lopez v. State Farm Lloyds*, 348 F.R.D. 419, 422 (W.D. Tex. 2025).  A discovery request is relevant when it "seeks admissible evidence or is reasonably calculated to lead to the discovery of admissible evidence." *Hurdsman v. Gleason*, 2024 WL 2848674, at *3 (W.D. Tex. June 5, 2024).  GoodPop has offered nothing to satisfy that standard.

As an initial matter, GoodPop's motion to compel inaccurately characterized the scope of the Request—asserting that it sought "documents 'relating to any business plans for unreleased products,'" when in fact the Request sought a much broader swath of documents—"*[a]ll communications and documents* relating to any business plans for unreleased products" (emphasis added).  GoodPop did not correct its inaccurate description before the Magistrate Judge.

The true scope of the Request is substantially overbroad, and GoodPop has offered no valid basis in relevance for the documents sought.  Despite serial requests, GoodPop has never provided any authority indicating that a direct competitor asserting claims for false advertising is entitled to obtain "all documents and communications" concerning "any" of its competitor's "business plans for *unreleased* products."  As noted, GoodPop conceded that its motion offered no basis in relevance for this request, and its reply did not either, even though JonnyPops argued in its opposition that the Request was improper.  That was a waiver, and GoodPop's motion to compel as to the Request should have been denied on that ground alone.  *See Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 259 n.4 (5th Cir. 2020) (party's failure to respond to opposing party's argument constituted waiver of the issue).

Even setting aside waiver, the paltry justifications it offered at the hearing are off-base.  First, GoodPop's belated contention that RFP No. 52 is justified by its request for injunctive relief, Ex. B at 39:14-16, is meritless.  GoodPop's Complaint includes a single reference to "[a]ppropriate injunctive relief, including a permanent injunction."  Dkt. 1 ¶ 70.  That single conclusory

5

statement—for which no supporting allegations are offered—cannot automatically unlock full-scale discovery into every facet of JonnyPops' *future* strategic plans, the most competitively-sensitive information held by any business. GoodPop cannot be permitted to create its own pretext for sweeping discovery into irrelevant matters simply by including a single conclusory statement in its Complaint. *See Montgomery v. Barr*, 507 F. Supp. 3d 711, 731-32 (N.D. Tex. 2020) (explaining that federal pleading rules do not "swing wide the doors of discovery for a plaintiff armed with nothing more than conclusions"). Moreover, the Request on its face encompasses products that JonnyPops may in the *past* have considered releasing—but never ultimately released. Such products have no conceivable bearing on GoodPop's claim for injunctive relief—if the products were never released, there is nothing to enjoin.

Second, GoodPop's claim that the documents sought by RFP No. 52 are relevant because they concern how GoodPop is "designing, marketing," and "deciding to market products with different ingredients," Ex. B at 39:22-24, also has no merit. GoodPop has requested—and JonnyPops has produced—many categories of documents relating to JonnyPops' design and marketing for its products, and many categories of documents regarding its decision making concerning such design and marketing. *See, e.g.*, Ex. C at RFP No. 14 ("All Marketing Materials for JonyPops Ice Pops"); *id.* at RFP No. 16 ("All Communications and Documents concerning Your decision to Market Your products, including the JonnyPops Ice Pops, with or without images of fruit"); *id.* at RFP No. 34 ("All Communications and Documents exchanged with any Person involved in the manufacture, distribution, design, research, sale, and/or marketing of Your products, including JonnyPops Ice Pops"). It is beyond comprehension why GoodPop needs every document relating to every business plan for every *unreleased* product to obtain information pertinent to what JonnyPops has actually done in the market.

Third, GoodPop's claim that it needs the documents to determine how JonnyPops is "going to market [its products] differently," Ex. B at 39:24, is likewise misplaced. As noted above, the Request encompasses every product that JonnyPops has ever *considered* releasing, even if it ultimately was not or has not yet been. That would include products that are not ice pops—and therefore not at issue in this case. That makes no sense in light of the claims and defenses in this case. What is at issue here is whether JonnyPops' public statements to consumers about products that it has *actually* released misled those consumers and changed their purchasing decisions. *See Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1384 (5th Cir. 1996) (a "commercial advertisement" is not actionable under the Lanham Act unless it was "disseminated sufficiently to the relevant purchasing public"). If JonnyPops considered releasing a product, but did not ultimately release it or has not yet released it, then that unreleased product was never presented to consumers—and was never capable of misleading consumers or changing their purchasing decisions.

Finally, GoodPop's failure to justify its need for the documents sought is all the more troubling given the broader commercial context of this case. GoodPop and JonnyPops are direct competitors. The requested materials are some of the most competitively sensitive available: they would provide a roadmap to JonnyPops' future business strategy. Disclosure of these documents poses a substantial risk of competitive harm, and should not have been ordered based on such thin claims of relevance. *See Educ. Logistics, Inc. v. Laidlaw Transit, Inc.*, 2011 WL 1348401, at *2 (N.D. Tex. Apr. 8, 2011) (upholding objections to disclosure of competitively-sensitive information: "Disclosure to a competitor is presumptively more harmful than disclosure to a non-competitor.") Against this backdrop, GoodPop was also required to show that its need for the discovery outweighs JonnyPops' well-founded concerns of competitive harm. *See Zubarik v.*

*Rubloff Dev. Grp., Inc.*, 2007 WL 9712168, at *3 (N.D. Tex. June 14, 2007) (explaining that, where disclosure of confidential information to a competitor is at issue, the requesting party should not be granted discovery if it "fails to show need or if the potential harm caused by production outweighs the benefit"). It did not attempt to make this showing, and the protective order entered in this case cannot "substitute for establishing relevance or need." *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1325 (Fed. Cir. 1990).

## V.   CONCLUSION

JonnyPops respectfully requests that the Order be set aside as to RFP No. 52.

DATED: August 1, 2025                                Respectfully submitted,

/s/ *Steven N. Feldman*
Steven N. Feldman (*pro hac vice*)
New York Bar No. 4775052
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1821
Fax: (213) 891-8763
steve.feldman@lw.com

Nicholas L. Schlossman
Texas Bar No. 24093117
Latham & Watkins LLP
300 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (737) 910-7314
Fax: (737) 910-7301
nicholas.schlossman@lw.com

Gary Feinerman (*pro hac vice*)
Illinois Bar No. 6206906
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 777-7110
Fax: (312) 993-9767
gary.feinerman@lw.com

*Attorneys for Defendant/Counter-Plaintiff Jonny Pops, LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 1, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record who have appeared in this case.

                                      */s/ Steven N. Feldman*
                                      Steven N. Feldman