UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AUSTIN'S NATURAL FROZEN POPS, INC. d/b/a GOODPOP, <br><br> Plaintiff, <br><br> v. <br><br> JONNY POPS, LLC <br><br> Defendant. | No. 1:24-cv-716-RP |

**GOODPOP'S RESPONSE TO JONNYPOPS' APPEAL
FROM MAGISTRATE JUDGE'S ORDER**

Pursuant to the Court's Order of August 4, 2025 (Dkt. 69), Plaintiff GoodPop respectfully submits this Response to Defendant's Appeal of Magistrate Judge's Order (Dkt. 68).

JonnyPops has identified no clear error. *DOH Oil Co. v. QEP Res., Inc.*, No. MO:18-CV-152-DC, 2020 WL 7631502, at *2 (W.D. Tex. Mar. 19, 2020) ("Non-dispositive matters decided by a magistrate judge and appealed to the district court are reviewed for clear error.") (citing Fed. R. Civ. P. 72). It asks this Court to overturn the Magistrate Judge's Order on a single Request for Production of Documents ("RFP") because the RFP seeks documents that JonnyPops argues are irrelevant and/or the RFP is overbroad. These arguments were rejected by the Magistrate Judge—rightfully so, as JonnyPops's marketing strategies are squarely at issue in this case, and its plans for unreleased products both go the merits (falsity of JonnyPops's packaging) and to GoodPop's requested relief (which includes a going-forward injunction). These documents may be competitively sensitive, but the protective order in the case provides for "attorneys eyes only" designation. *See* Dkt. 28 at 2, 4. For the reasons set forth below, JonnyPops's objections should be overruled and the Magistrate Judge's Order affirmed.

## I. BACKGROUND

Due to JonnyPops' blanket refusal to timely produce discovery in response to most of GoodPop's First and Second Requests for Production, GoodPop moved to compel on 54 of its requests for production of documents.[1] It filed its Motion to Compel on May 20, 2025 (Dkt. 39; the "Motion"), JonnyPops filed its Response on June 3 (Dkt. 47), and GoodPop filed its Reply on July 10 (Dkt. 54). Magistrate Judge Howell conducted an in-person hearing on July 18 and granted

---

[1] The Motion requested relief as to RFPs 1-31, 35-42, 44-57, and 60. *See* Dkt. 39 at 1. JonnyPops' appeal erroneously states that "GoodPop moved to compel production of documents in response to all of its RFPs." Dkt. 68 at 2.

1

the Motion to Compel as to all but one of the RFPs on which GoodPop sought relief. *See* Dkt. 65 (the "Order"). JonnyPops only takes issue with the Order as to RFP 52.

JonnyPops neglects to provide important context in its appeal: JonnyPops had refused to timely provide discovery in response to *54 RFPs*, Dkt. 39 at 1; JonnyPops had declined to meaningfully engage in RFP-specific dialogue with GoodPop regarding its objections in the meet and confer process, *id.* at 2-3, 6; and JonnyPop's briefing and arguments before Magistrate Judge Howell focused on immaterial topics and addressed the discovery dispute in sweeping generalities. In its briefing before the Magistrate Judge, JonnyPops addressed RFP 52 in just one sentence—addressing several RFPs and making vague, generalized objections. Dkt. 47 at 10.

In its Motion, GoodPop argued that JonnyPops' relevance and scope objections to RFP 52 (among others) lacked the requisite specificity to meet JonnyPops' burden to offer more than boilerplate and unsupported objections. *See* Mot., Dkt. 39 at 7. The full text of JonnyPops' objection to RFP 52 is excerpted below:

> **DOCUMENT REQUEST NO. 52:**
>
> All Communications and Documents relating to any business plans for unreleased products.
>
> **RESPONSE TO DOCUMENT REQUEST NO. 52:**
>
> JonnyPops objects to this Request on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and calls for the production of competitively-sensitive documents that are neither relevant nor proportional to the needs of this case, insofar as it seeks "[a]ll Communications and Documents" relating to the specified subject matter, and insofar as it seeks documents relating to "unreleased products" that post-date the filing of the Complaint and are therefore unrelated to this Action. JonnyPops further objects to this Request's use of the undefined phrase, "unreleased products" as vague and ambiguous.
>
> Subject to and without waiving the foregoing General and Specific Objections, JonnyPops responds as follows: Good Pop has not established that the documents sought in this Request are properly discoverable under Fed. R. Civ. P. 26 and 34.

As GoodPop explained in the Motion, despite GoodPop's repeated requests for additional information regarding the basis for this objection during the meet and confer process, JonnyPops never offered any explanation of the specific basis for its objection. *See* Dkt. 39 (citing Mot. Ex. 6, Dkt. 39-6 at 2). The Motion also attached copies of counsel's correspondence associated with the multiple conferences attempted on this RFP (and the many other RFPs). *See* Mot. Exs. 5, 7- 9, 12 (Dkts. 39-5, 39-7, 39-8, 39-9, and 39-12). In the parties' meet and confer calls, JonnyPops identified the RFPs for which it had relevance concerns, and GoodPop explained the relevance of those RFPs. *See* Dkt. 39-5 at 24 ("We next discussed Jonny Pops vague objection to RFP Nos. 36, 38, 46, 49, 52. . . We observed that JonnyPops' objections do not articulate a specific objection on which they are relying for their request to confer regarding scope . . . [We] addressed GoodPop's position regarding the relevance of each of these RFPs in turn. You agreed to propose narrowing language . . . and revert for each of these RFPs.").

The entirety of JonnyPop's argument specific to RFP 52 in its ten-page Response brief is copied below:

> Third, RFP Nos. 36, 46, 49, and 52 seek documents that are extremely competitively sensitive and overbroad; GoodPop has not explained why those documents are probative of its claims or defenses in this case; and GoodPop is refusing to produce the same categories of documents on a reciprocal basis.

Dkt. 47 at 10. JonnyPop's Response proceeded to discuss RFPs 36 and 46 in greater detail—but did not further address RFP 52. *See id.* at 10-11.

Magistrate Judge Howell held a hearing on the Motion on July 18, 2025. At the hearing, GoodPop acknowledged that the Motion itself did not include an explanation of the relevance of RFP 52. (Due to the number of RFPs at issue and the status of negotiations as to RFP 52— GoodPop had previously explained its relevance to JonnyPops, and JonnyPops had not further challenged relevance in the meet and confers—the RFP's relevance was not a focus of the Motion.)

3

But counsel for GoodPop went on to explain that the information responsive to RFP 52 is relevant to GoodPop's request for injunctive relief, i.e., JonnyPops' "plans as they're going forward with additional products is relevant to" GoodPop's request for injunctive relief. Mot. Ex. 3 at 39:13-17 (Dkt. 68-3). Counsel for GoodPop further explained that the documents requested by RFP 52 are also relevant to GoodPop's false advertising claims more generally: "how [is JonnyPops] deciding to market these new products, are they deciding to market products with different ingredients," or will JonnyPops "market them differently. . ." Mot. Ex. 5 at 39:11-40:1(Dkt. 39-5 at 25).

      In colloquy, the Magistrate Judge previewed how the Court would likely rule on the Motion, including RFP 52, and counsel for JonnyPop specifically requested that the Magistrate Judge reconsider the anticipated ruling with respect to RFP 52. *Id*. at 45:5-16. The Magistrate Judge noted that the Court did not agree with JonnyPops' assertion that GoodPop's counsel's argument conceded "no argument for relevance on 52." *Id.* at 45:5-15. Later, in ruling on the Motion, the Magistrate Judge stated "with respect to RFP 52, while there wasn't specific argument as to this out of the many dozen RFPs that were raised and discussed in the motion response and reply, there wasn't specific argument tailored to the relevance of these particular plans. But I felt like [counsel for GoodPop] did a sufficient job of explaining that argument here in the hearing and it was consistent with the general arguments made in the motion that I don't find that argument to have been forfeited." *Id.* at 65:17-66:1." The Magistrate Judge specifically overruled JonnyPops' "categorical relevance objections, and found that as for JonnyPops' concerns about commercial sensitivity of potentially responsive documents, "the Court's protective order provides the parties with a procedure to address any concerns raised by that." *Id.* at 65:5-16; 64:20-65:3. In sum, as memorialized in the later written Order, the Court granted the Motion as to all RFPs raised in the Motion except RFP 35. Dkt. 65 at 1.

4

## II.     LEGAL STANDARD

JonnyPops appeals from the Magistrate Judge's Order on GoodPop's Motion to Compel, a non-dispositive discovery motion. *See Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) (considering pre-trial discovery motions to be non-dispositive). "With respect to nondispositive matters, Rule 72(a) sets out a highly deferential standard that requires the court to affirm the decision of the magistrate judge unless on the entire evidence the court is left with a definite and firm conviction that a mistake has been committed." *Allen v. Experian Information Solutions, Inc.*, SA-24-CV-00157-XR, 2025 WL 1174631, at *3 (W.D. Tex. Mar. 27, 2025) (quoting *Baylor Healthcare Sys. v. Equitable Plan, Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013) (internal quotation marks omitted). Specifically, the Court applies the clearly erroneous or contrary to law standard of review in reviewing the Magistrate Judge's ruling on a non-dispositive motion. *See* 28 U.S.C. § 636; *see also Gomez v Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *1 (W.D. Tex. Apr. 27, 2017) (citing *Castillo*, 70 F.3d at 385). The Court should not "reverse or reconsider the order simply because it would or could decide the matter differently." *Gomez*, 2017 WL 5201797, at *2 (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015).

## III.     ARGUMENT

JonnyPops objects to the Order regarding RFP 52, arguing in its appeal that the RFP is "extremely broad" and "irrelevant."[2] Dkt. 68 at 2. As the Court is well aware, "the scope of

---

[2] JonnyPops' appeal also asserts, at the beginning of its argument section—but without citation to the record—that GoodPop "inaccurately characterized" RFP 52 in its briefing and before the Magistrate Judge. Dkt. 68 at 5. But GoodPop's Motion simply included an excerpt of RFP 52 at footnote 3, and it also included the RFP's full text at Exhibit 1 to the Motion. *See* Mot. at 5 n. 3; Dkt. 39-1 at 16. The full text of JonnyPops' Objection to RFP 52 was also included as Exhibit 3 to GoodPop's Motion. Furthermore, JonnyPops was, of course, free to address any inaccurate
(Continued...)

5

discovery is broad." *Crosby v. La. Health Serv.*, 647 F.3d 258, 262 (5th Cir. 2011). The Federal Rules of Civil Procedure provide that parties may obtain discovery "regarding any non privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). A request is relevant when it "seeks admissible evidence or is reasonably calculated to lead to the discovery of admissible evidence." *Hurdsman v. Gleason*, No. 1:22-CV-254-RP, 2024 WL 2848674, at *3 (W.D. Tex. June 5, 2024) (Pitman, J.). And "[a] party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Gomez,* 2017 WL 5201797, at *2 (citations omitted); *see also English v. Texas Farm Bureau Bus. Corp.,* 462 F. Supp. 3d 667, 669 (W.D. Tex. 2020) (same).

As set forth above and demonstrated throughout the Hearing Transcript, the Magistrate Judge explicitly and thoroughly considered (and re-considered) the relevance and scope of the materials sought by RFP 52. Moreover, as set forth above, the exhibits and argument submitted to the Court as to relevance adequately address this issue: counsel for GoodPop and JonnyPops had previously discussed the relevance of RFP 52 during the parties' meet and confer videoconferences, and counsel for GoodPop explained the two-fold relevance of RFP 52 at the July 18 Hearing:

---

characterizations of the scope of the RFPs at issue in its responsive briefing or in its arguments at the hearing.

- JonnyPop's plans for additional, unreleased products are relevant to GoodPop's request for injunctive relief. Mot. Ex. 3 at 39:13-17 (Dkt. 68-3).

- These plans are also relevant to GoodPop's false advertising claims more generally, namely, JonnyPop's decision to engage in false advertising through its process of designing and marketing potential new products, specifically how JonnyPops is "deciding to market these new products," such as whether they will continue to engage in misleading marketing, or whether JonnyPops will "market [forthcoming products] differently. . ." Mot. Ex. 5 at 39:11-40:1 (Dkt. 39-5 at 25).

GoodPop also invited JonnyPops to propose a narrowed scope for RFP 52 multiple times throughout the parties' four different meet and confers, which spanned a period of nearly five months—it did not do so. *See* Mot. at 5 (citing Mot. Ex. 8 (3/12 Letter) at 4; Mot. Ex. 5 (Buratti Emails) at 24, 16, 13, 8, 1-2; Mot. Ex. 6 at 2, 4. JonnyPops never did so. Nor did JonnyPops suggest a different scope before the Magistrate Judge. Accordingly, JonnyPops belated suggestion, for the first time in its appeal, that RFP 52 should be/could be limited to forthcoming or unreleased ice pop/water pop products, comes too late.

Even assuming JonnyPops' boilerplate objections as to relevance and scope were adequate (as GoodPop explained in the Motion, they are not), after GoodPop explained the relevance of the RFP 52 materials, the burden shifted to *JonnyPops* as to the alleged burden. *See* Mot. at 5-6; Dkt. 54 at 5; *see T.S. ex rel. P.O.*, 2021 WL 3924796, at *1. JonnyPops again, this time before the Magistrate Judge, failed to offer any specific showing of burden. It cannot now rely on this Court to remedy that failure—especially in light of the findings and ruling already entered by the Magistrate Judge. Thus, GoodPop made a showing of relevance, and JonnyPops made no showing whatsoever of burden or improper scope.

Finally, as the Magistrate Judge determined—and as counsel for JonnyPops agreed—the Protective Order in place is sufficient to address JonnyPops' concerns regarding the risk of disclosure of sensitive confidential information to a competitor. *See* Mot. Ex. 3 at 5:7-13, 27:25-8:2, 37:23-38:1, 64:22-65:3.

## IV.   CONCLUSION

Because GoodPop adequately articulated the relevance of the information sought by RFP 52—both to JonnyPops in the parties' meet and confer videoconferences and to the Court at the July 18, 2025 hearing, the Magistrate Judge's decision regarding the relevance of RFP 52 and subsequent order overruling JonnyPops' objections thereto were neither clearly erroneous nor contrary to the law. Accordingly, consistent with the deferential standard applied per Rule 72(a), JonnyPops' objections to the Magistrate Judge's Order should be overruled and the Order affirmed.

Dated: June 10, 2025

Respectfully submitted,

*/s/ Leah Bhimani Buratti*
Leah Bhimani Buratti
**BOTKIN CHIARELLO CALAF PLLC**
Leah Bhimani Buratti
TX Bar No. 24064897
leah@bccaustin.com
Kayna Stavast Levy
TX Bar No. 24079388
kayna@bccaustin.com
1209 Nueces Street
Austin, TX 78701
Telephone: (512) 615-2341

**HUESTON HENNIGAN LLP**
John C. Hueston, CA State Bar No. 164921
jhueston@hueston.com
(*pro hac vice*)
Sourabh Mishra, CA State Bar No. 305185
smishra@hueston.com
(*pro hac vice*)
Christine M. Woodin, TX Bar No. 24100051
cwoodin@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of August 2025, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

*/s/ Leah Bhimani Buratti*
Leah Bhimani Buratti