**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **AUSTIN'S NATURAL FROZEN POPS,** | § | |
| **INC., D/B/A/ GOODPOP** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **CASE NO. 1:24-cv-00716-RP-DH** |
| **vs.** | § | |
| | § | |
| **JONNY POPS LLC** | § | |
| | § | |
| *Defendant*. | § | |

**JOINT BRIEF REGARDING JULY 18 ORDER (DKT. 65)**

TO THE HONORABLE DUSTIN M. HOWELL:

Plaintiff Austin's Natural Frozen Pops, Inc. d/b/a/ GoodPop ("GoodPop") and Defendant/Counter-Plaintiff Jonny Pops LLC's ("JonnyPops") file this joint submission addressing the Court's Order of July 18, 2018 (the "Order").

The parties have met and conferred several times and have been unable to resolve the disputes that are the subject of this joint submission. Each party's position is set forth below.

**Goodpop's Position:** As the close of fact discovery rapidly approaches, GoodPop is forced to return to the Court to seek JonnyPops' compliance with the Court's July 18 Order. For the past month, JonnyPops has evaded any protocol or timeline for compliance with the Order.[1] Ex. 2 at 22, 30-31. JonnyPops' position appears to still be that it need only offer assurances that it will produce documents (even if wholly insufficient) by the September 10 deadline for substantial completion of document discovery. *E.g., id*. at 19-20; Ex. 14 at 1-2.

It remains GoodPop's position that JonnyPops must conduct a reasonable search and produce documents responsive to the RFPs subject to the Order—but to date JonnyPops has not reasonably searched for such documents. Dkt. 39 at 3; Dkt. 65 at 1-2; Ex. 2; Ex. 18. And JonnyPops refuses to negotiate or even propose a solution. *E.g.*, Ex. 10 at 1-3. Until recently, JonnyPops refused to discuss its searches[2] and has rejected most of GoodPop's proposed terms based on blanket burden arguments, without providing specific hit counts. *E.g.*, Ex. 2 at 21, 28, 30. Regardless, the time for burden arguments has passed.[3] *See id*. at 19. A month after the Order, JonnyPops finally disclosed that it intended to add just 17 new[4] search terms—which are insufficient to address RFPs 36, 46, and 49, and the many deficiencies that GoodPop raised in its July 24, August 8, and August 12 emails. Ex. 3. JonnyPops' search terms reveal its fundamental failure: JonnyPops has not designed its searches to actually identify documents in response to

---

[1] JonnyPops proposed August 11 for its Court-ordered supplemental production. August 11 arrived, and JonnyPops only produced 93 documents, half of which were emails from the same two email threads. It then declined to agree to any timeline other than the deadline in the Scheduling Order. Ex. 2 at 21.

[2] Dkt. 39-5 at 4. Moreover, GoodPop did not know that JonnyPops had avoided the relevant terms until it received JonnyPops' first substantive production on July 15. GoodPop promptly raised the shortcomings.

[3] JonnyPops had the chance to argue burden in response to GoodPop's Motion to Compel and at the July 18 hearing, but did not do so. Ex. 1 at 41:13-16.

[4] GoodPop's counsel has highlighted in yellow the "new" terms and highlighted in red duplicate terms. JonnyPops inexplicably declined to identify which terms were new and has not explained the duplicates. Ex. 2 at 7-11; Ex. 17 at 1; Ex. 3. JonnyPops also refuses to identify its search terms on an RFP-by-RFP basis, so it is unknown which terms JonnyPops contends are responsive to which RFPs. Ex. 17 at 1.

GoodPop's RFPs.[5] Nor has JonnyPops meaningfully engaged in efforts to arrive at mutually acceptable search terms.[6] Ex. 2 at 6-10.

**JonnyPops refuses to run its own product names or the term "waterpop."** JonnyPops' refusal to run the names of the JonnyPops products at issue or the term "waterpops" exemplifies the problem.[7] GoodPop's RFPs seek documents regarding "ice pops," defined to include JonnyPops' products at issue.[8] Unbeknownst to GoodPop at that time, JonnyPops internally uses the word "water pop" for those products; but in an egregious example of withholding responsive discovery, JonnyPops used the term "ice pop" in searches, rather than "water pop" or the names of its products. *Id.* at 8; Ex. 3 at #s 9, 17. GoodPop flagged this issue early, but contrary to its claim, JonnyPops has refused to run any search with the "water pop" term. Ex. 2 at 32, 30; Ex. 16 at 1.

**JonnyPops still has not produced key categories of documents covered by the Order.** Discovery shortfalls that have led GoodPop to return to the Court for relief include:

- ***Communications with retailers, brokers, and distributors*** (RFPs 49, 46, 25-28): JonnyPops has not adequately collected communications with retailers, brokers, and distributors regarding its better-for-you claims.

- ***Better-for-you claims in advertising and marketing*** (RFPs 8-13, 14, 16-17, 21-24, 28, 49, 53-54): JonnyPops has not added the searches needed to capture its better-for-you claims and the use of fruit images—at the heart of GoodPop's Complaint—in advertising and marketing—despite GoodPop specifically suggesting such search terms. *Id.* at 10, 32, 25-

---

[5] JonnyPops' additional production of ~1,200 documents is of little value; for example, it includes numerous duplicate calendar invites. *See* Ex 11. Moreover, after 5 weeks, as of the morning of August 29, JonnyPops still had not even produced documents that hit on each of the new searches it provided. Ex. 3. JonnyPops produced documents shortly before the deadline for this filing; this appears to be its *modus operandi*—a production so close to a deadline that GoodPop cannot review in time. *See* Ex. 1 at 8:7-10. 44:7-9.

[6] JonnyPops has belatedly made progress on only of the most flagrant deficiencies in their search terms: first, agreeing to run the basic "GoodPop*" and "Good Pop*" searches, *Id.* at 3-5, and second, fixing its problematic "AND NOT" modifiers in its searches. But it would only commit to produce documents by Sept. 10, the substantial completion deadline, nearly two months after the Order. *Id.* at 1-3.

[7] GoodPop did run searches that include the names of its Complaint products and the Counterclaim products. Dkt. 75, Ex. G. When JonnyPops insisted that GoodPop run *more* searches with additional search terms and custodians, GoodPop agreed to do so—though these yield at least 74,796 hits. Ex. 12 at 1.

[8] Ex. 4 at 4. *See*, for example, RFPs 6, 9-10, 13-14, 19-20, 49, and 54. *Id.* at 9-11, 14-15.

32. Or JonnyPops has nominally added some terms but nested within sentences or strings that limit their reach such that highly relevant, key documents will be excluded.

- ***Complaints and feedback regarding better-for-you claims*** (RFPs 25-27, 50): JonnyPops has thus far refused to run a search for "complain*" or "feedback" in searching for retailer and customer complaints, complaints about the "better-for-you" claims at issue in the Complaint, and complaints about the specific products at issue. *Id*. at 25-26. [9]

JonnyPops also has not completed its production of RFP 44 financial information that GoodPop has sought for months, and just today supplemented its cost information called for by RFP 36. [10]

GoodPop is reluctant to drag the Court into the minutiae of search terms, but GoodPop needs the documents that the Court has already ordered produced in order to prosecute its case. Thus, in light of JonnyPops' tactics of delay and obfuscation,[11] and to allow (1) the parties to meet the September 10 deadline; (2) depositions to timely proceed; and (3) the Court's other deadlines to remain intact, JonnyPops should be ordered to produce the documents that hit on GoodPop's proposed searches.[12] Having slow-rolled its insufficient production and failed to negotiate, *e.g.*, Ex. 10 at 1-2, JonnyPops' claims of burden and arguments regarding "so late in discovery" are entirely self-inflicted. GoodPop asks the Court to order JonnyPops to conduct these searches and produce all non-privileged responsive documents by September 10, 2025. *See* Exs. 5, 13. GoodPop respectfully requests that failure to comply may result in discovery sanctions and costs.

---

[9] In its section, JonnyPops' arguments regarding hit counts for "better-for-you," "waterpop," NSA, etc. are a red herring—because GoodPop has not requested that those terms be run in isolation. They are proposed within search strings. Ex. 5. JonnyPops has not provided hit counts for GoodPop's proposed search terms.

[10] Ex. 2 at 16-17, 31-32; Ex. 7 at 3-4.

[11] JonnyPops argues that it has "been open to iterating," but that has not been the reality, *see* Ex. 2 at 6-10. JonnyPops does not point to any instance of it proposing a "waterpop*" search or proposing a compromise. JonnyPops has not even informed GoodPop of hit counts for its most recent proposal, sent August 29 (Ex. 18) or for searches with under 1,000 hits (Ex. 10 at 1-2) —much less agreed to run those searches.

[12] GoodPop proposes searches for high priority RFPs, for which JonnyPops has been ordered to produce documents. In the interest of efficiency, GoodPop has not proposed searches for all of the deficient RFPs.

**JonnyPops' Position**

There is no merit to GoodPop's claim that JonnyPops has "evaded" compliance with the Court's July 18 Order.  The opposite is true, and GoodPop's motion should be denied.

Four months ago, JonnyPops disclosed the search terms that it was using to identify responsive documents, even though GoodPop did not do the same.  With one exception, GoodPop did not take issue with JonnyPops' search terms.  After the Court issued its July 18 Order, however, GoodPop demanded that JonnyPops add dozens of new search terms, make changes to its existing terms, and produce various categories of documents on a priority basis.  While JonnyPops was already complying with the Order, JonnyPops cooperated with GoodPop's requests, agreeing to 19 additional search terms, altering many of its existing search terms, providing hit counts for various additional terms, producing more than 3,900 additional documents and detailed financial information that GoodPop asked it to prioritize, supplementing its interrogatory responses, and agreeing to a September 10 substantial-completion deadline.[13]

The specific purported deficiencies GoodPop raises are misplaced.  GoodPop asserts that JonnyPops failed to produce certain financial information.  *Supra* at 4.  Not true.  JonnyPops produced financial information months ago when it made its initial production on March 21 and, at GoodPop's request, supplemented that production with additional, detailed financial information on May 9, July 15, and August 19.  *See* Ex. B.  GoodPop complains that the cost information produced by JonnyPops in response to RFP No. 36 is not "complete," but JonnyPops produced precisely what the RFP seeks: "documents sufficient to show the cost of the ingredients in

---

[13] GoodPop incorrectly asserts that JonnyPops "proposed August 11 for its Court-ordered supplemental production." *Supra* n.1. JonnyPops proposed that *both* parties make supplemental productions on August 11. *See* Ex. A at 40. JonnyPops made five subsequent productions thereafter and has now produced more than 3,900 documents since the July 18 hearing.

JonnyPops' Products." After GoodPop took issue with the level of detail in that summary, JonnyPops produced a supplemental breakdown of costs on a monthly basis, *see* Ex. C, and has also produced other more detailed costs information, *see* Ex. B.

GoodPop demands that JonnyPops apply nearly 50 additional search terms in precisely the form that GoodPop considers appropriate, without any other limiting terms. *See* Ex. A. While JonnyPops has been open to iterating its search terms based on GoodPop's feedback, the additional terms that GoodPop demands are unreasonable and not tailored to the issues in the case, and thus not surprisingly result in hits on many hundreds of thousands of additional documents. *See* Ex. A at 1-5. Requiring JonnyPops to review so many additional documents so late in discovery would be highly prejudicial and unduly burdensome, particularly given that the original and supplemental searches that JonnyPops has already run resulted in a fully compliant production.[14]

GoodPop highlights specific terms that it insists are reasonable and necessary. None are.

- The search term ("better for you" OR "better-for-you") hits on more than 14,000 documents, including many irrelevant automated news alerts. Many of JonnyPops' existing terms address "better-for-you claims," including Search Term Nos. 5 and 15.[15] Those terms are sufficient to capture responsive documents.
- The terms "waterpop" and "NSA" hit on more than 9,000 and 7,000 additional documents, respectively.[16] In an effort to meet GoodPop's concerns, JonnyPops will

---

[14] GoodPop criticizes JonnyPops for not sharing hit counts for a handful of search terms with under 1,000 hits; but GoodPop omits that JonnyPops provided hit counts for 43 search terms proposed by GoodPop, each exceeding 1,000 documents—with some reaching hundreds of thousands of documents. GoodPop also does not mention that it has refused to share *any* of its own hit counts.

[15] *See* Ex. D at 1, 2: Search Term No. 5: (("better-for-you" OR "better for you") AND (Packag* OR box*) AND (market* OR advertis* OR manufactur*)) AND NOT ((Purchase W/1 order*) OR ("Bill of Lading") OR ((Price W/1 Quotation*) AND "Quotation Period") OR (INVOICE AND "Customer PO")); and Search Term No. 15: ("subpoena" OR "inquiry" OR "request" OR "investigation") AND ("Better-for-You" OR "better for you") AND ("Marketing Materials" OR advertis* OR promot*) AND ("ice pops" OR (ice W/5 pop)) AND NOT ((Purchase W/1 order) OR ("Bill of Lading") OR ((Price W/1 Quotation) AND "Quotation Period") OR (INVOICE AND "Customer PO")). *See also* Search Term Nos. 40-43.

[16] JonnyPops used the term "ice pop" in its search strings because GoodPop used that phrase in its RFPs. *See, e.g.*, RFP Nos. 34 and 35.

apply iterations of these terms that produce a reasonable number of results. However, GoodPop's proposed terms are overly broad and unreasonable.

- The term "complain* or feedback," which GoodPop claims is necessary to address customer and retailer complaints about JonnyPops' products, *see supra* at 4, hit on more than 90,000 documents, a volume that is plainly unreasonable and unduly burdensome. JonnyPops has applied a search string containing the term "feedback," and is also conducting a targeted search for additional responsive documents. JonnyPops' existing search protocol is more than sufficient to capture those documents.

GoodPop also complains that JonnyPops has not properly collected communications with retailers or distributors. *Supra* at 3. That too is wrong. JonnyPops has specifically searched for communications using retailer domain names, including the domain names for Albertsons, Costco, Fresh Thyme, Whole Foods, Walmart, Target, Supervalu, and several others. *See* Ex. D, Search Term Nos. 44-47. JonnyPops has already produced hundreds of such communications. And as GoodPop acknowledges, *supra* n.6, JonnyPops has also agreed to change the "and not" modifiers for many of its terms to expand its search even further. The terms that GoodPop proposes hit on 28,000 new documents and encompass many irrelevant documents.

Finally, GoodPop "suggests" that the Court issue sanctions against JonnyPops. *Supra* at 5. That request is out-of-bounds and abusive. JonnyPops has complied with the July 18 Order. At a minimum, JonnyPops has acted in good faith throughout. Sanctions "should not be used lightly," *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993), and given JonnyPops' extensive efforts to comply with the July 18 Order, GoodPop's inappropriate request should be rejected.[17]

---

[17] GoodPop's motion is premised on many misleading descriptions of JonnyPops' conduct. For instance, GoodPop claims that JonnyPops has "rejected the majority of GoodPop's proposed searches based on blanket burden arguments—without providing specific hit counts to justify those assertions." *Supra* at 2 & n.9. That is wrong. JonnyPops has repeatedly provided GoodPop with hit counts to support its burden arguments, and those hit counts are attached to this submission. *See, e.g.*, Ex. A at 1-5, 36.

Dated: August 29, 2025                              Respectfully submitted,


*/s/ Leah Bhimani Buratti*                          */s/ Nicholas L. Schlossman*
Leah Bhimani Buratti                                Nicholas L. Schlossman
**BOTKIN CHIARELLO CALAF PLLC**                     Texas Bar No. 24093117
Leah Bhimani Buratti, TX Bar No. 24064897           **LATHAM & WATKINS LLP**
leah@bccaustin.com                                  300 Colorado St., Suite 2400
Kayna Stavast Levy, TX Bar No.                      Austin, TX 78701
kayna@bccaustin.com                                 Tel: (737) 910-7344
1209 Nueces Street                                  Fax: (737) 910-7301
Austin, TX 78701                                    nicholas.schlossman@lw.com
Telephone: (512) 615-2341

                                                    Steven N. Feldman (pro hac vice)
**HUESTON HENNIGAN LLP**                            New York Bar No. 4775052
John C. Hueston, CA State Bar No. 164921            **LATHAM & WATKINS LLP**
jhueston@hueston.com                                1271 Avenue of the Americas
(*pro hac vice*)                                    New York, NY 10020
Sourabh Mishra, CA State Bar No. 305185             Tel: (212) 906-1821
smishra@hueston.com                                 Fax: (213) 891-8763
(*pro hac vice*)                                    steve.feldman@lw.com
Christine M. Woodin, TX Bar No. 24100051
cwoodin@hueston.com                                 Gary Feinerman (pro hac vice)
523 West 6th Street, Suite 400                      Illinois Bar No. 6206906
Los Angeles, CA 90014                               **LATHAM & WATKINS LLP**
Telephone: (213) 788-4340                           330 North Wabash Avenue, Suite 2800
                                                    Chicago, IL 60611
*Attorneys for Plaintiff*                           Tel: (312) 777-7110
                                                    Fax: (312) 993-9767
                                                    gary.feinerman@lw.com

                                                    *Attorneys for Defendant*

8

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 29th day of August 2025, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case using the Court's CM/ECF system as a Filing User.

/s/ *Leah Bhimani Buratti*
Leah Bhimani Buratti