UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AUSTIN'S NATURAL FROZEN POPS, INC., d/b/a GOODPOP,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>JONNY POPS, LLC,<br><br>Defendant/Counter-Plaintiff. | No. 1:24-cv-716-RP |

### DEFENDANT/COUNTER-PLAINTIFF'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO COMPEL DOCKET NO. 87

GoodPop's Motion to Compel should be denied in its entirety. The motion is moot, substantively unsupported, and should never have been filed—let alone pursued given the directions provided by the Court at the September 3 hearing. JonnyPops has already supplemented its responses to the Interrogatories and produced (or agreed to produce) documents in response to the Requests for Production at issue. As directed by the Court, JonnyPops shared its search terms and hit counts, and JonnyPops is collecting, reviewing, and producing documents retrieved by those terms.

GoodPop's only remaining demand—that JonnyPops add a new custodian—is unsupported by any showing of unique, non-cumulative information and is plainly disproportionate under Rule 26(b)(1). JonnyPops has already collected documents from ten custodians—the same number GoodPop has now agreed to designate. There is no reason for JonnyPops to designate yet another custodian, especially given that the proposed custodian's role and duties were coextensive with those of several of JonnyPops' existing custodians. Endlessly adding custodians whose duties were coextensive with those of other custodians is simply not

proportionate to the needs of this case, and any such request should be resolved between the parties in the context of a mutual agreement on additional custodians that takes account of the associated burdens. Indeed, JonnyPops reiterated this point to GoodPop during a September 15, 2025, meet and confer, and GoodPop expressed a willingness to participate in such a bilateral discussion—underscoring that GoodPop's motion is not ripe.

The Court has repeatedly emphasized the need for cooperation between the parties and proportionality of discovery requests. GoodPop's motion disregards these principles and seeks relief that JonnyPops has already agreed to or is wholly unjustified.

I.     FACTS AND PROCEDURAL HISTORY

   A.     **GoodPop's Motion and Refusal to Meet and Confer**

Near midnight on September 1 (Labor Day), GoodPop shared for the first time that it intended to file a new motion to compel the next day—the day before the Court's already-scheduled September 3 motion conference. Ex. A at 23. JonnyPops promptly asked to meet and confer "to see whether we can narrow the issues for the Court." *Id.* at 21-22. GoodPop responded, "Unfortunately, our team is not available for a call today, but we are available Thursday morning or Friday." *Id.* at 20-21. In the same email, GoodPop shared that it was "still going to file [its] motion" that day, in advance of any conferral. *Id.*

JonnyPops ultimately asked:

> [C]an you tell me what's left of your motion? We've agreed to searches for the RFPs that you raised and agreed to supplement our responses to the interrogatories that you raised.

*Id.* at 13. In response, GoodPop stated that, "[w]hat's left are RFPs 61, 63-69, 71-72, and 74 since you have not provided the search terms you will be using" to locate responsive documents. *Id.* at 12. As to Interrogatory No. 18, which called for certain financial information, GoodPop acknowledged that JonnyPops does not "systematically track profits or costs on a product-by-

2

product basis in the ordinary course of business and does not maintain comprehensive information on sales to retailers since it works primarily with distributors," but indicated that GoodPop still intended to move on the remaining items called for by the Interrogatory. *Id.* GoodPop filed its motion later that day.

At the September 3 hearing, the Court addressed the then-pending motions to compel by directing both sides to exchange search terms and hit counts and to engage in an iterative dialogue around those search terms and hit counts, making clear that cooperation and communication between the parties were essential to moving discovery forward. Ex. B, Excerpt of 9/3/2025 Hr'g Tr. at 28:5-29:3. The Court emphasized that if the search terms proposed by one party resulted in an unmanageable number of documents, the search terms would need to be adjusted. *Id.* at 28:11-15. The Court expressly rejected GoodPop's request to impose a deadline for the exchange of search terms or hit counts, and instead agreed with JonnyPops that counsel should resolve these issues collaboratively. *Id.* at 48:4-50:20. Further, the Court repeatedly acknowledged its limited availability to address any continuing discovery disputes in September. *Id.* at 5:20-21. And in its September 3 Order, the Court directed "both parties to promptly exchange search terms and hit rates as those are developed." Dkt. 90; *see also* Ex. B at 27:20-24 (directing parties to "continue to iterate"); 28:1-4 (directing parties to "come up with a solution to deal with the challenges of any discovery").

### B.  Status of Disputed Discovery

JonnyPops has complied with the September 3 Order and the Court's guidance at the September 3 conference, which directed the parties to resolve disputes without seeking the Court's intervention wherever possible. JonnyPops has (i) continued to make rolling productions, producing over 4,400 documents following the September 3 hearing; (ii) provided search terms and hit counts covering the requests subject to GoodPop's Motion, and (iii) provided updated

search term hit counts based on GoodPop's subsequent request to expand those terms further. GoodPop's demand to add Mr. Achterhoff is not based on any showing of unique, non-cumulative information.

Consistent with the Court's guidance in denying GoodPop's prior motion to compel (Dkt. 90) and directing "both parties to promptly exchange search terms and hit rates as those are developed," JonnyPops asked GoodPop on September 4 to withdraw its present and newly-filed Motion, given that JonnyPops had agreed to the relief requested in the motion and confirmed that it would exchange search terms and hit counts as directed. Ex. A at 10-11; Dkt. 90. GoodPop refused to withdraw the Motion. JonnyPops then did provide exactly what GoodPop's September 2 email claimed was missing: it provided proposed search terms and hit counts for the RFPs at issue, and asked GoodPop to confirm its agreement to those search terms so that JonnyPops could proceed with its review and production. Ex. A at 2-3. The next day, GoodPop acknowledged receipt, sent a counter-proposal, and requested hit counts. *Id.* at 1-2. JonnyPops provided the requested hit counts on September 16. *Id.* at 1. In other words, the parties are actively conferring and engaging in precisely the process that the Court ordered.

Thus, the only unresolved matter in GoodPop's Motion is its demand that JonnyPops add Jake Achterhoff, a former marketing lead, as a custodian for JonnyPops. Mot. at 9. The background is as follows. After JonnyPops identified Alex Prosperi—a former Director of Marketing & Innovation at GoodPop and a key figure in the development and execution of GoodPop's marketing strategies—as a necessary custodian, GoodPop resisted, offering blanket objections and delay. When JonnyPops persisted and made clear the relevance of Prosperi's files,

4

GoodPop ultimately agreed to add him as a custodian,[1] but only on the condition that JonnyPops add Mr. Achterhoff, its former marketing lead, as a custodian for JonnyPops.

GoodPop made this request even though JonnyPops had already collected and produced over 7,000 documents from its current Chief Marketing Officer, Maryjane Williams, former Chief Marketing Officer, Angela McKeand, and Brand Manager, Kelsey Conant and other key individuals—for a total of ten custodians. Moreover, JonnyPops disclosed these custodians to GoodPop more than four months ago, and GoodPop did not raise any concerns about any supposed gap in coverage. *See* Ex. C at 2. If GoodPop had any concerns with JonnyPops' custodians, the time to raise it was then, not many months *after* JonnyPops collected, reviewed, and produced documents from 10 other document custodians.

## II.    GOODPOP'S MOTION SHOULD BE DENIED

GoodPop's Motion is baseless. JonnyPops has (i) supplemented its responses to Interrogatories Nos. 15, 16, and 18, and agreed to supplement its response to Interrogatory No. 17 following further investigation; (ii) agreed to search for documents in response to *all* document requests identified in the Motion; (iii) has been diligently sharing its search terms and hit counts, and (iv) has produced (or agreed to produce) documents in response to the Requests for Production at issue.

*First*, consistent with the parties' agreement during their meet and confer on September 2—before GoodPop filed its Motion—on September 12 JonnyPops supplemented its responses to Interrogatories Nos. 15, 16, and 18, and agreed to supplement its response to Interrogatory No. 17

---

[1] GoodPop later revealed that it had destroyed Mr. Prosperi's entire email file during the pendency of this litigation. *See* Dkt. 81-9.

5

following further investigation. *See* Ex. A at 19. Thus, this issue is moot and there is no basis for GoodPop to continue to press for relief on these interrogatories.

*Second*, before GoodPop filed its Motion, JonnyPops agreed—subject to its objections—to search for responsive, non-privileged documents in response to *all* requests addressed in the Motion: RFP Nos. 61, 63-69, 71-72, and 74. *See* Mot. at 1. JonnyPops promptly disclosed the search terms it is using to identify potentially responsive emails and has been searching for additional documents on a manual basis where appropriate. In addition, JonnyPops provided hit counts for the proposed search terms and has engaged in the iterative process of conferring with GoodPop regarding the scope and burden of those searches, as directed by the Court.

This cooperative process of conferral and negotiation is precisely what Magistrate Judge Howell directed: "It is incumbent on the parties to come up with a solution to deal with the challenges of any discovery and I don't doubt that both sides are capable of doing that." Ex. B at 28:1-4. JonnyPops has fully complied with both the letter and spirit of the Court's order, and GoodPop's Motion should be denied as moot and unnecessary. There is simply nothing to compel as to these requests.

Moreover, *after* JonnyPops agreed to produce documents in response to several of GoodPop's RFPs, GoodPop explained (for the first time) the premise of the requests. Specifically, GoodPop's Motion argues that "JonnyPops misleads customers about the amount of sugar in its products by manipulating serving size information." Mot. at 3. That allegation is nowhere in GoodPop's Complaint, and GoodPop is not entitled to go on a fishing expedition for new claims upon failing to develop evidence to support its operative ones.

*Third*, GoodPop's demand that JonnyPops collect and produce documents from Mr. Achterhoff is unwarranted and disproportionate, particularly in light of the extensive discovery

6

JonnyPops has already provided from its marketing personnel.  JonnyPops has already collected and produced documents from ten custodians, including all key individuals with marketing responsibilities.  As noted, JonnyPops has produced 7,190 documents from its Chief Marketing Officer, Maryjane Williams, former Chief Marketing Officer, Angela McKeand, and Brand Manager, Kelsey Conant.  These productions encompass the full scope of JonnyPops' marketing strategy, campaign development, and communications with retailers and consumers.  *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 2020 WL 3100016, at *1 (N.D. Fla. June 11, 2020) ("[T]he requesting party, must demonstrate each custodian would provide 'unique relevant information not already obtained.'") (citing collection of cases).  Further, in the early days of the company, JonnyPops' cofounders—Erik Brust and Connor Wray—were involved in marketing and branding decisions, and their correspondence addressed those matters.  JonnyPops has collected, reviewed, and produced documents from both Messrs. Brust and Wray for the entire period from 2018 onwards.

Requiring JonnyPops to add yet another marketing custodian would be both cumulative and unfair.  The Federal Rules do not require parties to endlessly expand the pool of custodians, especially where the relevant information is already being produced from those with direct and overlapping responsibilities.  Fed. R. Civ. P. 26(b)(2)(C)(i) ("[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: [] the discovery sought is unreasonably cumulative or duplicative.").

Moreover, GoodPop's request to add Mr. Achterhoff appears to be a response to JonnyPops' request for documents from GoodPop's Mr. Prosperi.  The timing and context of GoodPop's insistence on Mr. Achterhoff—which was raised for the first time, after JonnyPops identified Mr. Prosperi as a relevant custodian—underscore that this is not a targeted effort to

obtain unique information, but rather an unreasonable attempt to escalate the number of custodians for tactical purposes.

JonnyPops has already produced a comprehensive set of marketing documents from a broad group of custodians. There is no showing that Mr. Achterhoff possesses unique, non-cumulative information not already captured in the existing production. GoodPop's request should be denied as disproportionate, cumulative, and unsupported by any legitimate discovery need.

For all of these reasons, GoodPop's requests for relief should be denied.

## III.   CONCLUSION

JonnyPops respectfully requests that the Court deny GoodPop's Motion to Compel.

| | |
|---|---|
| Dated: September 16, 2025 | LATHAM & WATKINS LLP |
| | |
| | */s/ Steven N. Feldman* |
| | Steven N. Feldman (*pro hac vice*) |
| | New York Bar No. 4775052 |
| | 1271 Avenue of the Americas |
| | New York, NY 10020 |
| | Tel: (212) 906-1821 |
| | Fax: (213) 891-8763 |
| | steve.feldman@lw.com |
| | |
| | Gary Feinerman (*pro hac vice*) |
| | Illinois Bar No. 6206906 |
| | 330 North Wabash Avenue, Suite 2800 |
| | Chicago, IL 60611 |
| | Tel: (312) 777-7110 |
| | Fax: (312) 993-9767 |
| | gary.feinerman@lw.com |
| | |
| | Nicholas L. Schlossman |
| | Texas Bar No. 24093117 |
| | 300 Colorado St., Suite 2400 |
| | Austin, TX 78701 |
| | Tel: (737) 910-7314 |
| | Fax: (737) 910-7301 |
| | nicholas.schlossman@lw.com |
| | |
| | *Attorneys for Defendant/Counter-Plaintiff Jonny Pops LLC* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 16, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record who have appeared in this case.

                                                      */s/ Steven N. Feldman*
                                                      Steven N. Feldman