# EXHIBIT A

| | |
|---|---|
| **From:** | Mardueño, Karla (CH) |
| **To:** | Colombina Valera; Friedman, Leah (NY); Fellig, Shlomo (BN); Ramirez, Anthony (NY) |
| **Cc:** | Kayna Levy; cwoodin@hueston.com; smishra@hueston.com; #C-M JONNYPOPS - LW TEAM; Leah Buratti; Thomas, Tia (NY); Edelman, Zach (BN); Feldman, Steve (NY-LA); Feinerman, Gary (CH); Schlossman, Nicholas (ATX-DC) |
| **Subject:** | RE: *SUSPECTED SPAM* Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers |
| **Date:** | Tuesday, September 16, 2025 10:49:08 AM |
| **Attachments:** | image001.png<br>09.16.2025 JPs" Search Terms and Hit Counts for Second MTC RFPs_GP Proposal_JPs" Updated Hit Counts.xlsx |

Colombina,

We write in response to GoodPop's proposed search terms for the RFPs subject to your motion to compel. Please see updated hit counts attached. As drafted, the terms are unduly burdensome, overbroad, and not proportional under Rule 26(b)(1). Your proposed search terms generated very large hit counts, confirming overbreadth. For example:

- RFP 67: **18,283**
- RFP 68: **84,691**
- RFP 72: **7,988**
- RFP 74: **34,938**

In addition, many of GoodPop's search strings include (a) very broad proximity windows (*e.g.*, W/50), (b) generic wildcard stems (*e.g.*, rainbow*, stack*, berry, sour) untethered to JonnyPops, and (c) brand-agnostic terms that sweep in irrelevant materials (*e.g.*, "keyword*" for Google Ads). Collectively, these issues drive volume without corresponding relevance and impose disproportionate burden. To move this forward cooperatively, we ask that GoodPop revise its terms to address these issues and to narrow its search terms.

Regards,
Karla

**Karla V. Mardueño**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.876.7705

---

**From:** Colombina Valera <Colombina@bccaustin.com>
**Sent:** Friday, September 12, 2025 6:20 PM
**To:** Mardueño, Karla (CH) <Karla.Mardueno@lw.com>; Friedman, Leah (NY) <Leah.Friedman@lw.com>; Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>; Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com; smishra@hueston.com; #C-M JONNYPOPS - LW TEAM <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>; Thomas, Tia (NY) <Tia.Thomas@lw.com>; Edelman, Zach (BN) <Zach.Edelman@lw.com>; Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Feinerman, Gary (CH) <Gary.Feinerman@lw.com>; Schlossman, Nicholas (ATX-DC) <Nicholas.Schlossman@lw.com>

**Subject:** Re: *SUSPECTED SPAM* Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Karla,

==Thank you for sending JonnyPops' proposed search terms and corresponding hit counts. Our counter-proposal is attached. Please review and provide hit counts for our proposed terms as soon as possible.==

We've received JonnyPops' supplemental responses to GoodPop's Interrogatories 15-18 and are in the process of reviewing.

Best,
Colombina

Colombina Valera
Associate



1209 Nueces Street
Austin, Texas 78701
colombina@bccaustin.com
www.bccaustin.com
Office: 512.615.2341 | Cell: 512.695.6536

---

**From:** Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>
**Sent:** Thursday, September 11, 2025 7:12 PM
**To:** Colombina Valera <Colombina@bccaustin.com>; Leah.Friedman@lw.com <Leah.Friedman@lw.com>; Shlomo.Fellig@lw.com <Shlomo.Fellig@lw.com>; Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com <cwoodin@hueston.com>; smishra@hueston.com <smishra@hueston.com>; jonnypops.lwteam@lw.com <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>; Tia.Thomas@lw.com <Tia.Thomas@lw.com>; Zach.Edelman@lw.com <Zach.Edelman@lw.com>; Steve.Feldman@lw.com <Steve.Feldman@lw.com>; Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>; Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>
**Subject:** RE: *SUSPECTED SPAM* Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Colombina,

Attached are JonnyPops' search terms for the RFPs that are the subject of your motion to compel.  For RFP Nos. 64, 65, and 69 (the "documents sufficient to show" requests), we intend to run a targeted search.  Please confirm if you agree to the search terms so that we may proceed with our review and production.

Regards,

Karla

**Karla V. Mardueño**

**LATHAM & WATKINS LLP**

330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611

D: +1.312.876.7705

---

**From:** Colombina Valera <Colombina@bccaustin.com>
**Sent:** Thursday, September 11, 2025 10:42 AM
**To:** Mardueño, Karla (CH) <Karla.Mardueno@lw.com>; Friedman, Leah (NY) <Leah.Friedman@lw.com>; Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>; Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com; smishra@hueston.com; #C-M JONNYPOPS - LW TEAM <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>; Thomas, Tia (NY) <Tia.Thomas@lw.com>; Edelman, Zach (BN) <Zach.Edelman@lw.com>; Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Feinerman, Gary (CH) <Gary.Feinerman@lw.com>; Schlossman, Nicholas (ATX-DC) <Nicholas.Schlossman@lw.com>
**Subject:** Re: *SUSPECTED SPAM* Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Karla,

As JonnyPops' September 16 Response deadline is just five days away, can you please let me know when JonnyPops plans to provide proposed search terms as agreed for RFPs 61, 63-69, 71-72, and 74 so that we can work together iterating those terms?

Now that we've received JonnyPops' latest production, can you also identify the documents that will be referenced in your agreed supplemental response to Interrogatory 18?

As for Jake Achterhoff, he's on the agenda for today's meet and confer, or tomorrow at 10:30 CST when JonnyPops' has said it is available.

We're hopeful we can work towards mooting our motion, but need a response on these issues as soon as possible.

Colombina

Colombina Valera

Associate



1209 Nueces Street

Austin, Texas 78701

colombina@bccaustin.com

www.bccaustin.com

Office: 512.615.2341 | Cell: 512.695.6536

---

**From:** Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>
**Sent:** Tuesday, September 9, 2025 9:17 AM
**To:** Colombina Valera <Colombina@bccaustin.com>;
Leah.Friedman@lw.com <Leah.Friedman@lw.com>;
Shlomo.Fellig@lw.com <Shlomo.Fellig@lw.com>;
Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com <cwoodin@hueston.com>;
smishra@hueston.com <smishra@hueston.com>;
jonnypops.lwteam@lw.com <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>;
Tia.Thomas@lw.com <Tia.Thomas@lw.com>; Zach.Edelman@lw.com <Zach.Edelman@lw.com>;
Steve.Feldman@lw.com <Steve.Feldman@lw.com>;

Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>;
Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>
**Subject:** RE: *SUSPECTED SPAM* Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Thanks, Colombina—we will get this filed shortly.

**Karla V. Mardueño**

**LATHAM & WATKINS LLP**

330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611

D: +1.312.876.7705

---

**From:** Colombina Valera <Colombina@bccaustin.com>
**Sent:** Monday, September 8, 2025 10:07 PM
**To:** Mardueño, Karla (CH) <Karla.Mardueno@lw.com>; Friedman, Leah (NY)
<Leah.Friedman@lw.com>; Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>; Ramirez, Anthony (NY)
<Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com; smishra@hueston.com; #C-M
JONNYPOPS - LW TEAM <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>;
Thomas, Tia (NY) <Tia.Thomas@lw.com>; Edelman, Zach (BN) <Zach.Edelman@lw.com>; Feldman,
Steve (NY-LA) <Steve.Feldman@lw.com>; Feinerman, Gary (CH) <Gary.Feinerman@lw.com>;
Schlossman, Nicholas (ATX-DC) <Nicholas.Schlossman@lw.com>
**Subject:** Re: *SUSPECTED SPAM* Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Hi Karla, you have our consent to file.

Thanks!

Colombina

Colombina Valera

Associate



1209 Nueces Street

Austin, Texas 78701

colombina@bccaustin.com

www.bccaustin.com

Office: 512.615-2341 | Cell: 512.695.6536

---

**From:** Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>
**Sent:** Monday, September 8, 2025 1:08 PM
**To:** Colombina Valera <Colombina@bccaustin.com>;
Leah.Friedman@lw.com <Leah.Friedman@lw.com>;
Shlomo.Fellig@lw.com <Shlomo.Fellig@lw.com>;
Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com <cwoodin@hueston.com>;
jhueston@hueston.com <jhueston@hueston.com>;
smishra@hueston.com <smishra@hueston.com>;
jonnypops.lwteam@lw.com <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>;
Tia.Thomas@lw.com <Tia.Thomas@lw.com>; Zach.Edelman@lw.com <Zach.Edelman@lw.com>;
Steve.Feldman@lw.com <Steve.Feldman@lw.com>;
Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>;
Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>
**Subject:** RE: *SUSPECTED SPAM* Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers


Colombina,


Please see attached a draft agreed motion for an extension and proposed order.  Let us know if we have your consent to file.


We will follow up separately with our proposed search terms.


Best,

Karla

**Karla V. Mardueño**

**LATHAM & WATKINS** LLP

330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611

D: +1.312.876.7705

---

**From:** Colombina Valera <Colombina@bccaustin.com>
**Sent:** Monday, September 8, 2025 9:56 AM
**To:** Mardueño, Karla (CH) <Karla.Mardueno@lw.com>; Friedman, Leah (NY) <Leah.Friedman@lw.com>; Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>; Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com; jhueston@hueston.com; smishra@hueston.com; #C-M JONNYPOPS - LW TEAM <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>; Thomas, Tia (NY) <Tia.Thomas@lw.com>; Edelman, Zach (BN) <Zach.Edelman@lw.com>; Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Feinerman, Gary (CH) <Gary.Feinerman@lw.com>; Schlossman, Nicholas (ATX-DC) <Nicholas.Schlossman@lw.com>
**Subject:** Re: *SUSPECTED SPAM* Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Thank you, Karla. We will keep an eye our for the joint motion as well as your search terms and Rog 18 docs.

Best,

Colombina

Colombina Valera

Associate



1209 Nueces Street

Austin, Texas 78701

colombina@bccaustin.com

www.bccaustin.com

Office: 512.615.2341 | Cell: 512.695.6536

---

**From:** Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>
**Sent:** Friday, September 5, 2025 7:42 PM
**To:** Colombina Valera <Colombina@bccaustin.com>;
Leah.Friedman@lw.com <Leah.Friedman@lw.com>;
Shlomo.Fellig@lw.com <Shlomo.Fellig@lw.com>;
Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com <cwoodin@hueston.com>;
jhueston@hueston.com <jhueston@hueston.com>;
smishra@hueston.com <smishra@hueston.com>;
jonnypops.lwteam@lw.com <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>;
Tia.Thomas@lw.com <Tia.Thomas@lw.com>; Zach.Edelman@lw.com <Zach.Edelman@lw.com>;
Steve.Feldman@lw.com <Steve.Feldman@lw.com>;
Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>;
Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>
**Subject:** RE: *SUSPECTED SPAM* Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Colombina,

Thank you for your response.  We accept the extension and confirm JonnyPops' response is due September 16.  We will follow up with a draft of the joint motion for an extension next week.

We will provide proposed search terms next week and look forward to working with you to reach agreement in advance of the September 16 deadline. Regarding Interrogatory 18, we will identify, as feasible, the documents from our productions that will be referenced in our supplemental response.

Regards,

Karla

**Karla V. Mardueño**

**LATHAM & WATKINS** LLP

330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611

D: +1.312.876.7705

---

**From:** Colombina Valera <Colombina@bccaustin.com>
**Sent:** Friday, September 5, 2025 4:12 PM
**To:** Mardueño, Karla (CH) <Karla.Mardueno@lw.com>; Friedman, Leah (NY) <Leah.Friedman@lw.com>; Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>; Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com; jhueston@hueston.com; smishra@hueston.com; #C-M JONNYPOPS - LW TEAM <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>; Thomas, Tia (NY) <Tia.Thomas@lw.com>; Edelman, Zach (BN) <Zach.Edelman@lw.com>; Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Feinerman, Gary (CH) <Gary.Feinerman@lw.com>; Schlossman, Nicholas (ATX-DC) <Nicholas.Schlossman@lw.com>
**Subject:** *SUSPECTED SPAM* Re: *SUSPECTED SPAM* Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Karla,

Thank you for your email. We're willing to agree to a week-long extension for JonnyPops' response to our Second Motion to Compel bringing the deadline for JonnyPops' Response to Tuesday September 16. In the meantime, we look forward to receiving your search terms for RFPs 61, 63-69, 71-72, and 74 and working with you on iterating those terms with the goal of reaching agreed terms well in advance of the September 16 Response deadline.

Thank you for confirming your agreement to supplement your response to Interrogatories 15-18. For Interrogatory 18, is JonnyPops willing to direct us to documents in its September 10 production that it plans to cite in its response to Interrogatory 18? This will save us time reviewing the September 10 production so we can moot our motion with respect to Interrogatory 18 before September 16.

We're happy to continue to discuss Jake Achterhoff.

Best,

Colombina


Colombina Valera

Associate



1209 Nueces Street

Austin, Texas 78701

colombina@bccaustin.com

www.bccaustin.com

Office: 512.615.2341 | Cell: 512.695.6536

---

**From:** Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>;
**Sent:** Thursday, September 4, 2025 5:11 PM
**To:** Colombina Valera <Colombina@bccaustin.com>;
Leah.Friedman@lw.com <Leah.Friedman@lw.com>;
Shlomo.Fellig@lw.com <Shlomo.Fellig@lw.com>;
Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com <cwoodin@hueston.com>;
jhueston@hueston.com <jhueston@hueston.com>;
smishra@hueston.com <smishra@hueston.com>;
jonnypops.lwteam@lw.com <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>;
Tia.Thomas@lw.com <Tia.Thomas@lw.com>; Zach.Edelman@lw.com <Zach.Edelman@lw.com>;
Steve.Feldman@lw.com <Steve.Feldman@lw.com>;
Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>;
Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>
**Subject:** RE: *SUSPECTED SPAM* Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers


Colombina,

We write in response to GoodPop's Motion to Compel (Dkt. #87), which GoodPop filed just before the motion conference yesterday.  Given the Court's guidance at the hearing and written order today denying GoodPop's prior motion (Dkt. #90), as well as the Court's unavailability to conduct motion hearings this month, we write to request that GoodPop withdraw its newly filed motion.

While we believe GoodPop's motion should not have been filed in the first place, it is particularly improper for GoodPop to pursue it in light of the hearing yesterday.  As explained in your September 2 email, GoodPop's pending motion is premised on the assertion that JonnyPops did not provide its search terms for the RFPs at issue.  In denying GoodPop's prior motion, the Court expressly declined to grant GoodPop any relief and instead directed "both parties to promptly exchange search terms and hit rates as those are developed." (Dkt. #90).  JonnyPops will comply with that directive as to the RFPs at issue in GoodPop's pending motion.  JonnyPops has also already agreed to supplement its response to Interrogatory Nos. 15–18, and we are willing to further discuss Achterhoff in the context of discussions regarding search terms, hit counts, and burden.

Please confirm by close of business tomorrow that GoodPop will withdraw its most recent motion to compel.  Absent GoodPop's agreement, we will oppose and reserve the right to seek costs incurred in responding.

Regards,

Karla

**Karla V. Mardueño**

**LATHAM & WATKINS** LLP

330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611

D: +1.312.876.7705

---

**From:** Colombina Valera <Colombina@bccaustin.com>
**Sent:** Tuesday, September 2, 2025 6:23 PM

**To:** Friedman, Leah (NY) <Leah.Friedman@lw.com>; Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>; Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com; jhueston@hueston.com; smishra@hueston.com; #C-M JONNYPOPS - LW TEAM <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>; Mardueño, Karla (CH) <Karla.Mardueno@lw.com>; Thomas, Tia (NY) <Tia.Thomas@lw.com>; Edelman, Zach (BN) <Zach.Edelman@lw.com>; Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Feinerman, Gary (CH) <Gary.Feinerman@lw.com>; Schlossman, Nicholas (ATX-DC) <Nicholas.Schlossman@lw.com>
**Subject:** Re: *SUSPECTED SPAM* Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Leah,

What's left are RFPs 61, 63-69, 71-72, and 74 since you have not provided the search terms you will be using for your upcoming production of documents responsive to these requests.

For Interrogatory 18, though we know it's JonnyPops position that it does not systematically track profits or costs on a product-by-product basis in the ordinary course of business and does not maintain comprehensive information on sales to retailers since it works primarily with distributors, it's our position that, where this information is in JonnyPops' possession it needs to produce what it has and note gaps, if any. JonnyPops must also provide as much information as it has with respect to purchasers, whether distributors or otherwise. We will still be moving on Interrogatory 18.

As for Interrogatories 8, 10, and 14, we will hold off on moving on these requests until after we've received your supplemental responses on September 12.

We've previously raised the issue of over-designation of Objections and Responses to RFPs and thought we had mutually agreed to de-designate this category of documents. You've had plenty of time today to confirm that RFP Objections and Responses do not need to be filed under seal. JonnyPops_000028 is the only other document besides these responses that we plant to cite that have been designated confidential. **Please let us know by 7:30 CT whether JonnyPops will de-designate these documents or consent to our sealing motion.**

Colombina

Colombina Valera

Associate



1209 Nueces Street

Austin, Texas 78701

colombina@bccaustin.com

www.bccaustin.com

Office: 512.615.2341 | Cell: 512.695.6536

---

**From:** Leah.Friedman@lw.com <Leah.Friedman@lw.com>
**Sent:** Tuesday, September 2, 2025 5:50 PM
**To:** Colombina Valera <Colombina@bccaustin.com>;
Shlomo.Fellig@lw.com <Shlomo.Fellig@lw.com>;
Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com <cwoodin@hueston.com>;
jhueston@hueston.com <jhueston@hueston.com>;
smishra@hueston.com <smishra@hueston.com>;
jonnypops.lwteam@lw.com <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>;
Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>;
Tia.Thomas@lw.com <Tia.Thomas@lw.com>; Zach.Edelman@lw.com <Zach.Edelman@lw.com>;
Steve.Feldman@lw.com <Steve.Feldman@lw.com>;
Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>;
Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>
**Subject:** RE: *SUSPECTED SPAM* Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Colombina, can you tell me what's left of your motion? We've agreed to searches for the RFPs that you raised and agreed to supplement our responses to the interrogatories that you raised. You refused to meet and confer today (which was improper), but you should at least tell us what you're planning to move on, since we've now addressed the issues you raised.

---

**From:** Colombina Valera <Colombina@bccaustin.com>

**Date:** Tuesday, Sep 02, 2025 at 6:44 PM

**To:** Friedman, Leah (NY) <Leah.Friedman@lw.com>, Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>, Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>

**Cc:** Kayna Levy <kayna@bccaustin.com>, cwoodin@hueston.com <cwoodin@hueston.com>, jhueston@hueston.com <jhueston@hueston.com>, smishra@hueston.com <smishra@hueston.com>, #C-M JONNYPOPS - LW TEAM <jonnypops.lwteam@lw.com>, Leah Buratti <leah@bccaustin.com>, Mardueño, Karla (CH) <Karla.Mardueno@lw.com>, Thomas, Tia (NY) <Tia.Thomas@lw.com>, Edelman, Zach (BN) <Zach.Edelman@lw.com>, Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>, Feinerman, Gary (CH) <Gary.Feinerman@lw.com>, Schlossman, Nicholas (ATX-DC) <Nicholas.Schlossman@lw.com>

**Subject:** *SUSPECTED SPAM* Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Thank you, Leah. Circling back to the sealing issue--will JonnyPops agree to de-designate as Confidential JonnyPops_000028 which is the Nutrition Facts Panel for the Red, White, and Boom Pops? And can you confirm that JonnyPops' Responses and Objections to GoodPop's Third and Fourth RFPs and First, Second, and Third Interrogatories have been de-designated?

If not, does JonnyPops consent to us filing a motion to file these documents under seal?

Best,

Colombina

Colombina Valera

Associate



1209 Nueces Street

Austin, Texas 78701

colombina@bccaustin.com

www.bccaustin.com

Office: 512.615.2341 | Cell: 512.695.6536

---

**From:** Leah.Friedman@lw.com <Leah.Friedman@lw.com>
**Sent:** Tuesday, September 2, 2025 5:25 PM
**To:** Colombina Valera <Colombina@bccaustin.com>;
Shlomo.Fellig@lw.com <Shlomo.Fellig@lw.com>;
Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com <cwoodin@hueston.com>;
jhueston@hueston.com <jhueston@hueston.com>;
smishra@hueston.com <smishra@hueston.com>;
jonnypops.lwteam@lw.com <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>;
Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>;
Tia.Thomas@lw.com <Tia.Thomas@lw.com>; Zach.Edelman@lw.com <Zach.Edelman@lw.com>;
Steve.Feldman@lw.com <Steve.Feldman@lw.com>;
Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>;
Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>
**Subject:** RE: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Colombina,

We will produce responsive documents this week and on September 10 (the parties' agreed substantial completion deadline), and supplement our interrogatory responses on September 12.

For Interrogatory No. 18, JonnyPops does not systematically track costs or profits on a product basis in the ordinary course of business (as we've discussed many times). Also, because JonnyPops typically makes sales through distributors, not directly to retailers, JonnyPops does not maintain comprehensive information on the location of all product sales. We will supplement our response to address the remaining items in Rog 18.

Thanks,

Leah

**Leah Friedman**

**LATHAM & WATKINS** LLP

1271 Avenue of the Americas | New York, NY 10020

D: +1.212.906.1869

---

**From:** Colombina Valera <Colombina@bccaustin.com>
**Sent:** Tuesday, September 2, 2025 3:29 PM
**To:** Friedman, Leah (NY) <Leah.Friedman@lw.com>; Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>; Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com; jhueston@hueston.com; smishra@hueston.com; #C-M JONNYPOPS - LW TEAM <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>; Mardueño, Karla (CH) <Karla.Mardueno@lw.com>; Thomas, Tia (NY) <Tia.Thomas@lw.com>; Edelman, Zach (BN) <Zach.Edelman@lw.com>; Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Feinerman, Gary (CH) <Gary.Feinerman@lw.com>; Schlossman, Nicholas (ATX-DC) <Nicholas.Schlossman@lw.com>
**Subject:** Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Leah,

As you consider the below can you let me know whether JonnyPops will de-designate as Confidential JonnyPops_000028 which is the Nutrition Facts Panel for the Red, White, and Blue Pops since the information is available publicly?

Can you also confirm that JonnyPops' responses and objections to GoodPop's Third and Fourth RFPs and First, Second, and Third Interrogatories have been de-designated? I think both parties agreed to de-designate their discovery Objections and Responses a couple of months ago but I just want to be sure.

If JonnyPops is not willing to de-designate JonnyPops_000028 and its Objections and Responses we will file a motion to seal these exhibits along with our Motion to Compel. Does JonnyPops consent to the sealing motion?

Best,

Colombina

Colombina Valera

Associate



1209 Nueces Street

Austin, Texas 78701

colombina@bccaustin.com

www.bccaustin.com

Office: 512.615.2341 | Cell: 512.695.6536

---

**From:** Colombina Valera <Colombina@bccaustin.com>
**Sent:** Tuesday, September 2, 2025 12:48 PM
**To:** Leah.Friedman@lw.com <Leah.Friedman@lw.com>;
Shlomo.Fellig@lw.com <Shlomo.Fellig@lw.com>;
Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com <cwoodin@hueston.com>;
jhueston@hueston.com <jhueston@hueston.com>;
smishra@hueston.com <smishra@hueston.com>;
jonnypops.lwteam@lw.com <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>;
Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>;
Tia.Thomas@lw.com <Tia.Thomas@lw.com>; Zach.Edelman@lw.com <Zach.Edelman@lw.com>;
Steve.Feldman@lw.com <Steve.Feldman@lw.com>;
Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>;
Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>
**Subject:** Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Leah,

Thank you for your quick responses today. For RFPs 61, 63-69, 71-72, and 74, can you:

    1.    Provide a date certain for your production of responsive documents and;

  1. Tell us the search terms you plan on using to locate documents responsive to these requests?

For your responses to Interrogatories 15-17 and your supplemental responses to
Interrogatories 8, 10, 14, and 18 can you:

     1.       Provide a date certain for response and supplementation; and

   2.  Confirm that your supplemental response to Interrogatory 18 will respond to the
full scope of the interrogatory, including citing documents broader than those
produced in response to RFP 44 and providing sales broken out
customer/purchaser, regardless of whether the customer/purchaser is a retailer,
broker, distributor, direct consumer, etc.? We addressed why we think a citation to
RFP 44 documents will be insufficient in two separate emails on August 21. Those
emails are attached here.

If we receive the above information today, and the date and search terms are acceptable, we
can agree to not file our motion to compel.

Thank you!

Colombina

Colombina Valera

Associate



1209 Nueces Street

Austin, Texas 78701

colombina@bccaustin.com

www.bccaustin.com

Office: 512.615.2341 | Cell: 512.695.6536

**From:** Leah.Friedman@lw.com <Leah.Friedman@lw.com>
**Sent:** Tuesday, September 2, 2025 11:12 AM
**To:** Colombina Valera <Colombina@bccaustin.com>;
Shlomo.Fellig@lw.com <Shlomo.Fellig@lw.com>;
Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com <cwoodin@hueston.com>;
jhueston@hueston.com <jhueston@hueston.com>;
smishra@hueston.com <smishra@hueston.com>;
jonnypops.lwteam@lw.com <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>;
Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>;
Tia.Thomas@lw.com <Tia.Thomas@lw.com>; Zach.Edelman@lw.com <Zach.Edelman@lw.com>;
Steve.Feldman@lw.com <Steve.Feldman@lw.com>;
Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>;
Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>
**Subject:** RE: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

We also agree to supplement our responses to the interrogatories referenced in your email below. Thank you.

---

**From:** Friedman, Leah (NY) <Leah.Friedman@lw.com>

**Date:** Tuesday, Sep 02, 2025 at 11:13 AM

**To:** Colombina Valera <Colombina@bccaustin.com>, Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>, Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>

**Cc:** Kayna Levy <kayna@bccaustin.com>, cwoodin@hueston.com <cwoodin@hueston.com>, jhueston@hueston.com <jhueston@hueston.com>, smishra@hueston.com <smishra@hueston.com>, #C-M JONNYPOPS - LW TEAM <jonnypops.lwteam@lw.com>, Leah Buratti <leah@bccaustin.com>, Mardueño, Karla (CH) <Karla.Mardueno@lw.com>, Thomas, Tia (NY) <Tia.Thomas@lw.com>, Edelman, Zach (BN) <Zach.Edelman@lw.com>, Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>, Feinerman, Gary (CH) <Gary.Feinerman@lw.com>, Schlossman, Nicholas (ATX-DC) <Nicholas.Schlossman@lw.com>

**Subject:** RE: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Colombina,


We agree to conduct a reasonable search for non-privileged documents responsive to RFP Nos 61, 63-69, 71-72, and 74.  I will follow up separately about the rog responses this morning.


Thank you.

Leah

---

**From:** Colombina Valera <Colombina@bccaustin.com>

**Date:** Tuesday, Sep 02, 2025 at 10:49 AM

**To:** Friedman, Leah (NY) <Leah.Friedman@lw.com>, Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>, Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>

**Cc:** Kayna Levy <kayna@bccaustin.com>, cwoodin@hueston.com <cwoodin@hueston.com>, jhueston@hueston.com <jhueston@hueston.com>, smishra@hueston.com <smishra@hueston.com>, #C-M JONNYPOPS - LW TEAM <jonnypops.lwteam@lw.com>, Leah Buratti <leah@bccaustin.com>, Mardueño, Karla (CH) <Karla.Mardueno@lw.com>, Thomas, Tia (NY) <Tia.Thomas@lw.com>, Edelman, Zach (BN) <Zach.Edelman@lw.com>, Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>, Feinerman, Gary (CH) <Gary.Feinerman@lw.com>, Schlossman, Nicholas (ATX-DC) <Nicholas.Schlossman@lw.com>

**Subject:** Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers


Hi Leah,


Thanks for your email. Unfortunately, our team is not available for a call today, but we are available Thursday morning or Friday. Many of the issues covered by our motion have been pending for over a month, have been discussed across multiple meet and confers, and JonnyPops is still not specifically committing to supplementation or production on any of the specific requests we've said our motion will cover (RFPs 61, 63-69, 71-72, and 74 and Interrogatories 8,10, and 14-18). While we're still going to file our motion today, we're hopeful your upcoming production and interrogatory responses expected sometime this week

==will narrow the issues for the Court==. Please advise us of your team's availability for Thursday morning or sometime Friday.

Best,

Colombina

Colombina Valera

Associate



1209 Nueces Street

Austin, Texas 78701

colombina@bccaustin.com

www.bccaustin.com

Office: 512.615.2341 | Cell: 512.695.6536

---

**From:** Leah.Friedman@lw.com <Leah.Friedman@lw.com>
**Sent:** Tuesday, September 2, 2025 5:11 AM
**To:** Colombina Valera <Colombina@bccaustin.com>;
Shlomo.Fellig@lw.com <Shlomo.Fellig@lw.com>;
Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>
**Cc:** Kayna Levy <kayna@bccaustin.com>; cwoodin@hueston.com <cwoodin@hueston.com>;
jhueston@hueston.com <jhueston@hueston.com>;
smishra@hueston.com <smishra@hueston.com>;
jonnypops.lwteam@lw.com <jonnypops.lwteam@lw.com>; Leah Buratti <leah@bccaustin.com>;
Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>;
Tia.Thomas@lw.com <Tia.Thomas@lw.com>; Zach.Edelman@lw.com <Zach.Edelman@lw.com>;
Steve.Feldman@lw.com <Steve.Feldman@lw.com>;
Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>;
Nicholas.Schlossman@lw.com <Nicholas.Schlossman@lw.com>
**Subject:** RE: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Good morning, Colombina. ==We'd like to meet and confer before you file your motion to see whether we can narrow the issues for the Court.== Members are traveling today, but can you please let us know your availability for a conference this afternoon?

---

**From:** Friedman, Leah (NY) <Leah.Friedman@lw.com>

**Date:** Tuesday, Sep 02, 2025 at 3:28 AM

**To:** Colombina Valera <Colombina@bccaustin.com>, Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>, Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>

**Cc:** Kayna Levy <kayna@bccaustin.com>, cwoodin@hueston.com <cwoodin@hueston.com>, jhueston@hueston.com <jhueston@hueston.com>, smishra@hueston.com <smishra@hueston.com>, #C-M JONNYPOPS - LW TEAM <jonnypops.lwteam@lw.com>, Leah Buratti <leah@bccaustin.com>, Mardueño, Karla (CH) <Karla.Mardueno@lw.com>, Thomas, Tia (NY) <Tia.Thomas@lw.com>, Edelman, Zach (BN) <Zach.Edelman@lw.com>, Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>, Feinerman, Gary (CH) <Gary.Feinerman@lw.com>, Schlossman, Nicholas (ATX-DC) <Nicholas.Schlossman@lw.com>

**Subject:** RE: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Colombina,

We are planning to update our production and interrogatory responses this week to address these points. As I've said several times, key personnel at our client have been unavailable at the end of August and the period leading up to the Labor Day weekend. The parties have agreed on a substantial completion deadline of September 10 for document production and we intend to comply with that deadline. If you'd like to agree on a deadline for the parties to update their written discovery responses, we're happy to do that too. Your motion to compel if inappropriate.

Leah

**From:** Colombina Valera <Colombina@bccaustin.com>

**Date:** Monday, Sep 01, 2025 at 10:50 PM

**To:** Fellig, Shlomo (BN) <Shlomo.Fellig@lw.com>, Friedman, Leah (NY) <Leah.Friedman@lw.com>, Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>

**Cc:** Kayna Levy <kayna@bccaustin.com>, cwoodin@hueston.com <cwoodin@hueston.com>, jhueston@hueston.com <jhueston@hueston.com>, smishra@hueston.com <smishra@hueston.com>, #C-M JONNYPOPS - LW TEAM <jonnypops.lwteam@lw.com>, Leah Buratti <leah@bccaustin.com>, Mardueño, Karla (CH) <Karla.Mardueno@lw.com>, Thomas, Tia (NY) <Tia.Thomas@lw.com>, Edelman, Zach (BN) <Zach.Edelman@lw.com>, Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>, Feinerman, Gary (CH) <Gary.Feinerman@lw.com>, Schlossman, Nicholas (ATX-DC) <Nicholas.Schlossman@lw.com>

**Subject:** Re: GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Leah, Schlomo, and Anthony,

We are planning on filing a Motion to Compel tomorrow covering our Third and Fourth RFPs and First, Second, and Third Interrogatories. Specifically, we are moving to compel with respect to RFPs 61, 63-69, 71-72, and 74 and Interrogatories 8,10, and 14-18. We met and conferred on these requests on at least July 15 and during the weeks of August 11 and August 18. For the majority of these requests JonnyPops either insisted on reciprocity, when we've made clear our claims are not mirror images of one another, or agreed to investigate whether it would respond, committed to get back to us by an agreed deadline and never did.

As to Interrogatories 8, 10, 14 JonnyPops' supplemental responses remain deficient, and JonnyPops did not amend its responses to Interrogatories 15-17 despite agreeing to. Also, JonnyPops still has not supplemented its Interrogatory 18 response, and based on the financial documents JonnyPops produced and your previous statement that you intend to provide a 33(d) response to Interrogatory 18, this issue is ripe.

Lastly, our motion will also cover our request that JonnyPops collect and produce documents from Marketing Lead Jake Achterhoff. During our August 14 meet and confer, JonnyPops agreed to consider the request and respond the following Monday, August 18, but ultimately never followed up.

We are prepared to revise our motion with respect to these requests if JonnyPops can direct us to specific responsive documents in its last production that fulfill these requests. However, these requests have been pending for many months, and it appears that the parties are at an impasse on these issues at this point.

Colombina

Colombina Valera

Associate



1209 Nueces Street

Austin, Texas 78701

[colombina@bccaustin.com](mailto:colombina@bccaustin.com)

[www.bccaustin.com](http://www.bccaustin.com)

Office: 512.615-2341 | Cell: 512.695.6536

---

**From:** Leah Buratti <[leah@bccaustin.com](mailto:leah@bccaustin.com)>
**Sent:** Thursday, August 21, 2025 6:45 PM
**To:** [Shlomo.Fellig@lw.com](mailto:Shlomo.Fellig@lw.com) <[Shlomo.Fellig@lw.com](mailto:Shlomo.Fellig@lw.com)>;
[Leah.Friedman@lw.com](mailto:Leah.Friedman@lw.com) <[Leah.Friedman@lw.com](mailto:Leah.Friedman@lw.com)>;
[Anthony.Ramirez@lw.com](mailto:Anthony.Ramirez@lw.com) <[anthony.ramirez@lw.com](mailto:anthony.ramirez@lw.com)>
**Cc:** Kayna Levy <[kayna@bccaustin.com](mailto:kayna@bccaustin.com)>; [cwoodin@hueston.com](mailto:cwoodin@hueston.com) <[cwoodin@hueston.com](mailto:cwoodin@hueston.com)>;
[jhueston@hueston.com](mailto:jhueston@hueston.com) <[jhueston@hueston.com](mailto:jhueston@hueston.com)>;
[smishra@hueston.com](mailto:smishra@hueston.com) <[smishra@hueston.com](mailto:smishra@hueston.com)>;
[jonnypops.lwteam@lw.com](mailto:jonnypops.lwteam@lw.com) <[jonnypops.lwteam@lw.com](mailto:jonnypops.lwteam@lw.com)>; Colombina Valera
<[Colombina@bccaustin.com](mailto:Colombina@bccaustin.com)>; [Karla.Mardueno@lw.com](mailto:Karla.Mardueno@lw.com) <[karla.mardueno@lw.com](mailto:karla.mardueno@lw.com)>;
[Tia.Thomas@lw.com](mailto:Tia.Thomas@lw.com) <[tia.thomas@lw.com](mailto:tia.thomas@lw.com)>; [Zach.Edelman@lw.com](mailto:Zach.Edelman@lw.com) <[zach.edelman@lw.com](mailto:zach.edelman@lw.com)>;
[Steve.Feldman@lw.com](mailto:Steve.Feldman@lw.com) <[steve.feldman@lw.com](mailto:steve.feldman@lw.com)>;
[Gary.Feinerman@lw.com](mailto:Gary.Feinerman@lw.com) <[gary.feinerman@lw.com](mailto:gary.feinerman@lw.com)>;
[nicholas.schlossman@lw.com](mailto:nicholas.schlossman@lw.com) <[nicholas.schlossman@lw.com](mailto:nicholas.schlossman@lw.com)>
**Subject:** GoodPops/JonnyPops - Aug 14, 15, 19, 20 Meet and Confers

Leah, Shlomo, Anthony,

I write to recap our meet and confer calls of August 15, August 19, and August 20

**8/15 - Production Deficiencies for RFPs covered by July 18 Order (continued)**

On Friday 8/15, we picked up where we left off the previous day -- with deficiencies identified in our July 24 email, and then we turned to issues from our August 8 email. The call was only 30 minutes long.

We started our call by circling back to an issue from the July 24 Email:

RFPs 8 (marketing materials), 9 (better-for-you claims), 14 (Ice Pops marketing materials), 16 (decision to market products with images of fruit), 17 (decision to market with better-for-you claims); 53 (decision to launch products with better-for-you/NSA claims); 54 (better-for-you business strategy): JonnyPops' production is incomplete because it does not include documents/communications discussing marketing and advertising plans with respect to JonnyPops' use of better-for-you words and phrases, such as "wholesome," "nutrition," "low sugar," "fake fruit", "added sugar," "NSA," or terms to identify images of fruit. We asked whether JonnyPops will be running these types of terms, and JonnyPops agreed to follow up and doublecheck if these terms were run and stated that, in any event, when JonnyPops shares its search terms that evening (Friday), we would be able to determine whether these terms were run.

Then we turned to our August 8 letter:

RFPs Nos. 6 (nutritional content), 9 (better-for-you claims), 10 (changes to content), 13 (public representations about nutritional content), 14 (Ice Pops marketing material), 19 (advertising to children under 18), 20 (advertising to parents), 49 (inducement of third parties), 54 (better-for-you business strategy):

As we had previously stated in correspondence, we reiterated on the call that the production responsive to these requests is incomplete because where JonnyPops had run the search term "Ice Pops," it should have used the term *pop* so as to include "water pop*" or waterpop, etc., and also included the actual names of the products at issue (for example: (*pop* or rainbow* or stack* or sunrise* or wave* or Boom or RWB or watermelon or paradise or berry or star or [any/all terms or abbreviations used for the JonnyPops products at issue]). It is apparent that JonnyPops internally uses the product names or the term water pop, rather than "ice pop," to refer to its products that GoodPop has identified in its Complaint and that fall within the definition of "Ice Pop" in GoodPop's RFPs.

JonnyPops stated that the hit count for a search string of product names and "water pop*" or "waterpop*" is burdensomely large and that it will not commit to running these search terms. We stated our position that the volume of hits for these terms squarely reflects the ubiquitous use and importance of this term.

We explained that the search terms that we provided in our emails communicate our view on appropriate search terms – not necessarily that it should be one long search string – and if JonnyPops does not like our proposal, then it needs to prepare appropriate search strings using those terms or modify the search in a reasonable way.  We also explained that, given the short time frame of the deadline for discovery, GoodPop's position is that either JonnyPops should just quickly produce documents that are actually responsive to these RFPs—and it has not—or it should produce all of the documents located using these search terms -- rather than continuing to slowly iterate on search terms.

GoodPop further explained its position that unless JonnyPops can settle on adequate search terms and produce responsive documents quickly, in light of the Sept 10 deadline, we will be forced to go to the Court and request that all documents are produced.


RFPs 9 (better-for-you claims), 16 (decision to market products with images of fruit), 17 (decision to market with better-for-you claims), 53 (decision to launch products with better-for-you/NSA claims); 54 (better-for-you business strategy): We discussed that JonnyPops' production of these documents is incomplete because although JonnyPops had agreed to search for "NSA," it would not commit to a production timeline other than the September 10 deadline. We explained that while financial documents are our priority, we'd appreciate JonnyPops' prioritizing production of documents located with the "NSA" term since you have already agreed to run it. (Later that evening, JonnyPops provided its search terms, which reflect that JonnyPops has only run "NSA" nested within a longer search string.)


RFPs 1 (GoodPop docs); 2 (competitors): We are specifically seeking the "GoodPop Freezer Velocity Comp" Excel document referenced in JonnyPops011846 and documents related to June 2024 Sales meeting covering sales-staff questions about the GoodPop lawsuit, including talking points that were prepared for sales staff. This document is referenced in JonnyPops033844. JonnyPops stated that it was going to have to determine whether these documents exist but did not provide a timeline for an update.


RFP 6 (nutritional content): We are specifically seeking any/all revisions to or versions of JonnyPops000928 (product labelling document) or updated versions of it. JonnyPops stated that it would look into these documents and follow up with us later in the day. It has not followed up.


RFPs 11-12 (public representations about ingredients/better for you claims), 14 (marketing materials), 21 (product launches), 49 (inducements others including all third parties to repeat better for you claims): We discussed that GoodPop specifically wants JonnyPops' communications with "JonnyPops Ambassadors"/"PopSquad" and communications with influencers/kidfluencers (or entities that engage with Influencers/kidfluencers on JonnyPops behalf) regarding the products at issue. Our position is that at a minimum these should be

produced based on RFPs 11 and 12. You said that you didn't understand what is meant by "influencer"—we said that we're confident that your client understands the term, and that we're using the term as it's used on modern, common usage. After much back and forth about scope and definition re: "influencer," you agreed to look into the "JonnyPops Ambassadors"/ "PopSquad" emails, and to ask JonnyPops for a list of influencers that it or its agents work with. You agreed to let us know by Tuesday or Wednesday of the coming week (now this week) whether they can identify their influencers and what your position is with respect to these RFPs.

RFPs 8 (marketing materials), 9 (better-for-you claims), 10 (changes to content), 16 (decision to market products with images of fruit), 17 (decision to market with better-for-you claims), 21 (product launches), 24 (consumer understanding of marketing materials), 54 (better-for-you business strategy):

- As to these RFPS, JonnyPops' production is missing documents related to the packaging design and advertising/marketing strategy for the products at issue, in particular from around the time of the launch of the products including documents that include the words "architecture," "design brief," "brief," "media plan" and/or "master key message." JonnyPops stated that the hit counts for these search terms are too numerous and that they have already run searches responsive to these RFPs. JonnyPops agreed to run the searches for "architecture," "design brief," "brief," "media plan" and/or "master key message" on email files and provide hit counts, and agreed to look into searching for these types of documents stored on servers and share drives rather than email.

- As to the "and not" modifiers such as (((Purchase W/1 order) OR ("Bill of Lading") OR ((Price W/1 Quotation) AND "Quotation Period") OR (INVOICE AND "Customer PO")) that JonnyPops has added to its search terms, including those for marketing documents, JonnyPops agreed to conduct a QC review to determine whether the modifiers exclude communications with brokers, distributors, and retailers or otherwise responsive documents. JonnyPops stated it anticipated it could get back to us on Tuesday 8/19 about responsive documents the modifiers have excluded. Thank you for recently following up on that issue.

- GoodPop has not identified documents related to JonnyPops' decision to include images of fruit on it packaging. We had requested that JonnyPops' run the followings searches, without any "and not" modifiers:

(Rainbow* or stack* or art* or image* or pic*) and (lemon* or lime* or grape*)

- ■ (summer or sunrise or pic* or image* or art*) and (cherr* or lemon*)

- ■ (blue or wave or pic* or image* or art*) and (blueberry* or raspberry* or lemon*)

- ■ (Art* or pic* or image* or box) and ("water pop*" or waterpop* or "ice pop*" or "icepop*" or stack* or freezer* or rainbow* or sunrise* or "wave*" or Boom or RWB or watermelon or paradise or berry or star or [any/all terms or abbreviations for the JonnyPops products at issue]

JonnyPops stated that running even just the first three search strings resulted in a combined total of hundreds of thousands of documents. JonnyPops agreed to run the search strings individually to determine whether any of the strings disproportionately account for the hundreds of thousands of documents initially found, and provide an individualized breakdown of hit counts. When do you anticipate providing us with that information?

RFPs 9 (better-for-you claims), (decision to launch products with better-for-you/NSA claims); 54 (better-for-you business strategy): GoodPop has not identified documents related to JonnyPops' decision to market its water pops with better-for-you claims. We've requested JonnyPops run at least the following searches without the "and not" modifiers: (better w/5 w/for w/5 you) or fruit* or wholesome or NSA or "fruit bar" or health*or "less sugar" or "fake fruit" or "low sugar" or sugar w/4 added or nutrition or health*


JonnyPops represented that it will run the NSA search term and that documents related to JonnyPops' marketing decisions may be among the documents it finds and plans to produce. Our view is that is step in the right direction, but insufficient.

RFPs 25-27 (retailer/customer complaints concerning nutritional content, better-for-you claims, and health effects), 50 (consumer feedback re: quality, nutrition, healthiness): JonnyPops has not collected/produced documents covering these RFPs beyond a handful of complaints about improper seals on its freezer pops. GoodPop has requested that JonnyPops run a search without the "and not" modifiers for "complain*" or "feedback." JonnyPops stated that its search terms cover these RFPs, but also agreed to do a manual collection of these documents. We've now received your search terms and see that JonnyPops has not searched for "complaint" in any fashion in its search strings.

RFPs 18, 19, 20 (social media advertising and posts and advertising to children and their parents): GoodPop is seeking communications and documents related to JonnyPops' social media posts, including those that have been removed and discussion of the reasons for their removal. GoodPop agreed to exclude Snapchat and Pinterest from this request and JonnyPops agreed to determine whether this made the request less burdensome. JonnyPops agreed to search for communications and documents concerning removal of social media posts. Both parties agreed to stipulate to the ownership and authenticity of their public social media posts.

Lastly, JonnyPops confirmed that all of its search terms are being run against all of its custodians. It also confirmed its agreement to let us know by Monday whether it will search for documents from Jake Achterhoff. And it confirmed that it would be sending its proposed search terms that evening.

### August 19 - GoodPop's 4th RFPs and 3rd Rogs and RFAs

We reconvened on August 19 to discuss other GoodPop discovery requests to JonnyPops.

As to Interrogatory 18, JonnyPops stated that the deficiencies in its response will be addressed by its supplemental production in response to RFP 44, and that it will update its response to Interrogatory 18 to refer to documents responsive to RFP 44. We explained that Interrogatory 18 is broader than RFP 44, and that just citing to its RFP 44 financials would not be sufficient. JonnyPops agreed to let us know by Wednesday 8/27 whether it will update its response to Interrogatory 18 to fully provide the information requested.

The information that JonnyPops has now produced in response to RFP 44 confirmes that it is not sufficient to answer Interrogatory No. 18. It does not include, for example, data on a customer/purchaser basis, units sold, COGs, or location of the sale. These example are non-limiting – as we explained on the call, we need all of the information requested by Interrogatory No. 18.

As to RFP 70 covering documents and communications related to the Forbes Magazine article JonnyPops, we discussed the relevance of the RFP and you said you would speak to your client and follow up with us on 8/27 about whether you will produce responsive documents.

For RFP 71 covering website, social media posts, and consumer reviews that have been removed, GoodPop agreed to narrow this RFP to the products at issue and anything related to a better-for-you claim. You agreed to confer with your client about whether it's possible to produce such documents and endeavor to get back to us by 8/27.

As to RFP 72 covering Google Ads/ and Ad words, JonnyPops agreed to run test searches and determine what the burden would be of producing documents responsive to the RFP as written, and provide specific examples that demonstrate whether the request is overbroad/unduly burdensome. It was our position that limiting this RFP would likely be more burdensome, rather than simply pulling and producing all of the JonnyPops

GoogleAds/AdWords – but that if it is demonstrably burdensome to do all, then we would consider limiting. We expressed concern that by limiting it to certain terms—without seeing all of the terms—important evidence would be missed.

As to RFP 74 covering contracts for sales and distribution of JonnyPops products, we discussed relevance: that these agreements show how JonnyPops sells and distributes its products, and how it generates revenue. You agreed to discuss with your client and get back to us.

As to JonnyPops' objections to GoodPop's First Requests for Admissions on the basis of vague or ambiguous terms, we agreed to provide a list of definitions for those terms and JonnyPops agreed to supplement its responses applying those definitions. JonnyPops agreed to try to supplement its responses within 9 days of getting the definitions. We anticipate sending you those definitions today or tomorrow.

We agreed to follow up by email about any deficiencies identified in JonnyPops' supplemental responses to GoodPop's First Interrogatories.

**August 20- GoodPop's Request for Hearing re: July 18 Order**

JonnyPops requested this meet and confer to discuss the issues that we intended to raise with the Court. We explained that we intended to go to the Court on the issues we had raised in correspondence and on which we had met and conferred, because JonnyPops' search terms (provided on Friday) did not reflect the steps that we had understood/expected that JonnyPops would be taking to address the deficiencies we had identified and discussed.

You asked that we provide our proposed search terms, and I said that we had sent them on Monday – you were able to locate them.

We all confirmed that when we use the phrase "hit counts" when describing for instance, the burden to review and produce documents, we mean number of documents the search term finds, not how many times the search term appears in a document.

We expressed that it is our position that JonnyPops' Motion to Compel is premature/the issues were not ripe – based on the previous week's meet and confer calls, we thought we had time to get back to them about Alex Prosperi, and JonnyPops had never raised or discussed Kat Pollard on the calls.  We also requested an extension of time on our response to JonnyPops Motion to Compel in light of people on our team being out of office (which you have now

declined).

Best,

Leah


Leah Bhimani Buratti (she/her)

Botkin Chiarello Calaf

1209 Nueces Street

Austin, Texas 78701

leah@bccaustin.com

www.bccaustin.com

Direct: 512.566.3909


The information contained in this electronic message is confidential and may contain information that is subject to the attorney-client privilege or attorney work product doctrine. If the reader of this message is not the named recipient, you are hereby notified that any unauthorized review, distribution, copying, or other use of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by replying to this message and then delete this message from your computer.

---

**From:** Colombina Valera <Colombina@bccaustin.com>
**Date:** Thursday, August 14, 2025 at 11:53 PM
**To:** Leah.Friedman@lw.com <Leah.Friedman@lw.com>,
Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>,
Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>,
Steve.Feldman@lw.com <Steve.Feldman@lw.com>,
jhueston@hueston.com <jhueston@hueston.com>,
Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>,
Coco.Xu@lw.com <Coco.Xu@lw.com>,
jonnypops.lwteam@lw.com <jonnypops.lwteam@lw.com>,
Shlomo.Fellig@lw.com <Shlomo.Fellig@lw.com>
**Cc:** Leah Buratti <leah@bccaustin.com>, Kayna Levy <kayna@bccaustin.com>, Christine Woodin <cwoodin@hueston.com>, Sourabh Mishra <smishra@hueston.com>
**Subject:** Re: GoodPops/JonnyPops - July 18 Order

Leah, Schlomo, and Anthony,

Thanks for meeting today. I write to recap our discussion. We first discussed the issues that JonnyPops raised in its July 29 letter, but did not have time to reach some of the RFPs.

Then we turned to GoodPop's issues, which we also did not have time to finish. We agreed to reconvene on Friday, 8/15.

**JonnyPop's compliance with the Court's July 18 Order and the protocol for addressing any further disputes**

As ordered by the Court we attempted to confer as to the protocol for JonnyPops' compliance with the July 18 Order, as well as a protocol for disputes that arise related to your production. You stated that you are running search terms and will be producing documents on a rolling basis – but you would not commit to a timeline for production—as we requested. You agreed to share your search terms on Friday, 8/15.

As to the protocol for disputes, you tentatively agreed to an abbreviated briefing timeline whereby we raise deficiencies via mini-brief and you have 24 hours to respond with your position in the same number of pages, which will be combined. Then we will file the brief jointly for resolution via Zoom conference.

**Production Deficiencies for RFPs covered by July 18 Order**

As to deficiencies identified in our August 12 Email, you responded as follows:

RFP 36 (costs of ingredients): You stated you are producing documents tomorrow, 8/15, responsive to this request and that the production should identify all of the products identified in the Complaint as well as Watermelon Pops and Freezer Pops.

RFP 46 (retailer communications): You stated you have been reviewing these documents and will share the search terms you used to locate these documents by tomorrow, 8/15, and are on track to make a production tomorrow, 8/15. You said that your production will included communications with retailers.

RFP 49 (documents suggesting JonnyPops has induced repetition of better-for-you claims):

You stated you have been reviewing these documents and will share the search terms you used to locate these documents by tomorrow, 8/15, and are on track to make a production tomorrow, 8/15.

For each of these requests you stated your 8/15 production will substantially complete your response to these requests.

As to the deficiencies identified in my July 24 email, you responded as follows:

RFP 44 (financial documents): We noted that this RFP has been pending for over 7 months at this point. This RFP has been top priority for us, which was communicated to JonnyPops as early as March 13. Then, at least as early as April 1, we raised the deficiencies in JonnyPops' production of just a few financials documents you'd produced up to that point. We've since followed up countless times. As we stated on the call, JonnyPops' production in response to this RFP should have already been completed by now.  You stated you are aiming to produce responsive documents next week (but would not commit) and will confirm that the Watermelon Pops and Freezer Pops are included. You stated that the documents you are producing will also be sufficient to respond to Interrogatory 18, and that you will supplement your response to Interrogatory 18. You could not, however, confirm that the production will include documents we've specifically requested (such as documents showing financial information on a product-by-product basis). You also reiterated that JonnyPops does not track profit or margin information – but we disagreed, because we know from documents such as JonnyPops_001997 that at least profit margin information is kept by JonnyPops for some of its products. Such information must be produced.

RFP Nos. 25, 26, 27, 28, 46, 49 (retailer relationships and communications): You stated that you are continuing to search for and review these documents and will share search terms, tomorrow, 8/15. You stated that you would complete this production of responsive documents by 9/5. You confirmed that your production of documents in response to these RFPs would include communications with the retailers.

RFP No. 1: You spent a sizeable amount of time attempting to re-argue relevance and burden for RFP No. 1, in an effort to avoid producing the documents that hit on the terms "GoodPop*" or "Good Pop*" or "GP" or GP*." We noted that the parties had already met and conferred on this and other RFPs numerous times before filing the Motion to Compel, and the Court overruled any objections and ordered JonnyPops to produce the documents sought by RFP 1—relevance arguments have been resolved already. We reiterated that we want all documents located using the "GoodPop*" and "Good Pop*" search terms and you agreed to let us know by Monday, 8/18, whether JonnyPops agrees to produce these documents. As to the "GP" and "GP*" search terms, you stated you would provide narrowing proposals after running the searches and doing a QC to filter out non-responsive documents.

To be clear, our position is that JonnyPops must comply with the Court's July 18 order as to these and all of the RFPs that are the subject of the Order. By specifically identifying deficiencies, we are not winnowing down the scope of the RFPs covered by the Order.

Lastly, you agreed to look into whether JonnyPops will produce documents from Jake Atcheroff and let us know by Monday, 8/18.

We look forward to continuing our discussion tomorrow morning at 9:30 CT.

Best,

Colombina

Colombina Valera

Associate



1209 Nueces Street

Austin, Texas 78701

colombina@bccaustin.com

www.bccaustin.com

Office: 512.615.2341 | Cell: 512.695.6536

---

**From:** Leah Buratti <leah@bccaustin.com>
**Sent:** Wednesday, August 13, 2025 2:30 PM
**To:** Leah.Friedman@lw.com <Leah.Friedman@lw.com>; Kayna Levy <kayna@bccaustin.com>;
jhueston@hueston.com <jhueston@hueston.com>;
smishra@hueston.com <smishra@hueston.com>;
cwoodin@hueston.com <cwoodin@hueston.com>; Colombina Valera <Colombina@bccaustin.com>
**Cc:** Steve.Feldman@lw.com <Steve.Feldman@lw.com>;
Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>;

Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>; Coco.Xu@lw.com <Coco.Xu@lw.com>;
Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>;
jonnypops.lwteam@lw.com <jonnypops.lwteam@lw.com>
**Subject:** Re: GoodPops/JonnyPops - July 18 Order


Thanks Leah, talk to y'all tomorrow.


---

**From:** Leah.Friedman@lw.com <Leah.Friedman@lw.com>
**Date:** Wednesday, August 13, 2025 at 2:16 PM
**To:** Leah Buratti <leah@bccaustin.com>, Kayna Levy <kayna@bccaustin.com>,
jhueston@hueston.com <jhueston@hueston.com>,
smishra@hueston.com <smishra@hueston.com>,
cwoodin@hueston.com <cwoodin@hueston.com>, Colombina Valera
<Colombina@bccaustin.com>
**Cc:** Steve.Feldman@lw.com <Steve.Feldman@lw.com>,
Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>,
Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>,
Coco.Xu@lw.com <Coco.Xu@lw.com>,
Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>,
jonnypops.lwteam@lw.com <jonnypops.lwteam@lw.com>
**Subject:** RE: GoodPops/JonnyPops - July 18 Order

Yes, we'd like to discuss our letter of July 29.


We're fine allocating 45 minutes per side, and happy to discuss a protocol for applications to
the court.


---

**From:** Leah Buratti <leah@bccaustin.com>

**Date:** Wednesday, Aug 13, 2025 at 3:13 PM

**To:** Friedman, Leah (NY) <Leah.Friedman@lw.com>, Kayna Levy <kayna@bccaustin.com>,
jhueston@hueston.com <jhueston@hueston.com>, smishra@hueston.com <smishra@hueston.com>,
cwoodin@hueston.com <cwoodin@hueston.com>, Colombina Valera <Colombina@bccaustin.com>

**Cc:** Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>, Feinerman, Gary (CH)
<Gary.Feinerman@lw.com>, Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>, Xu, Coco (NY)
<Coco.Xu@lw.com>, Mardueño, Karla (CH) <Karla.Mardueno@lw.com>, #C-M JONNYPOPS - LW
TEAM <jonnypops.lwteam@lw.com>

**Subject:** Re: GoodPops/JonnyPops - July 18 Order

Thanks, Leah.

Just to make sure we're looking at the right materials – for your first bullet point, do you mean your letter dated July 29? Is that the same letter that you meant when you put August 28 in your third bullet point?

We would also like to discuss a protocol for raising disputes with the Court regarding compliance with the June 18 order.

Would you prefer that we take turns on our respective letters/emails/issues, or allocate 45 minutes per side? I'm concerned that we may still not have enough time to cover this much ground, but we'll do our best to be efficient.

---

**From:** Leah.Friedman@lw.com <Leah.Friedman@lw.com>
**Date:** Wednesday, August 13, 2025 at 5:00 AM
**To:** Leah Buratti <leah@bccaustin.com>, Kayna Levy <kayna@bccaustin.com>, jhueston@hueston.com <jhueston@hueston.com>, smishra@hueston.com <smishra@hueston.com>, cwoodin@hueston.com <cwoodin@hueston.com>, Colombina Valera <Colombina@bccaustin.com>
**Cc:** Steve.Feldman@lw.com <Steve.Feldman@lw.com>, Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>, Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>, Coco.Xu@lw.com <Coco.Xu@lw.com>, Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>, jonnypops.lwteam@lw.com <jonnypops.lwteam@lw.com>
**Subject:** RE: GoodPops/JonnyPops - July 18 Order

Leah,

We're available from 10:30 – 12:00 CT tomorrow.

We will need to discuss the following, added to your proposed items below:

- The deficiencies identified in our letter of July 28
- The deficiencies identified in our letter of August 7

GoodPop's failure to collect documents from persons with information relevant to this matter, addressed in our letter of August 28 and email of August 8

- GoodPop's July 24, Aug 8, and August 12 emails
- GoodPop's July 30 letter
- GoodPop's 3rd RFPs and 2nd Interrogatories
- GoodPop's 4th RFPs and 3rd Rogs
- GoodPop's Aug 7 email


Regards,

Leah



**Leah Friedman**


**LATHAM & WATKINS LLP**

1271 Avenue of the Americas | New York, NY 10020

D: +1.212.906.1869

---

**From:** Leah Buratti <leah@bccaustin.com>
**Sent:** Tuesday, August 12, 2025 4:52 PM
**To:** Friedman, Leah (NY) <Leah.Friedman@lw.com>; Kayna Levy <kayna@bccaustin.com>; jhueston@hueston.com; Sourabh Mishra <smishra@hueston.com>; Christine Woodin <cwoodin@hueston.com>; Colombina Valera <Colombina@bccaustin.com>
**Cc:** Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Feinerman, Gary (CH) <Gary.Feinerman@lw.com>; Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>; Xu, Coco (NY) <Coco.Xu@lw.com>; Mardueño, Karla (CH) <Karla.Mardueno@lw.com>; #C-M JONNYPOPS - LW TEAM <jonnypops.lwteam@lw.com>
**Subject:** Re: GoodPops/JonnyPops - July 18 Order


Leah,


Your email omitted the latest correspondence on these issues, I have added it below. Your email exemplifies the reasons why GoodPop declined from the outset to a protocol that depended on the parties negotiating search terms – it is too often used as a means to delay and obfuscate, rather than simply identifying and producing responsive documents.

The fact that JonnyPops will agree to produce the documents that hit on these search terms if GoodPop does so as well (without any showing of how these are relevant to JonnyPops' claims against GoodPop) negates JonnyPops' untimely burden arguments.

JonnyPops already had the opportunity to argue its objections to these RFPs to the Court and failed to do so, or the objections were overruled. It may not now come back and attempt to assert new burden objections.

The upshot is that JonnyPops has been ordered to produce documents responsive to these RFPs, but it has not done so and it has not proposed a plan/protocol or timeline for doing so. We reserve the right to seek sanctions, including but not limited to fees, if JonnyPops fails to timely produce documents as ordered by the Court.

You state that: "if you share specific searches tailored for specific RFPs that you believe we should consider—or specific categories of documents that you would like us to collect—we are happy to consider your proposals." I have done exactly that in my emails of July 24 and August 8, and you have rejected those proposals without sharing the specifics to support your claims of burden (for a second time) nor offering any counterproposal to address the deficiencies I noted.

We do not agree that JonnyPops may wait until the close of document discovery to complete its production of documents ordered by the Court. GoodPop proposes:

- JonnyPops completes its production of documents responsive to RFPs 36, 46, 49 by this Friday, August 15 – 4 weeks from the date of the Court's order.

- JonnyPops completes its supplemental production of documents to remedy the deficiencies identified in my email of July 24 by August 21 – 4 weeks from the date of my email.

- JonnyPops completes its supplemental production of documents to remedy the deficiencies identified in my August 8 email by Sept 5 – 4 weeks from the date of my email.

Let's plan to meet and confer on GoodPop's issues on Thursday at 10:30-11:30 CT.

1. JonnyPop's lack of compliance with the Court's July 18 order as identified in my July 24, Aug 8, and August 12 emails
2. GoodPop's July 30 letter
3. GoodPop's 3rd RFPs and 2nd Interrogatories
4. GoodPop's 4th RFPs and 3rd Rogs
5. The linked/missing documents identified in my Aug 7 email

We can use the following Zoom link: https://us06web.zoom.us/j/83643280430?
pwd=2LmUrSoWaNNXUEwc7TyAdeIEvKazXR.1.

 We can reconvene to discuss any issues that JonnyPops would like to cover at 12-1.


Our proposal for raising the disagreements regarding JonnyPop's failure to comply with the July 18 Order with the Court ("to the extent that the parties cannot agree on the protocol for carrying out this production, the parties may confer and propose to the Court a schedule for providing a brief joint filing raising any such issues, which the Court will decide in a subsequent hearing") is the same as what the parties did for the joint advisory:

- Friday, 730 am CT:  GoodPop to share its draft section (no more than 3 pages double spaced) with JonnyPops.

- Friday, 900 am CT:  JonnyPops to share its draft section (no more than 3 pages double spaced) with GoodPop.

- Friday, 10:30 am CT:  GoodPop to share consolidated brief.

- Friday, 12 pm CT:  GoodPop to file final consolidated brief.


Please let me know if this schedule is agreeable to JonnyPops and we will put together the proposed schedule to submit to the Court.


Thank you,

Leah


Leah Bhimani Buratti (she/her)

Botkin Chiarello Calaf

1209 Nueces Street

Austin, Texas 78701

leah@bccaustin.com

www.bccaustin.com

Direct: 512.566.3909


The information contained in this electronic message is confidential and may contain information that is subject to the attorney-client privilege or attorney work product doctrine. If the reader of this message is not the named recipient, you are hereby notified that any unauthorized review, distribution, copying, or other use of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by replying to this message and then

delete this message from your computer.

---

**From:** Leah.Friedman@lw.com <Leah.Friedman@lw.com>
**Date:** Tuesday, August 12, 2025 at 12:58 PM
**To:** Leah Buratti <leah@bccaustin.com>, Kayna Levy <kayna@bccaustin.com>,
jhueston@hueston.com <jhueston@hueston.com>,
smishra@hueston.com <smishra@hueston.com>,
cwoodin@hueston.com <cwoodin@hueston.com>, Colombina Valera
<Colombina@bccaustin.com>
**Cc:** Steve.Feldman@lw.com <Steve.Feldman@lw.com>,
Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>,
Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>,
Coco.Xu@lw.com <Coco.Xu@lw.com>,
Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>,
jonnypops.lwteam@lw.com <jonnypops.lwteam@lw.com>
**Subject:** RE: GoodPops/JonnyPops - July 18 Order

Leah,


The search terms we previously employed are more than adequate to capture responsive documents for the requests identified in your email below. Notably, GoodPop chose not to run analogs to the very searches you insist are relevant and necessary, despite JonnyPop issuing similar (and many cases, identical) requests to GoodPop. Please confirm whether GoodPop agrees to execute searches similar to the ones identified in your August 8 email. If not, please explain, in detail, the basis for your refusal.


We carefully considered the search terms you proposed, and they are overbroad, unduly burdensome, and not reasonably likely to identify responsive documents. For example, your initial search string—which contains over a hundred individual terms and breaks down to thousands of individual searches—hits on hundreds of thousands of documents. If you share specific searches tailored for specific RFPs that you believe we should consider—or specific categories of documents that you would like us to collect—we are happy to consider your proposals. But your sharing one massive search query that purports to relate to 50+ RFPs is not productive.


The same is true of even the narrow searches you proposed, which demonstrably seek irrelevant information, including searching for the words "rainbow" and "blue or "lemon;" or "box" and "freezer" or "star." These are just examples of the irrelevant searches you've proposed. We'll continue to investigate the search terms you suggested to see if there are any keywords that may be useful and sufficiently targeted.


As for your complaint that we used "and not" modifiers, we disagree. We included that

modifier based on our review, which confirmed that our original terms were hitting on non-responsive documents.  If you believe you are entitled to every bill of lading and invoice, please explain the relevance.

With respect to your email this morning, we did not agree to complete our production of documents on August 11.  We clearly stated on July 29 that we would begin producing documents responsive to GoodPop's Request Nos. 36, 46, and 49, and we proposed that both parties make a supplemental production on August 11.  You did not contest that proposal as to our production.  Subsequently, on August 4, we advanced our timeline, committing to begin supplemental productions last week and agreeing to rolling productions thereafter.  The same day, both parties agreed on September 10 as the deadline for substantial completion of document production.

We proceeded to make a supplemental production on August 8 as promised.  We will be making a further production this week and, as previously indicated, intend to continue with rolling productions thereafter.

As for the specific documents you identified, we will investigate further and follow up.

We are available to meet and confer on Thursday from 10-11 AM EST, 11:30 to 12:30 PM EST, 1 PM to 2 PM EST or 4 to 5 PM EST.

Regards,

Leah

**Leah Friedman**

**LATHAM & WATKINS LLP**

1271 Avenue of the Americas | New York, NY 10020

D: +1.212.906.1869

**From:** Leah Buratti leah@bccaustin.com
**Date:** Tuesday, August 12, 2025 at 6:20 AM
**To:** Leah.Friedman@lw.com Leah.Friedman@lw.com, Kayna Levy kayna@bccaustin.com, jhueston@hueston.com jhueston@hueston.com, smishra@hueston.com smishra@hueston.com, cwoodin@hueston.com cwoodin@hueston.com, Colombina Valera Colombina@bccaustin.com
**Cc:** Steve.Feldman@lw.com Steve.Feldman@lw.com, Gary.Feinerman@lw.com Gary.Feinerman@lw.com, Anthony.Ramirez@lw.com Anthony.Ramirez@lw.com, Coco.Xu@lw.com Coco.Xu@lw.com, Karla.Mardueno@lw.com Karla.Mardueno@lw.com
**Subject:** Re: GoodPops/JonnyPops - July 18 Order

Leah,

JonnyPops' production of August 8 is wholly insufficient to respond to Judge Howell's Order requiring production of documents in response to RFPs 36, 46, 49 (and 52) and JonnyPops did not complete its production on August 11 as you represented that it would. The production includes nothing responsive to RFP 26 or 49. It includes just 93 documents – and more than half of those documents are duplicative documents from the same two email threads. Please confirm that JonnyPops will be completing its production of responsive documents by Wed, August 13, which will be more than three weeks from the date of the Court's Order.

JonnyPops also has not served any supplemental production to address the numerous deficiencies in its production with respect to the many other RFPs (RFP Nos. 1-31, 37-42, 44-45, 47-48, 50-51, 53-57, and 60) for which it has been ordered to produce documents, as I identified in my July 24 correspondence (and more recently, on August 8). Per the Court's order requiring that the parties confer as to timing and protocol, please propose a date certain by which JonnyPops will be completing its production of documents responsive to RFP Nos. 1-31, 37-42, 44-45, 47-48, 50-51, 53-57, and 60, including addressing the numerous deficiencies and shortcomings that we have identified.

The Court ordered the parties to confer regarding the protocol and timing of the remaining production. When is JonnyPops available this week to confer about this and the other issues that I raise below? We are available between 9-11:30 and 2:30-5:30 CT today, we are available any time on Wed, and we are available any time before 3:30 CT on Thursday, and any time before 1:30 CT on Friday or between 4-CT on Friday.

Thank you,

Leah

Leah Bhimani Buratti (she/her)

Botkin Chiarello Calaf

1209 Nueces Street

Austin, Texas 78701

leah@bccaustin.com

www.bccaustin.com

Direct: 512.566.3909


The information contained in this electronic message is confidential and may contain information that is subject to the attorney-client privilege or attorney work product doctrine. If the reader of this message is not the named recipient, you are hereby notified that any unauthorized review, distribution, copying, or other use of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by replying to this message and then delete this message from your computer.

---

**From:** Leah Buratti <leah@bccaustin.com>
**Sent:** Friday, August 8, 2025 2:37 AM
**To:** Friedman, Leah (NY) <Leah.Friedman@lw.com>; Kayna Levy <kayna@bccaustin.com>; jhueston@hueston.com; smishra@hueston.com; cwoodin@hueston.com; Colombina Valera <Colombina@bccaustin.com>
**Cc:** Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Feinerman, Gary (CH) <Gary.Feinerman@lw.com>; Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>; Xu, Coco (NY) <Coco.Xu@lw.com>; Mardueño, Karla (CH) <Karla.Mardueno@lw.com>
**Subject:** Re: GoodPops/JonnyPops - July 18 Order


Leah,


Unfortunately we're not available during the 12-2 CT window on those days. We are generally available on Monday until 5:30 CT, or Tuesday between 9-11:30 and 2:30-5:30 CT. Is there a time in those windows that work for you?


I believe that we have the following on the agenda, so we should plan for at least a 90 minute call – though we will do our best to cover the issues efficiently and not use all of the time:


1. JonnyPops' July 29 letter
2. JonnyPop's compliance with the Court's July 18 order and the protocol for addressing any further disputes
3. GoodPop's July 30 letter

    4.  GoodPop's 3rd RFPs and 2nd Interrogatories
    5.  We should also meet and confer on GoodPop's 4th RFPs and 3rd Rogs
    6.  The linked/missing documents identified in my Aug 7 email

My responses to your email are inline below, including a specific request to address the water pop/waterpop search. We look forward to JonnyPops making a supplemental production this week, continuing to roll out its document production, and completing its production of documents responsive to RFP Nos. **36, 46 and 49** by August 11, as you stated below.

In addition to the specific shortcomings noted in my July 24 email, we have identified the following deficiencies in JonnyPops production of documents responsive to the RFPs in the Court's order. The requests below are not intended to be limiting, i.e., JonnyPops is under a Rule 26 obligation to conduct its own search based on its own knowledge, in addition to the requested documents discussed below.  Please confirm that JonnyPops will search for, collect, and produce responsive documents (if they exist) for the following RFPs by August 20.

RFPs 1-31, 35-42, 44-57, and 60
:

    JonnyPops' search terms, due to their over-use of "and not" and complex modifiers, have failed to identify and yield a reasonable production of documents responsive to GoodPops' RFPs. We propose the following search, which is limited to the products at issue:

    ("water pop*" or "waterpop* or "ice pop*" or "icepop*" or rainbow* or stack* or sunrise* or wave* or Boom or RWB or "freezer pop*" or "freezerpop*" or watermelon or paradise or berry or star or [any/all terms or abbreviations used for the JonnyPops products at issue]) AND

    Market* or Nutrition* or Ingredient* or BOM or advertis* or (better w/5 for w/5 you) or fruit or wholesome or NSA or health* or refined or unrefined or "less sugar" or "fake fruit" or sugar or ingredients or search or Google* or Facebook* or Amazon* or Instagram* or TikTok* or Costco* or WF* or "Whole Foods" or Target* or Sprouts* or Jewel* or HEB* or Kroger* or [names of all JonnyPops retailers followed by * and separated by "or"] or Kids or Children or Parents or mom* or Launch* or  demand or retail*  or  FDA  or  USDA or revenue or profit or cost or Influenc* or Kidfluence* or Ambassador* or PopSquad or Brief or art* or image* or pic* or appetite or Keyword or Search or "selling story" or "sell sheet" or Complain* or Feedback or Panel or Label or Box or "serving size or Broker or "Presentation Deck" or analy* or test* or compar* or review* or or market* or consumer* or customer* or distribut* or cost* or revenue or profit* or develop* or expense or income or "architecture*" or "brief*" or "media*" or "message* or strateg* or panel or package* or size or serving or broker or sale* or sell* or social or post or reel or video or sucrose or fructose or juice or concentrate or ads or adwords and PFS

RFPs 1, 2
:

- "GoodPop Freezer Velocity Comp" Excel document referenced in JonnyPops011846.
- Documents related to June 2024 Sales meeting covering sales-staff questions about GoodPop suit. It seems talking points were prepared for sales staff. Referenced in JonnyPops033844.

<u>RFP 6</u>

- Any/all revisions to or versions of JonnyPops000928 (product labelling document) or updated versions of it

<u>RFPs 6, 13, 18</u>

- JonnyPops communications to its "JonnyPops Ambassadors" / "PopSquad"
- Communications with influencers/"kidfluencers" (or entities that engage with Influencers/kidfluencers on JonnyPops' behalf) regarding the products at issue

<u>RFPs 8-10, 16-17, 21 24, 53-54</u>

- JonnyPops' production is missing documents related to the packaging design and advertising/marketing strategy for the products at issue, in particular from around the time of the launch of the products.  It appears that JonnyPops refers to its marketing planning and design documents as "architecture," "design brief," "brief," "media plan" and/or "master key message," but JonnyPops has not sought to collect and produce these documents for the products at issue consistently, although some have been caught in its email search. Please confirm that JonnyPops will:

  - Interview custodians likely to have knowledge of marketing/advertising campaigns and identify where these categories/types of documents are saved in JonnyPops' files / on its servers, and collect and produce such documents that address water pops and/or the specific products at issue in this case; and

  - Run the following search across the files collected: ("water pop*" or "waterpop*" or "ice pop*" or "icepop*" or rainbow* or stack* or sunrise* or wave* or Boom or RWB or "freezer pop*" or "freezerpop*" or watermelon or paradise or berry or star or [any/all terms or abbreviations used for the JonnyPops products at issue]) AND  Advertis* or better w/5 for w/5 you or fruit or wholesome or NSA or health* or "less sugar" or "fake fruit" or sugar or search or Google* or Facebook* or Amazon* or Instagram* or TikTok* or Kidfluence* or Ambassador* or PopSquad or Brief or art* or image* or pic* or Keyword or Search or "selling story" or "sell sheet" or "Presentation Deck" or analy* or test* or market* or consumer* or customer* or "architecture*" or "brief*" or "media*" or "message* or strateg* or panel or package* or broker or sale* or sell* or social or post or reel or video or sucrose or fructose or juice or concentrate or ads or adwords

  - Do not include "and not" modifiers in the search strings, such as (((Purchase W/1 order) OR ("Bill of Lading") OR ((Price W/1 Quotation) AND "Quotation Period") OR (INVOICE AND "Customer PO"))

- We have not identified documents related to JonnyPops' decision to include

images on its packaging of fruit not found in the product, and it seems that JonnyPops' search may not have been conducted in such a way as to actually identify these documents. Please confirm that JonnyPops will:

- ○ Interview custodians likely to have knowledge of marketing/advertising and identify by who/when the packaging changes were made to include the fruit images found on JonnyPops packaging that is not included in the product, identify where these categories/types of documents are saved in JonnyPops' files / on its servers, and collect and produce such documents that address water pops and/or the specific products at issue in this case; and

- ○ Run the following searches across the files collected:

  - ■ (Rainbow* or stack* or art* or image* or pic*) and (lemon* or lime* or grape*)

  - ■ (summer or sunrise or pic* or image* or art*) and (cherr* or lemon*)

  - ■ (blue or wave or pic* or image* or art*) and (blueberry* or raspberry* or lemon*)

  - ■ (Art* or pic* or image* or box) and ("water pop*" or waterpop* or "ice pop*" or "icepop*" or stack* or freezer* or rainbow* or sunrise* or "wave*" or Boom or RWB or watermelon or paradise or berry or star or [any/all terms or abbreviations for the JonnyPops products at issue]

- ○ Do not include "and not" modifiers in the search strings, such as (((Purchase W/1 order) OR ("Bill of Lading") OR ((Price W/1 Quotation) AND "Quotation Period") OR (INVOICE AND "Customer PO"))

RFPs 9, 53-54

- We have not identified documents related to JonnyPops' decision to market its water pops with better-for-you claims, and it seems that JonnyPops' search may not have been conducted in such a way as to actually identify these documents. Please confirm that JonnyPops will:

  - ○ Interview custodians likely to have knowledge of marketing/advertising and identify by who/when decision was made to market the products at issue using better for you claims, identify where these categories/types of documents are saved in JonnyPops' files / on its servers, and collect and produce such documents that address water pops and/or the specific products at issue in this case; and

  - ○ Run at least the following searches across the files collected: (better w/5 w/for w/5 you) or fruit* or wholesome or NSA or "fruit bar" or health*or "less sugar" or "fake fruit" or "low sugar" or sugar w/4 added or nutrition or health*

  - ○ Do not include "and not" modifiers in the search strings, such as (((Purchase W/1 order) OR ("Bill of Lading") OR ((Price W/1 Quotation) AND "Quotation Period") OR (INVOICE AND "Customer PO"))

- Jack Achterhoff appears to have been a marketing director for JonnyPops during the time when it was launching its water pop products and designing/deploying its marketing campaign for those products. His files should be collected, searched for responsive documents, and any responsive documents should be produced.

RFPs 25, 26, 27, 50

- It does not appear as though JonnyPops has collected/produced documents and communications covering retailer and consumer feedback and complaints; there are just a few documents in the production addressing complaints regarding improper seals on freezer pops. It seems that JonnyPops' search may not have been conducted in such a way as to actually identify these documents. Please confirm that JonnyPops will:

    - Interview custodians likely to have knowledge of feedback/complaints that JonnyPops receives from consumers/retailers regarding its waterpops, identify where these categories/types of documents are saved in JonnyPops' files / on its servers, and collect and produce such documents that address water pops and/or the specific products at issue in this case; and

    - Run the following searches across the files collected: complain* or feedback

    - Do not include "and not" modifiers in the search strings, such as (((Purchase W/1 order) OR ("Bill of Lading") OR ((Price W/1 Quotation) AND "Quotation Period") OR (INVOICE AND "Customer PO"))

RFPs 18, 19, 20

- JonnyPops' social media posts, including those that have been removed and discussion for the reasons for their removal.

RFPs 22, 23, 24, 47-48, 54

- 2023 Consumer Survey Results referenced in JonnyPops035173.

- JonnyPops documents and communications re: a market survey concerning sugar claims by competing brands, specifically the presentation referenced in JonnyPops003592 and JonnyPops003594-3601.

RFPs 28, 49, 11, 12, 13

- It appears that JonnyPops routinely maintains sales presentations and "selling stories" but those documents have not been consistently collected and produced for the products at issue. We are missing such documents for at least the following JonnyPops customers/targets:

    - Costco (2018-2021, 2024); Target (2018-2020, 2022-2025); Whole Foods (2018-2020, 2022-2025--specifically the presentation referenced in JonnyPops020950); Kroger (2018-2019, 2021-2022); Albertson's (2018-2019, 2022, 2024);  Sprouts (2018, 2020-2021); Jewel (2018-2019; 2021; 2023-2025); Publix (2018, 2020, 2022-2025). We also have no presentations made to Amazon or H-E-B.

- The SKU Sell Sheets for years other than 2022 (referenced in JonnyPops045527) have not been produced.

- Individual SKU Slides, referenced in JonnyPops045527, have not been produced.

- The .png images showing sales data are missing from numerous JonnyPops-produced documents (JonnyPops018065 is one example).

- JonnyPops did not produce the slide shared with John Brust to send to Holly at Kroger, referenced in JonnyPops016240.

- Any talking points prepared by Paige Lindquist, or any other JP employee, referenced in JonnyPops045527, related to ingredient costs, product pricing, and sweeteners.

- Communications with retailers and sales brokers regarding the products at issue (e.g. there is only a single thread from 2020 and then nothing at all in 2021 or 2022 for Whole Foods; for Costco there are only 2 emails from 2023 and only 3 emails for all of 2024)

- "Expo West GoodPop Responses 2024.docx" document referenced in JonnyPops021145 and JonnyPops037514.

RFP 40

- JonnyPops should produce the "Product Formulation Statement (PFS) for Documenting Vegetables and Fruits / Smart Snack Specifications / documentation regarding the USDA Smart Snack Rule that have been completed or submitted for the products at issue

RFP 55

- Org charts starting from 2018 through present. JonnyPops has produced only what appears to be the current org chart.

Best,

Leah

Leah Bhimani Buratti (she/her)

Botkin Chiarello Calaf

1209 Nueces Street

Austin, Texas 78701

leah@bccaustin.com

www.bccaustin.com

Direct: 512.566.3909

The information contained in this electronic message is confidential and may contain information that is subject to the attorney-client privilege or attorney work product doctrine. If the reader of this message is not the named recipient, you are hereby notified that any unauthorized review, distribution, copying, or other use of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by replying to this message and then delete this message from your computer.

**From:** Leah.Friedman@lw.com <Leah.Friedman@lw.com>

**Date:** Monday, August 4, 2025 at 7:20 PM
**To:** Leah Buratti <leah@bccaustin.com>, Kayna Levy <kayna@bccaustin.com>,
jhueston@hueston.com <jhueston@hueston.com>,
smishra@hueston.com <smishra@hueston.com>,
cwoodin@hueston.com <cwoodin@hueston.com>, Colombina Valera
<Colombina@bccaustin.com>
**Cc:** Steve.Feldman@lw.com <Steve.Feldman@lw.com>,
Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>,
Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>,
Coco.Xu@lw.com <Coco.Xu@lw.com>,
Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>
**Subject:** RE: GoodPops/JonnyPops - July 18 Order

Leah,


We are available to meet and confer this week on Wednesday, Thursday or Friday between
1 and 3 pm ET.  We intend to make a supplemental production this week and agree to
make rolling productions thereafter.


Should disputes arise regarding the sufficiency of JonnyPops's compliance with the Court's
order, we agree that either party may make an application to the Court.  However, any such
application should follow the procedures specified in the Court's rules. The Court's order at
pages 1-2 contemplates that the parties "may confer and propose to the Court a schedule
for providing a brief joint filing raising any such issues . . ."


Regarding the financial information you request, as we've told you a number of times,
JonnyPops does not track profits at the product level for any product in the ordinary course
of business. Will JonnyPops be producing revenue information on a product-by-product
monthly basis, and gross profit and cost information in whatever format costs are tracked in
the ordinary course? What about the information requested by interrogatory 18?


As to the specific search terms that you asked us to run in your email of July 24, we do not
understand your argument that JonnyPops is "flouting" its obligations to conduct a
reasonable search.  You asked us to run specific search terms and we did exactly that.
Now you are asking us to run additional terms.  We have cooperated with your requests
and there is no basis for your claim that JonnyPops is failing to observe its obligations.
JonnyPops failed to run basic, necessary search terms and produce the hits; has refused to
produce documents that hit on those terms based on burden – but without disclosing term-
by-term hit count; and JonnyPops still has not agreed to produce documents that hit on
those search terms. JonnyPops has also responded to all of GoodPop's recent RFPs with
blanket, unjustified refusals to collect and produce documents.


While we dispute your claim that our search methodology is lacking in any way, we have

run the additional term that you requested ("Good Pop*") and are providing a breakdown of the related terms.  With document families, the term"GP*" returns 40,787 hits; the term "GoodPop*" returns 7,713 hits; and the term "Good Pop*" returns 2,923 hits.  As we said in our last email, given the volume, reviewing all of these results would be unduly burdensome.  We have already produced several thousand documents that hit on these search terms, which demonstrates that our existing terms did identify the documents that are pertinent to this case.

What does "GP*" refer to other than GoodPop, and why can JonnyPops not amend its "GP*" search using "and not" to carve out those documents? We maintain that JonnyPops must produce all documents that hit on the terms "GoodPop*" and "Good Pop*" and "GP*" when it's referring to GoodPop absent a reasonable proposal to narrow the search. How did JonnyPops decide which documents hitting on these terms to review/produce and which not to?


Your email of July 24 also asked us to run new searches for the terms "water pop" and "waterpop", and the names of the specific products at issue in this case.  We did exactly that, but the results were voluminous and it would be unduly burdensome to require JonnyPops to review all of the results.  While we again dispute your claim that our search methodology is lacking in the way that you describe, we will evaluate narrower search strings that incorporate these terms, as you request.

We propose at least the following narrowing:

("water pop*" or "waterpop* or "ice pop*" or "icepop*" or rainbow* or stack* or sunrise* or wave* or Boom or RWB or "freezer pop*" or "freezerpop*" or watermelon or paradise or berry or star or [any/all terms or abbreviations used for the JonnyPops products at issue]) AND

Market* or Nutrition* or Ingredient* or BOM or Advertis* or better w/5 for w/5 you or fruit or wholesome or NSA or health* or refined or unrefined or "less sugar" or "fake fruit" or sugar or ingredients or search or Google* or Facebook* or Amazon* or Instagram* or TikTok* or Costco* or WF* or "Whole Foods" or Target* or Sprouts* or Jewel* or HEB* or Kroger* or [names of all JonnyPops retailers followed by * and separated by "or"] or Kids or Children or Parents or Launch* or  demand or retail* or  FDA or  USDA or revenue or profit or cost or Influenc* or Kidfluence* or Ambassador* or PopSquad or Brief or art* or image* or pic* or appetite or Keyword or Search or "selling story" or "sell sheet" or Complain* or Feedback or Panel or Label or Box or "serving size or Broker or "Presentation Deck" or analy* or test* or compar* or review* or advertis* or market* or consumer* or customer* or distribut* or cost* or revenue or profit* or develop* or expense or income or "architecture*" or "brief*" or "media*" or "message* or strateg* or panel or package* or size or serving or broker or sale* or sell* or social or post or reel or video or sucrose or fructose or juice or concentrate or ads or adwords and PFS


All terms should be capitalization-agnostic, and should not include additional "but not" modifications.

If JonnyPops declines to run these searches based on the hit counts, please provide a term combination-by-term combination hit count list.

As our letter of July 31 makes clear, GoodPop's production is deficient in numerous respects, and you have not substantially completed your production.  Given the substantially similar claims asserted by the parties in this case, we do not accept that there are RFPs that JonnyPops is obligated to respond to—but GoodPop is not obligated to respond to.  As you note, our document requests have been outstanding for months, and GoodPop is obligated to respond to them.  There is no basis for your claim that GoodPop is not subject to the same production obligations as JonnyPops, and we reserve the right to seek relief from the court if you continue to resist your reciprocal discovery obligations in this matter.

We maintain that JonnyPops' counterclaims and GoodPop's claims are very different.

Regards,

Leah

**Leah Friedman**

**LATHAM & WATKINS LLP**

1271 Avenue of the Americas | New York, NY 10020

D: +1.212.906.1869

---

**From:** Leah Buratti <leah@bccaustin.com>
**Sent:** Thursday, July 31, 2025 7:32 PM
**To:** Friedman, Leah (NY) <Leah.Friedman@lw.com>; Kayna Levy <kayna@bccaustin.com>; jhueston@hueston.com; smishra@hueston.com; cwoodin@hueston.com; Colombina Valera <Colombina@bccaustin.com>
**Cc:** Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Feinerman, Gary (CH) <Gary.Feinerman@lw.com>; Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>; Xu, Coco (NY) <Coco.Xu@lw.com>; Mardueño, Karla (CH) <Karla.Mardueno@lw.com>
**Subject:** Re: GoodPops/JonnyPops - July 18 Order

Leah, please see my responses inline in red below. Please let me know your availability to meet and confer, and please promptly provide JonnyPops' response to Goodpop's proposed dispute resolution

protocol per the Court's order of July 18 (Dkt. 65).

Our review of JonnyPops' July 15 production has been ongoing, and we anticipate following up later this week to identify specific shortcomings in the production and request that the production be supplemented to address the deficiencies.

Best,

Leah

Leah Bhimani Buratti (she/her)

Botkin Chiarello Calaf

1209 Nueces Street

Austin, Texas 78701

leah@bccaustin.com

www.bccaustin.com

Direct: 512.566.3909

The information contained in this electronic message is confidential and may contain information that is subject to the attorney-client privilege or attorney work product doctrine. If the reader of this message is not the named recipient, you are hereby notified that any unauthorized review, distribution, copying, or other use of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by replying to this message and then delete this message from your computer.

**From:** Leah.Friedman@lw.com <Leah.Friedman@lw.com>
**Date:** Wednesday, July 30, 2025 at 12:01 AM
**To:** Leah Buratti <leah@bccaustin.com>, Kayna Levy <kayna@bccaustin.com>, jhueston@hueston.com <jhueston@hueston.com>, smishra@hueston.com <smishra@hueston.com>, cwoodin@hueston.com <cwoodin@hueston.com>, Colombina Valera <Colombina@bccaustin.com>
**Cc:** Steve.Feldman@lw.com <Steve.Feldman@lw.com>, Gary.Feinerman@lw.com <Gary.Feinerman@lw.com>, Anthony.Ramirez@lw.com <Anthony.Ramirez@lw.com>, Coco.Xu@lw.com <Coco.Xu@lw.com>, Karla.Mardueno@lw.com <Karla.Mardueno@lw.com>
**Subject:** RE: GoodPops/JonnyPops - July 18 Order

Leah,

Thank you for your email.

We will be producing documents responsive to Request Nos. 36, 46 and 49.  In light of the Court's order, please confirm that you intend to produce documents in response to JonnyPop's parallel requests for production, or explain why GoodPop is not obligated to do so notwithstanding the Court's order.

With respect to RFP No. 44, we intend to make a further production of financial documents, including sales information for JonnyPops' watermelon pops and freezer pops.  As I told you during our last meet and confer, JonnyPops does not track product-level profit information in the ordinary course of business.  We have already produced JonnyPops' P&L, which provides profit information for the company.

Is it JonnyPops' representation that it does not track or calculate *any* product level profit information? If so, please state as much in your forthcoming response to Interrogatory 18. Will JonnyPops' forthcoming production include revenue by product on a monthly basis, and costs information?

With respect to the other requests addressed in your email:

- RFP Nos. 25, 26, 27, 28, 46 and 49:  We will conduct a search for responsive documents that address retailers of JonnyPops' products, to the extent that those documents are not already captured by our search parameters.  Please confirm that you intend to produce documents in response to JonnyPops' parallel requests for production, or explain why GoodPop is not obligated to do so notwithstanding the Court's order.

  As you know because we have discussed this very topic in several meet and confers, GoodPop has already produced documents in response to JonnyPops' reciprocal RFPs to which it agreed to do so, and JonnyPops has not identified shortcomings. In any event, as I previously shared with you on our calls, we are collecting and producing additional documents from two more custodians.  Additionally, I would note  that GoodPop served the RFPs in question on January 27, 2025, JonnyPops served its purportedly reciprocal RFPs nearly 4 months later, on May 18, but GoodPop substantially completed its production of responsive documents in early July – whereas JonnyPops still has not done so in response to the GoodPop January RFPs.)  Further, to the extent JonnyPops is insisting on reciprocity before producing further documents, not only has GoodPop already substantially completed its production of documents in response to the reciprocal RFPs, the Court's order says nothing about reciprocity, nor did the Court indicate at the July 18 that it found such

arguments persuasive.

- RFP No. 1:  We ran a search for (GoodPop* or GP or GP*), as you requested, and these terms returned more than 24,000 additional results.  In light of this volume, it would be unduly burdensome for JonnyPops to review the additional documents returned by your requested terms.

  This response illustrates exactly why we have refused to agree that the parties would rely on the exchange of search terms – JonnyPops is not engaging in the process in an efficient or forthcoming manner, and is yet *again* flouting its obligation to conduct its own reasonable search absent specific search terms from GoodPop – even when under Court order. Please immediately provide a breakdown of the hits for each of the foregoing search terms, and also run a search for and provide the number of hits for "Good Pop*"

- RFP Nos. 6, 9, 10,13-14, 19-20, 49, 54:  We ran searches for "water pop OR waterpop," and the names of the specific products at issue in this case.  The search for "water pop OR waterpop" returned more than additional 7,200 results.  The fact that JonnyPops failed to include such a fundamental search term in its initial search terms does not demonstrate a good faith effort to conduct a reasonable search, where GoodPop's claims in this case focus on "ice pops" and JonnyPops internal nomenclature for ice pops is "water pops" or "water pops." JonnyPops should produce these 7,200 absent a reasonable narrowing proposal that you send to us by early next week. A search for "Fruit Stack OR Fruit Stacks OR FS" returned more than additional 16,000 results.  A search for "Berry Burst" OR BB returned more than 11,000 additional results. A search for "(Blue Wave) OR BW" also returned more than 11,000 additional results.   Given this volume, it would be unduly burdensome for JonnyPops to review the additional documents returned by your requested terms.

  Again, unless JonnyPops proposes adequate narrowing that will reasonably elicit documents responsive to these and the other RFPs at issue, JonnyPops should proceed with the production. It is JonnyPops' own failure to conduct adequate searches that has led to this challenge. Since you have not raised any additional burden argument based on hit counts for the other products at issue, I assume that JonnyPops will be running searches for those product names and their abbreviations within reasonable search strings and producing responsive documents – please confirm.

- RFP Nos. 9, 16-17, 53-54:  We dispute your claim that our production and/or search methodology is lacking in the way that you describe, but will conduct a reasonable search for documents using the term "NSA," as you propose.

- RFP 8-9, 14, 16-17, 53-54:  We dispute your claim that our production and/or search methodology is lacking in the way that you describe, but will conduct a reasonable additional search for documents discussing JonnyPops' use, in its advertising or marketing, of the words wholesome, nutrition, low sugar, fake fruit, added sugar, NSA, and/or images of fruit.

We intend to file objections to the Court's ruling regarding GoodPop's Request No. 52. Please let us know if you would like to confer in advance of that filing.

Yes, we would like to meet and confer. I am interested to hear why JonnyPops believes it can decline to follow the Court's order based upon unilaterally "filing objections"? Does JonnyPops anticipate filing a Motion for Reconsideration?

We will be following up separately about GoodPop's production deficiencies.  We propose that the parties make supplemental productions on August 11.

We look forward to receiving JonnyPops' supplemental production, but do not agree to a production date of August 11. That is more than 3 weeks from the date of the Court's order, and there is little time remaining in the fact discovery period – especially given that JonnyPops has not yet agreed to a one-month extension of time. Why can't JonnyPops begin producing documents on a rolling basis sooner? Please let me know your availability to meet and confer this week, so that we can bring this issue to the Court's attention unless JonnyPops agrees to accelerate its production.

Best regards,

Leah

**Leah Friedman**

**LATHAM & WATKINS** LLP

1271 Avenue of the Americas | New York, NY 10020

D: +1.212.906.1869

---

**From:** Leah Buratti <leah@bccaustin.com>
**Sent:** Thursday, July 24, 2025 5:46 AM
**To:** Friedman, Leah (NY) <Leah.Friedman@lw.com>; Kayna Levy <kayna@bccaustin.com>; jhueston@hueston.com; smishra@hueston.com; cwoodin@hueston.com; Colombina Valera <Colombina@bccaustin.com>
**Cc:** Feldman, Steve (NY-LA) <Steve.Feldman@lw.com>; Feinerman, Gary (CH)

<Gary.Feinerman@lw.com>; Homrig, Jeff (ATX) <Jeff.Homrig@lw.com>; Ramirez, Anthony (NY) <Anthony.Ramirez@lw.com>; Xu, Coco (NY) <Coco.Xu@lw.com>; Mardueño, Karla (CH) <Karla.Mardueno@lw.com>
**Subject:** GoodPops/JonnyPops - July 18 Order

Dear Leah,

I write to confer regarding JonnyPops' further production per the Court's July 18 order. We understand that JonnyPops will be producing:

- Documents responsive to RFP Nos. 36, 46, 49, and 52, where JonnyPops had previously objected on scope and/or relevance or confidentiality. We understand from representations made in Court that there are *not* documents fully responsive to these requests in the current production – nor have we located those.

- Documents responsive to RFP Nos. 1-31, 37-42, 44-45, 47-48, 50-51, 53-57, and 60. We expect that JonnyPops has supplements planned, but we have also identified holes in the production. As an initial matter:

  - RFP No. 44 – JonnyPops has not completed its production of financial documents. We do not see documents reflecting profits (as they are calculated in the ordinary course of business), revenue by product on a monthly basis, costs, or sales information for the watermelon pops or freezer pops.

  - RFP Nos. 25, 26, 27, 28, 46, 49 – as noted above, JonnyPops has not completed its production of communications with retailers and information about its business relationships with them, including but not limited to Whole Foods and Costco. The existing searches carve out relevant information, as we discussed in the hearing.

  - RFP No. 1 – JonnyPops' production is incomplete, including because it has not run the search GoodPop* or GP or GP*, or any other internal names for GoodPop / Good Pop. JonnyPops should run its RFP No. 1 searches without the addition of any "AND NOT" modifiers.

  - RFP Nos. 6, 9, 10,13-14, 19-20, 49, 54 – JonnyPops' production is incomplete, including because it has not run searches for water pop, waterpop, or the names of/abbreviations for the specific products at issue in this case – i.e., the words used to reference the relevant products internally.

  - RFP Nos. 9, 16-17, 53-54, among others – JonnyPops' production is incomplete, including because it has not run a search for the term NSA, which appears to be JonnyPops' internal abbreviation commonly used for "no sugar added"

  - RFP 8-9, 14, 16-17, 53-54, among others – JonnyPops' production is incomplete because it does not include documents/communications discussing marketing and advertising plans with respect to JonnyPops' use of the words wholesome, nutrition, low sugar, fake fruit, added sugar, NSA,

or images of fruit (in particular for pops that do not include that fruit) in its advertising, marketing, and/or packaging.

These are examples, but we understand that JonnyPops will do its own additional searches and let us know when it has completed production responsive to these requests. As we argued to the Court, the existing carve-outs in JonnyPops's search terms omit responsive documents. We reserve the right to identify additional specific deficiencies as our review JonnyPops' recent production is ongoing.

We suggest August 1 as a deadline for a supplemental document production. Should disputes arise regarding the sufficiency of JonnyPops's compliance with the Court's order, the parties should file a joint, 2-page letter brief to the Court in order to facilitate an expedited hearing via videoconference.

Please confirm that this schedule/protocol is acceptable.

Best,

Leah


Leah Bhimani Buratti (she/her)

Botkin Chiarello Calaf

1209 Nueces Street

Austin, Texas 78701

leah@bccaustin.com

www.bccaustin.com

Direct: 512.566.3909


The information contained in this electronic message is confidential and may contain information that is subject to the attorney-client privilege or attorney work product doctrine. If the reader of this message is not the named recipient, you are hereby notified that any unauthorized review, distribution, copying, or other use of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by replying to this message and then delete this message from your computer.

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.