# EXHIBIT B

```
 1                  UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
 2                        AUSTIN DIVISION

 3   AUSTIN'S NATURAL FROZEN  ) Docket No. A 24-CA-716 RP
     POPS, INC., DOING        )
 4   BUSINESS AS GOODPOP      )
                              )
 5                            )
     vs.                      ) Austin, Texas
 6                            )
     JONNY POPS, LLC          ) September 3, 2025
 7

 8         TRANSCRIPT OF VIDEOCONFERENCE MOTION HEARING
             BEFORE THE HONORABLE DUSTIN M. HOWELL
 9

10   APPEARANCES:

11   For the Plaintiff:       Ms. Christine M. Woodin
                              Hueston Hennigan, LLP
12                            523 West 6th Street, Suite 400
                              Los Angeles, California 90014
13
                              Ms. Leah B. Buratti
14                            Ms. Kayna Stavast Levy
                              Botkin, Chiarello, Calaf, PLLC
15                            1209 Nueces Street
                              Austin, Texas 78759
16

17   For the Defendant:       Mr. Gary S. Feinerman
                              Latham & Watkins, LLP
18                            330 North Wabash Avenue,
                              Suite 2800
19                            Chicago, Illinois 60611

20                            Mr. Nicholas L. Schlossman
                              Latham & Watkins, LLP
21                            300 Colorado Street, Suite 2400
                              Austin, Texas 78701
22
                              Ms. Coco Xu
23                            Latham & Watkins, LLP
                              1271 Avenue of the Americas
24                            New York, New York 10020

25
```

*LILY I. REZNIK, CERTIFIED REALTIME/REGISTERED MERIT REPORTER*
*U.S. DISTRICT COURT, WESTERN DISTRICT OF TEXAS (AUSTIN)*

1           THE CLERK:  Here for a motions hearing, the Court
2  calls Austin 24-CV-716, <u>Austin's Natural Frozen Pops, Inc.</u>
3  <u>vs. Jonny Pops, LLC</u>.
4           THE COURT:  Thank you.
5           And, counsel, why don't you state your names and
6  who you represent starting with the plaintiff.
7           MS. BURATTI:  Good morning, your Honor.
8           Leah Buratti for GoodPop.
9           MS. WOODIN:  Good morning, your Honor.
10          Christine Woodin for GoodPop.
11          MS. STAVAST LEVY:  Kayna Stavast Levy for
12  GoodPop.
13          MR. FEINERMAN:  Good morning, your Honor.
14          Gary Feinerman, Latham & Watkins Chicago, on
15  behalf of Jonny Pops.
16          MR. FELLIG:  Good morning, your Honor.
17          Shlomo Fellig of Latham & Watkins on behalf of
18  Jonny Pops.
19          MR. SCHLOSSMAN:  Good morning, your Honor.
20          Nick Schlossman of Latham & Watkins on behalf of
21  Defendant/Counter-Plaintiff Jonny Pops.
22          THE COURT:  Good morning, everyone.
23          So we have three matters set in this hearing.
24  One is the followup on -- well, I'm going to go in the
25  order of the joint advisories just so I can kind of keep

1  everything straight here.  The first filed at docket 83 is
2  the joint advisory regarding Jonny Pops' compliance with
3  my order addressing GoodPop's motion to compel that the
4  hearing that we had, whenever that was last month or in
5  July, and then, the advisory at docket 85 addressing the
6  followup to the privilege assertion over communications
7  related to the survey that GoodPop had conducted and that
8  was -- this is a continuance of that -- that decision from
9  that hearing.  And then, the joint advisory regarding the
10 motion to compel filed by Jonny Pops seeking financial
11 data and modifications to the searches in response to some
12 discovery requests.
13         And so, we can just jump right in.  We've -- I've
14 set this for an hour and I think that will be plenty of
15 time.  I did see that GoodPop filed a new motion to compel
16 yesterday, but I don't need to hear anything about that
17 today.  We'll take that up when it gets set for a hearing.
18 The response isn't due for another week and the reply a
19 week after that.
20         ==And so, I'm on criminal duty so very little room==
21 ==to squeeze in yet another hearing in this case this month==
22 so that's not going to happen.  We'll take that up when we
23 can fit it in the Court's schedule.  And if that affects
24 your scheduling order, then so be it.  And I doubt that's
25 the last motion to be filed related to discovery in this

1  case so we'll just kind of set them as they come up.
2           Why don't we start off with the complaints about
3  -- that are raised in Joint Advisory 83 about Jonny Pops'
4  compliance with the discovery order and I'll hear from
5  GoodPop first.
6           MS. BURATTI:  Thank you, your Honor.  Leah
7  Buratti for GoodPop.
8           In the last hearing, I was not there but I read
9  the transcript, and your Honor foresaw that we might be
10 back here again before you on this motion to compel, and
11 unfortunately, here we are.  It's been since July 18th,
12 it's been almost seven weeks.  We've been going back and
13 forth and back and forth with Jonny Pops and there has
14 been minimal progress made.
15          Jonny Pops never agreed to a protocol for the
16 exchange of search terms or the process of exchanging
17 discovery in response to the Court's order.  It never
18 agreed to a timeline other than the court-ordered
19 timelines and it still has never shared, and refused to
20 share, what search terms it believes correlate to which
21 RFPs that were subject to the Court's order; instead, it's
22 repeatedly refused to take steps to address the many
23 deficiencies that GoodPop raised before your Honor at the
24 hearing on July 18th and that we've e-mailed them about
25 numerous times.

1  our papers and we believe it reflects that that has been
2  the case.
3          To just briefly address a few of the other
4  issues.  The cost issue that Mr. Feinerman raised, we
5  respectfully disagree that they've given us what they have
6  because if Jonny Pops buys sugar and it buys fruit, there
7  is bound to be purchasing documents.  There's bound to be
8  ledgers somewhere within their business.  This is how
9  businesses operate.  They've not provided us with that
10 information.
11         With respect to profit, we've seen a few ad hoc
12 documents discussing these one-off profit calculations,
13 but we know from their search terms that they've not run a
14 search for profit information.
15         And then, as to the substantial completion
16 deadline of September 10th, our view of that is that the
17 agreed deadline for substantial completion of document
18 production is just that.  It was not an agreement that an
19 agreed date for compliance with the Court's order, and
20 Jonny Pops declined to agree to any specific timeline for
21 compliance with the Court's order.  It simply said we will
22 do nothing more than complete with the -- complete the
23 September 10th deadline, which is now about a week away.
24         And that provides a little additional context,
25 your Honor, for why we're asking for the relief that we're

1  asking, which is there is not more time in our schedule to
2  iterate.  Jonny Pops has succeeded in delaying in this
3  process and dragging it out to such an extent that at this
4  point, unless the documents are produced just as soon as
5  possible, there will be a domino effect in our schedule in
6  which other deadlines have to get delayed, depositions
7  can't begin.
8          Our schedule doesn't have time in it to allow for
9  expanding those deadlines at this point, and it really
10 puts GoodPop in a situation where we either would be
11 forced to proceed without the documents that your Honor
12 ordered or there would be this domino effect to the
13 schedule that GoodPop does not want, and my understanding
14 would be that the Court also would not want, these
15 deadlines to slip.
16         And so, our proposed solution addressed that by
17 just asking that the Court order Jonny Pops to run the
18 searches and produce the documents and do it by September
19 15th.
20         THE COURT:  Okay.  So on this one, ==I don't find==
21 ==that there's really any additional relief that I need to==
22 ==order beyond requiring both sides to exchange with each==
23 ==other hit counts as those are run and search terms and to==
24 ==continue to iterate.==  I don't find that Jonny Pops is
25 acting in bad faith and so, I am declining to order any

1  additional relief than what I've already ordered.  It is
2  incumbent on the parties to come up with a solution to
3  deal with the challenges of any discovery and I don't
4  doubt that both sides are capable of doing that.
5          The hope that discovery -- this September 15th
6  discovery deadline is going to hold given the lack of
7  cooperation or need for further cooperation that I see
8  here makes me doubt that September 15th date is
9  reasonable.  The -- you've got a dispositive motion
10 deadline in mid-January.  Maybe that still holds,
11 depending on how you make progress on these searches.  But
12 I do agree with Jonny Pops that, you know, if proposed
13 searches are yielding hundreds and hundreds of thousands
14 of documents, then some adjustments need to be made and
15 I'll leave it to the lawyers to do that.
16         And so, the only language in my order that I'll
17 issue today on this matter will just require the parties
18 to exchange hit counts to -- I mean, I shouldn't have to
19 do that but it seems like -- it looks like I need to here.
20 The parties need to have an open dialogue to the extent
21 they haven't so far.  I'm not ordering additional search
22 terms beyond what is being discussed now because I don't
23 know -- even if I were to take GoodPop's proposed order
24 and just add my signature to it, that doesn't necessarily
25 address the concern that the terms as proposed might not

1  yield hundreds of thousands or millions of documents which
2  would not be reasonable or proportional for the needs of
3  this case.
4          So it might have the unintended effect of
5  weaponizing discovery, which I don't think GoodPop
6  necessarily wants, and I certainly don't want to endorse
7  by adopting something without knowing the effects of it.
8  So I'll leave to it the parties to continue to iterate and
9  if the scheduling order needs to be adjusted or if a new
10 motion needs to be filed, that's fine.  The parties could
11 continue to disagree about things and raise those
12 disagreements in the forms of motions that I -- that the
13 Court will take up as they come.
14         I take it that in terms of the RFPs that we've
15 just been talking about, I believe there's a pending -- I
16 don't know if Judge Pitman has addressed the appeal that
17 Jonny Pops filed to a portion of the order from this
18 hearing.  Has that -- is that also something that --I
19 mean, that's for Judge Pitman to decide now, but I mean, I
20 guess, is that part of what you guys are arguing about
21 here, as well?
22         MR. FEINERMAN:  I don't believe so, your Honor.
23         THE COURT:  Okay.
24         MS. BURATTI:  No, your Honor.
25         THE COURT:  There's no need for me to opine on

1  that then.  Moving on to the survey, I reviewed the
2  documents in chambers and I agree with GoodPop that the
3  communications are of a type that is -- that of all the
4  designations fall either within attorney-client privilege
5  or work product.  I don't think that the revisions to the
6  privilege log -- the recent revisions to the privilege log
7  were forfeited or waived for a late disclosure.  I mean,
8  the -- I think it's parties can sharpen their pencils on
9  these things and -- so I don't find that to be an issue
10 here.
11         Nor do I think that GoodPop's attorneys were
12 acting in a marketing or business capacity in these
13 discussions with their clients about the survey.  But in
14 looking at the case law about this at-issue waiver and
15 particularly considering Jonny Pops' sword-and-shield
16 concerns here, that's what I find to be the most
17 compelling argument for finding that these documents are
18 not protected or that the work product protection and
19 attorney-client protection have been waived here because
20 it does seem that these communications -- GoodPop is
21 relying heavily on the survey in its dispositive motion
22 briefing and in the complaint, and to simply say you get
23 this resolved that we're going to rely on very heavily and
24 you have no means of challenging how we came up with it
25 just seems unfair, and it seems to me to be the kind of

1  to exchange hit rates and search terms and continue to
2  iterate.  So I don't know that -- I'm not going to order
3  anything more than that.
4          As for the survey issue, I'm not going to rule
5  from the bench here in this hearing.  I want to write on
6  that separately and so, I will do that in due course.
7          As for this final motion, Jonny Pops motion, I
8  agree with Ms. Buratti that the -- it seems that most of
9  what is raised in this motion now is either not ripe,
10 because it's being considered, or it is moot at this
11 point.  And I think part of the issue here is in my haste
12 to try and get all these matters set before the discovery
13 deadline, some of these things maybe get rushed to the
14 point that they couldn't be resolved before the hearing
15 and -- but now it's clear that the September 15th
16 discovery deadline is -- there's going to be discovery
17 happening after that date.
18         So what I'm going to do on Jonny Pops' motion is
19 deny that motion without prejudice to a new motion being
20 filed if after all the dust has settled and with respect
21 to the financial data that's being produced and with
22 respect to figuring out discovery into the Prosperi
23 spoliation issue, if a new motion needs to be filed, then
24 the denial of this motion will not prejudice Jonny Pops'
25 ability to raise that issue in the court -- with the Court

```
 1  at a later date.
 2          Anything else for us to address while we're all
 3  here together?
 4          MS. BURATTI:  Your Honor, if I may raise one
 5  question regarding the forthcoming order.  Does your Honor
 6  intend to place any timeline around the exchange of search
 7  terms as that's -- it was part of your Honor's previous
 8  order and we're -- I would like to find out if that will
 9  continue to be part of the requirements for complying with
10  the previous order.
11          THE COURT:  I'm contemplating -- I guess what I
12  contemplated is that as these things are being developed,
13  they're being shared and as close to real time as is
14  reasonable.  What I hope is that dialogue -- I guess if I
15  need to dream up a deadline of some sort so that everybody
16  will play nice together, I can do that.
17          What are you contemplating, Ms. Buratti?
18          MS. BURATTI:  Your Honor, we would propose that
19  the close of substantial -- the substantial completion of
20  discovery is set for September 10th and we would propose
21  that this exchange be completed by that point so that the
22  parties just produce documents.  And our view is that, you
23  know, that the prior order required a protocol and a
24  timeline.  That has not happened and so, for the Court to
25  just enter the protocol and timeline at this point would,
```

1  I think, be helpful for the parties to accomplish what
2  your Honor wants us to accomplish.
3           MR. FELLIG:  Your Honor, if I may, it takes time
4  to go back and forth to vendors and iterating on search
5  terms, and so, there's only so much we can do to expedite
6  that process any faster than we have been.  And so, I
7  think setting a kind of arbitrary deadline with respect to
8  completing that process I don't think is going to be
9  fruitful.
10          And I'll also -- just to point out from our
11 financials that we asked for, it wasn't clear to me from
12 what Ms. Buratti said as to whether they've agreed at this
13 point to give us the financials that we asked for or if
14 she's still considering it.  My understanding coming into
15 the hearing was they rejected that request.  But to the
16 extent that Ms. Buratti does intend to produce it and that
17 is, in fact, moot, it would be helpful to just get clarity
18 on the record for that.
19          THE COURT:  Ms. Buratti.
20          MS. BURATTI:  With respect to the search terms,
21 your Honor, they only provided search terms a month after
22 the Court's order to start with in this case.  And so, our
23 view is that that -- that was a cause for delay in this
24 dialogue and since then, they have only produced hit
25 counts once.  There has not been an iteration of hit

1  counts.  And so, that's part of our request, respectfully,
2  that there be some parameters here for this exchange
3  because our worry is that, otherwise, another seven weeks
4  will pass with only one set of hit counts being exchanged.
5          On the financials, we had previously in our
6  response brief agreed to produce financials kind of,
7  frankly, the typical, usual financials that are always
8  provided for damage, we've agreed to produce those.
9  Counsel has requested some very specific documents.  These
10 are the ones that I was referring to that he brought up on
11 Sunday that I can't at this point commit to those.  But
12 kind of the typical standard, you know, revenue, sales,
13 that we have agreed to produce.
14          THE COURT:  Very good.  Well, as I said, I've
15 heard enough argument on this motion.  I've already told
16 you what my ruling is.  I'm not going to set a deadline
17 because I don't know what it should be and all I'm being
18 asked for is parameters without specifics other than
19 September 10th, which doesn't seem reasonable or -- and
20 might unnecessarily foreclose further collaboration.
21          So stay tuned for my written order and you all
22 are excused.
23          (Proceedings conclude at 10:18 a.m.)
24
25

```
 1
 2
 3                    REPORTER'S CERTIFICATE
 4
 5    I, LILY I. REZNIK, DO HEREBY CERTIFY THAT THE FOREGOING
 6  WAS TRANSCRIBED FROM AN ELECTRONIC RECORDING MADE AT THE
 7  TIME OF THE AFORESAID PROCEEDINGS AND IS A CORRECT
 8  TRANSCRIPT, TO THE BEST OF MY ABILITY, MADE FROM THE
 9  PROCEEDINGS IN THE ABOVE-ENTITLED MATTER, AND THAT THE
10  TRANSCRIPT FEES AND FORMAT COMPLY WITH THOSE PRESCRIBED BY
11  THE COURT AND JUDICIAL CONFERENCE OF THE UNITED STATES,
12  ON THIS 8th DAY OF SEPTEMBER, 2025.
13
14
15                       *Lily Iva Reznik*
16                       ~~~~~~~~~~~~~~~~~~~~~~~~
                         LILY I. REZNIK, CRR, RMR
17                       Official Court Reporter
                         United States District Court
18                       Austin Division
                         501 West 5th Street, Suite 4153
19                       Austin, Texas 78701
                         (512) 391-8792
20                       SOT Certification No. 4481
                         Expires: 1-31-27
21
22
23
24
25
```