# EXHIBIT C

Steven N. Feldman
Direct Dial: (212) 906-1821
steve.feldman@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

**LATHAM & WATKINS** LLP

May 8, 2025

Leah Bhimani Buratti
Botkin Ciarello Calaf
1209 Nueces Street
Austin, TX 78701
leah@bccaustin.com

Re: *Austin's Natural Frozen Pops, Inc. d/b/a GoodPop v. JonnyPops LLC*, Case 1:24-cv-00716 (W.D. Tex.)

Dear Leah,

      I write on behalf of JonnyPops, LLC ("JonnyPops") to follow up on GoodPop's efforts to collect documents in response to our discovery requests.

      To date, GoodPop has produced approximately 160 documents.  Many of those documents are publicly available, including various images of JonnyPops' product packaging and materials that appear to have been printed from JonnyPops' website and websites of certain retailers.  You have produced only a handful of communications, and, as noted most recently in our April 29 letter, you still have not produced the survey-related materials that we have been requesting since June of last year.

      In addition, you have failed to provide adequate responses to most of our interrogatories, including those that ask GoodPop to "[i]dentify the name, position, and affiliation of all Persons, including all Third Parties, involved with, or who have knowledge of" (1) "the conception, marketing, development, creation, design, Advertising, distribution, and/or implementation of Your Products," and (2) "any analysis, study, survey, or test concerning any of the Statements at Issue and/or Products at Issue," Interrogatory Nos. 1, 2.  GoodPop responded to these interrogatories by referring to documents in its production.  However, those documents are simply GoodPop organizational charts that identify approximately 40 employees across numerous departments.  *See* GOODPOP00000005- GOODPOP00000010, GOODPOP00000017, GOODPOP00000018, GOODPOP00000019- GOODPOP00000023.  GoodPop's initial disclosures—which were served on January 22 and have never been supplemented—are similarly lacking.  They identify only four individuals with documents or information relevant to this matter.

      When we served our responses and objections to GoodPop's first requests for production on February 26, 2025, we proposed that the parties meet and confer in an effort to reach agreement on search terms that would be used to identify potentially responsive emails.  You repeatedly rejected that proposal, arguing that it would be inefficient for the parties to engage in an iterative

LATHAM&WATKINS LLP

negotiation of search terms.  Nonetheless, in the interests of transparency, we proceeded to disclose the search terms that we are using to identify potentially responsive emails.  In our responses to GoodPop's First Interrogatories, which we served on February 26, we also disclosed the names of our custodians—the individuals with responsibilities relating to the matters at issue in this case.

It is disappointing that GoodPop has not reciprocated.  You have not shared the names of your custodians or your search terms, and have provided little information about the specific steps you are taking to identify responsive emails in your custodians' files, beyond advising us that you are applying unspecified search terms to the email files of unspecified custodians.  As a result, we have no visibility into your collection methods, and no way to assess whether you are conducting a satisfactory search for responsive materials.  We also have no way to identify all the witnesses we will need to depose in this matter.

It is simply unreasonable for GoodPop to refuse to provide information about its collection methods while JonnyPops has transparently disclosed its custodian list and search terms.  This is basic information that we are entitled to for the sake of transparency and to assess the appropriateness of GoodPop's collection and searches, as well as to ensure a fair sharing of discovery burden between the parties.  Accordingly, we must insist that GoodPop:

1. Immediately provide us with the same information we have provided you—the names of GoodPop's custodians and the search terms that you are applying to identify responsive emails.

2. Confirm that you are applying iterations of at least the following search terms: "JonnyPops," "refined sugar", "cane sugar," "Erik Brust," "Connor Wray," competitor, "kid or child or children," "market or advertise or promote," "consumer demand," "survey or research or study  or report," "shelf space," retailer, distributor, "real fruit," "100% fruit," "subpoena or inquiry or request or investigation," "customer or consumer," "complaint or review," "financial projection," "market share," "litigation or lawsuit or arbitration or mediation or 'legal proceeding' or 'administrative proceeding,'" "financial projection," and "test or analyze."

3. Confirm that you are collecting documents from key players in at least the following departments and sub-departments identified on GoodPop's organizational chart: Marketing (including Brand Impact, Advocacy & Engagement and Customer Experience), Finance (including both Accounting and Finance), Operations (including Business Development, Procurement, Strategic Sourcing, Manufacturing and Quality), Sales, and Strategic Planning, and identify those individuals.

4. Supplement your responses to Interrogatory Nos. 1 and 2 by no later than May 16 to identify the specific individuals involved with, or with knowledge of, (1) "the conception, marketing, development, creation, design, Advertising, distribution, and/or implementation of Your Products," and (2) "any analysis, study, survey, or test concerning any of the Statements at Issue and/or Products at Issue."

**LATHAM&WATKINS**LLP

      In addition, with fact discovery due to close on September 15, the parties will need to conduct all depositions before that deadline. Accordingly, we will need GoodPop to complete its production and produce a privilege log well in advance of depositions, and in sufficient time to permit any follow-up and related motion practice. Accordingly:

5. We propose that the parties complete all document production by July 1, and exchange privilege logs on July 8.

      Unless you agree to the above and move quickly to comply with the above requests, we understand the parties to be at an impasse and plan to file a motion to compel on these issues.

Sincerely,

Steven N. Feldman
of LATHAM & WATKINS LLP