## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| AUSTIN'S NATURAL FROZEN POPS, INC., d/b/a GOODPOP,<br><br>          Plaintiff/Counter-Defendant,<br><br>v.<br><br>JONNY POPS, LLC,<br><br>          Defendant/Counter-Plaintiff. | No. 1:24-cv-716-RP |

## JOINT MOTION TO MODIFY AGREED SCHEDULING ORDER

Plaintiff/Counter-Defendant Austin's Natural Frozen Pops, Inc. d/b/a GoodPop ("GoodPop") and Defendant/Counter-Plaintiff Jonny Pops LLC ("JonnyPops") (collectively, the "Parties") jointly move this Court to modify the Scheduling Order entered August 8, 2025 (Dkt. 71) for good cause and consistent with the Court's guidance.[1]

At the September 3, 2025 hearing, Magistrate Judge Howell ordered the Parties to engage in a mutual, iterative exchange of search terms and hit counts, encouraged the Parties to work together to resolve disputes, and declined to impose a deadline for that process, which "might unnecessarily foreclose further collaboration." Dkt. 92-2, 9/3/2025 Hr'g Tr at 27:20-28:4, 50:14-20. Magistrate Judge Howell acknowledged that discovery would likely continue past the current deadlines and that the Court's limited availability in September would preclude the Court from scheduling additional discovery hearings in September to address ongoing discovery disputes. *Id*.

---

[1] JonnyPops respectfully withdraws its Motion to Modify Scheduling Order (Dkt. 92), in light of this Joint Motion by the Parties, which followed further conferral.

at 5:20-6:1, 47:11-17. Again, Magistrate Judge Howell added, "if that affects your scheduling order, then so be it." *Id.* at 5:20-6:1; *see also id.* at 29:4-13 ("[I]f the scheduling order needs to be adjusted … that's fine."). The Court entered a corresponding written order. Dkt. 90.

Following the Court's Order, the Parties exchanged search terms and hit counts, began discussions for iterating on these terms, and supplemented document productions and written discovery responses. The Parties have also participated in several telephonic conferrals in an attempt to resolve ongoing discovery disputes and challenges. The parties have agreed that more time in the case schedule will allow for the parties to reasonably proceed with these discovery efforts. At present, no depositions have been taken as the Parties work to resolve their disagreements regarding document discovery. Ultimately, the following core discovery issues remain outstanding:

- The parties are in the process of negotiating search terms and exchanging hit counts.

- The parties are continuing to negotiate over outstanding sets of Requests for Production ("RFPs"), and anticipate that further search term iteration and negotiation will be required to address these discovery requests.

- JonnyPops' partial Rule 72 appeal of a prior order (Dkt. 68) is pending, which will likely impact the scheduling of relevant depositions. Additionally, GoodPop's Motion to Compel (Dkt. 87) is currently pending.

The Parties respect the importance of maintaining Court-ordered trial dates, however, good cause exists for extending the case schedule in this case to permit the Parties the opportunity to reasonably complete fact discovery and the balance of the case schedule, as directed by the Court.

Accordingly, the Parties respectfully request that the Court enter the following agreed schedule:

| Subject | Current Deadline | Proposed Deadline |
|---|---|---|
| Substantial completion of document discovery | September 10, 2025 | November 21, 2025 |
| Fact discovery completed | October 31, 2025 | February 13, 2026 |
| Opening designations of testifying experts due | November 14, 2025 | March 13, 2026 |
| Responding parties' opening designations of testifying experts due | November 14, 2025 | March 16, 2026 |
| Designations of rebuttal experts due | December 12, 2025 | April 17, 2026 |
| Expert depositions to be completed | January 5, 2026 | May 22, 2026 |
| Objections to experts' proposed testimony due | January 9, 2026 | June 26, 2026 |
| Dispositive motions due | January 9, 2026 | June 26, 2026 |
| Report on alternative dispute resolution in compliance with Local Rule CV-88 | February 20, 2026 | June 12, 2026 |
| Trial | May 11, 2026 | Court's Convenience |

Based on the foregoing, the Parties respectfully submit that there is good cause to extend the case deadlines as set forth in the table above. The Parties request this extension of time in good faith and not for the purposes of delay. Counsel for the Parties have conferred, and the motion is agreed.

Dated:  September 19, 2025

Respectfully submitted,

/s/ *Leah Bhimani Buratti*
Leah Bhimani Buratti
Botkin Chiarello Calaf PLLC
TX Bar No. 24064897
leah@bccaustin.com
1209 Nueces Street
Austin, TX 78701
Telephone: (512) 615-2341

John C. Hueston (*pro hac vice*)
Hueston Hennigan LLP
CA State Bar No. 164921
jhueston@hueston.com
Sourabh Mishra (*pro hac vice*)
CA State Bar No. 305185
smishra@hueston.com
Christine M. Woodin
TX Bar No. 24100051
cwoodin@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340

*Attorneys for Plaintiff/Counter-Defendant*

/s/ *Nicholas L. Schlossman*
Nicholas L. Schlossman
TX Bar No. 24093117
Latham & Watkins LLP
300 Colorado Street, Suite 2400
Austin, TX 78701
Tel: (737) 910-7314
Fax: (737) 910-7301
nicholas.schlossman@lw.com

Steven N. Feldman (*pro hac vice*)
New York Bar No. 4775052
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1821
Fax: (213) 891-8763
steve.feldman@lw.com

Gary Feinerman (*pro hac vice*)
Illinois Bar No. 6206906
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Tel: (312) 777-7110
Fax: (312) 993-9767
gary.feinerman@lw.com

*Attorneys for Defendant/Counter-Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.


Dated:  September 19, 2025                    */s/ Nicholas L. Schlossman*
                                              Nicholas L. Schlossman