IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AUSTIN'S NATURAL FROZEN POPS, INC., d/b/a GOODPOP, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | 1:24-CV-716-RP |
| JONNY POPS, LLC, | | |
| Defendant. | | |

**ORDER**

On August 1, 2025, Defendant/Counter-Plaintiff Jonny Pops, LLC ("JonnyPops") filed an appeal of the United States Magistrate Judge's Order granting in part and denying in part Plaintiff/Counter-Defendant Austin's Natural Frozen Pops, Inc. d/b/a GoodPop's ("GoodPop") Motion to Compel, (Mot., Dkt. 39; Order, Dkt. 65). (Dkt. 68). In his order, Judge Howell granted GoodPop's motion to compel with respect to all but one of the requests for production ("RFP") raised in the motion. (Dkt. 65.) JonnyPops appeals one aspect of the magistrate judge's order: the requirement that JonnyPops produce documents in response to GoodPop's RFP No. 52. (*Id.*) Having considered JonnyPops's appeal, the law, and the record in this case, the Court will deny the appeal.

**I.  LEGAL STANDARD**

A district judge may reconsider any pretrial matter determined by a magistrate judge where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). District courts apply a "clearly erroneous" standard when reviewing a magistrate judge's ruling under the referral authority of that statute. *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). The clearly erroneous or contrary to law standard of review is "highly deferential" and

requires the court to affirm the decision of the magistrate judge unless, based on the entire evidence, the court reaches "a definite and firm conviction that a mistake has been committed." *Gomez v. Ford Motor Co.*, No. 5:15-CV-866-DAE, 2017 WL 5201797, at *2 (W.D. Tex. Apr. 27, 2017) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The clearly erroneous standard "does not entitle the court to reverse or reconsider the order simply because it would or could decide the matter differently." *Id.* (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)).

## II.  DISCUSSION

JonnyPops argues that this Court should reconsider Judge Howell's order for it to produce documents in response to GoodPop's RFP No. 52 because: (1) the request is "extremely broad" and "irrelevant"; (2) JonnyPops argued in opposition to the motion to compel that this request was irrelevant, and GoodPop waived this issue by failing to respond to the argument in its reply; and (3) GoodPop's request for injunctive relief does not justify discovery into "the most competitively-sensitive information" held by JonnyPops, especially considering they are direct competitors. (JonnyPops's Appeal, Dkt. 68, at 4–7.) JonnyPops already asserted these arguments in front of the magistrate judge, who found GoodPop's argument regarding relevance at the hearing held on July 18, 2025, to be persuasive, and found that the protective order addresses JonnyPops's concern regarding competitively sensitive information.

## III.  CONCLUSION

Upon its own review, this Court finds that the Magistrate Judge's order was not clearly erroneous or contrary to law. The Court therefore **AFFIRMS** the order that JonnyPops produce documents in response to GoodPop's Request for Production No. 52, (Dkt. 65), and **DENIES** JonnyPops's appeal, (Dkt. 68).

**SIGNED** on September 24, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE