**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **AUSTIN'S NATURAL FROZEN POPS,** | § | |
| **INC, d/b/a GOODPOP** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Case No. 1:24-cv-00716-RP** |
| | § | |
| **JONNY POPS, LLC** | § | |
| *Defendant.* | § | |

**PLAINTIFF GOODPOP'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL
DEFENDANT JONNYPOPS TO PRODUCE DOCUMENTS RESPONSIVE TO
PLAINTIFF'S THIRD AND FOURTH REQUESTS FOR PRODUCTION, AND SECOND
<u>AND THIRD INTERROGATORIES</u>**

Contrary to JonnyPops' contention in its Opposition to GoodPop's Motion to Compel, Dkt. 94 at 1 ("Opposition"), three and a half weeks after it was filed, GoodPop's Motion to Compel, Dkt. 87 (the "Motion") is **still** live with respect to Interrogatories 15-16 and 18, and custodian Jake Achterhoff.[1] In fact, even though the parties agreed to extensions to the briefing schedule that provided JonnyPops over a week of additional time to resolve the issues (Dkts. 91, 95), JonnyPops has still failed to properly respond to these requests. Regarding Interrogatories 15-16 and 18, JonnyPops' supplemental responses, served on September 12, 16, and 25[2] (after GoodPop filed its Motion), remain deficient. As for the dispute concerning making Jake Achterhoff (JonnyPops' Marketing Lead from February 2016 through September 2019) a custodian, though the parties have met and conferred on the issue multiple times, JonnyPops has maintained its refusal to collect and produce from Mr. Achterhoff. Accordingly, several of the issues raised in GoodPop's Second Motion to Compel remain live and ripe for disposition by the Court.

## I. JONNYPOPS' INTERROGATORY RESPONSES REMAIN DEFICIENT

JonnyPops supplemented its responses to Interrogatories 15-18 on September 12, after GoodPop filed its Motion.[3] Dkt. 94 at 5-6. Ex. A. JonnyPops has now sufficiently responded to Interrogatory 17; however, the responses to 15-16 and 18 remain deficient.

***Interrogatory 18.*** JonnyPops' response to Interrogatory 18,[4] related to financials needed for GoodPop's damages calculations, remains critically deficient. JonnyPops has supplemented its

---

[1] Although production in response to RFPs 61, 63-69, 71-72, and 74 remains outstanding, the parties have been engaging in the search term iteration process as directed by the Court; therefore, while this issue remains unresolved at time of filing, GoodPop hopes the parties will be able to moot this issue.
[2] JonnyPops served a corrected copy of its September 25 supplemental responses on September 26, attached hereto as Exhibit C. This Reply will refer to the corrected copy.
[3] It further supplemented its responses on September 16 and 25. Ex. B (September 16 supplemental response); Ex. C (September 26 supplemental responses).
[4] Interrogatory 18 asks JonnyPops to disclose by product and customer/purchaser on a monthly basis information such as (a) net revenues, (b) net units sold (c) costs of goods sold; (d) all other expenses, segregated by whatever classifications are used in the normal course of business (e) net profits before taxes; and (f) the location of the sale of product. *See* Dkt. 87 (Motion) Exhibit 5 (GoodPop's Third Interrogatories).

1

response to Interrogatory 18 three times—on September 12, 16, and 25—in response to GoodPop's Motion and multiple follow up requests over several months. *See* Exs. A; B; C; D (L. Buratti 7.31 redline response to L. Friedman 7.30 email, 8.08 redline response to L. Friedman 8.04 email, and 8.21 emails and C. Valera 8.14, 9.1, 9.2, 9.5, 9.11, 9.15 emails). JonnyPops' response **still** suffers from several deficiencies:

1. JonnyPops has not provided information sufficient to identify sales broken down across customers and products, i.e., sales of the relevant products on a customer-by-customer basis. While JonnyPops has provided some ad hoc information at the product and customer level, the information is not provided for all relevant time frames on a monthly basis.

2. Although JonnyPops has stated it is looking into a way to provide a legend for certain documents, *see* Ex. E (L. Friedman 9.25 email), to date JonnyPops has not provided information sufficient to identify which product UPCs correspond to which products (by item number or description) for JonnyPops_065585. *See* Ex. F at JonnyPops_065585; and

3. JonnyPops' financial production is missing several relevant products and related product information, including omitting the following products which JonnyPops identified in response to Interrogatory 1: Organic Pineapple, Organic Very Berry Lemonade, Organic Superpower Rainbow Minis, Organic Fruit Burst Minis, Organic Color Burst Minis, Organic Sour Green Apple Punch, Organic Sour Blue Raspberry Splash, Organic Sour Cherry Lemonade Blast; and Organic Star-Spangled Flag.

GoodPop has been seeking this information generally for months and identified these specific outstanding deficiencies to JonnyPops on September 18 (and followed up on September 22). Ex. D (C. Valera 9.18 and 9.22 emails). But JonnyPops' latest supplement does not remedy these issues. The missing information is fundamental to GoodPop's damages calculations, and JonnyPops certainly has such information in its possession, custody, or control. With respect to the sales/customer information, even if JonnyPops does not have a single comprehensive document compiling the information created in the ordinary course of business, it still must provide the disaggregated responsive information—whether in documentary or narrative form—that it has within its possession, custody, or control. *See* Fed. R. Civ. P. 33(d) and Comment to 2006 Amendment (party may answer an interrogatory by specifying records that must be reviewed "**If**

the answer" may be so determined and "**only if** the burden of deriving the answer will be substantially the same for either party") (emphasis added)

*Interrogatory 15.* JonnyPops' response to Interrogatory 15[5] cites a single spreadsheet with a list of brokers and their corresponding "territories" (some geographic, some by retailer). Ex. G. But the spreadsheet excludes key JonnyPops brokers that have been subpoenaed in this case. JonnyPops has not explained the discrepancy, nor supplemented further at time of filing. *See* Ex. D (C. Valera 9.18 email); Ex. E (L. Friedman 9.25 email); Ex. A; Ex. C; Ex. G.

*Interrogatory 16.* In response to Interrogatory 16[6] JonnyPops cited only one document addresses serving size, but that document relates to a product that is not at issue in this case and does nothing to **explain** decisions made about serving size. Ex. H. GoodPop requested that JonnyPops amend its response with citations to additional documents or supplement with a narrative actually addressing Interrogatory 16: decisions about JonnyPops' serving size and reasons for those decisions. Ex. D (C. Valera 9.18 email); *see* Fed. R. Civ. P. 33(d) and Comment to 2006 Amendment. JonnyPops still has not done so.

## II. JAKE ACHTERHOFF COVERS A UNIQUE TIME PERIOD AND IS NOT CUMULATIVE OF OTHER CUSTODIANS

JonnyPops gives several excuses for why it has refused to collect documents from Achterhoff, but its Opposition does nothing to address its obligations to identify and collect documents from custodians who are most likely to possess responsive information—which is the relevant inquiry. *See, e.g.*, *Entergy Gulf States Louisiana, L.L.C. v. Louisiana Generating, L.L.C.*, No. CV 14-385-SDD-RLB, 2021 WL 24686, at *7 (M.D. La. Jan. 4, 2021). JonnyPops ignores the

---

[5] Interrogatory 15 asks JonnyPops to "[i]dentify all Sales Brokers . . . and describe the engagement with each sales broker, including the geographic area in which they represented You, the time period during which they represented You, and the products that they marketed and/or sold for You." *See* Dkt. 87, Ex. 4.
[6] Interrogatory 16 asks JonnyPops to describe JonnyPops' reasons for its ice pops serving size and for related documents and communications. *See* Dkt. 87, Ex. 4 (GoodPop's Second Interrogatories).

key fact that **it has not produced documents from any marketing professional from February 2016 through January 2019,**[7] a time period that would be covered by documents collected from Achterhoff (who was JonnyPops' Marketing Lead in that time period).[8] GoodPop advised JonnyPops of the unique time period Achterhoff covers during the parties' meet and confers on September 11th and 15th.

Furthermore, the request for Achterhoff's documents is not belated or untimely: GoodPop made this request when it did because JonnyPops waited until July 15 and August 15 to make a meaningful production of documents. Upon review of the document production GoodPop identified **just one document** addressing the marketing inception and launch of the JonnyPops products at issue, demonstrating that JonnyPops' search did not accomplish its purpose.

### III.    RFP 70 AND OTHER FOURTH RFP DOCUMENT REQUESTS

There are a handful of additional disputes that that now require resolution by the Court.[9] First, there are specific documents requested by GoodPop that are found linked within emails that have already been produced. These are highly relevant documents that are referenced in produced documents—but are missing from the production. Ex. J (L. Buratti 9.22 email). GoodPop has raised the issue of these missing documents several times—on August 7, August 8, September 8, and September 15, and the parties met and conferred on these on September 22. *See id.* JonnyPops recently agreed to provide missing linked documents, but has not done so. JonnyPops has declined

---

[7] The marketing professionals JonnyPops identified in its Opposition cover different time periods, respectively: Maryjane Williams (April 2023 – Present), Angela McKeand (February 2019 – March 2023), and Kelsey Conant (April 2020 – Present).

[8] GoodPop has identified a handful of documents in JonnyPops production sent to Jake Achterhoff demonstrating his involvement in "brand architecture and briefing for packaging." Ex. I (JonnyPops_010298). These are precisely the kinds of documents at the center of GoodPop's case.

[9] GoodPop raises these issues for the sake of efficiency of the parties and the Court, but can of course present them to the Court via a separate Motion to Compel if the Court prefers. GoodPop will not oppose JonnyPops filing of a sur-reply to respond to these issues if it chooses to do so.

to collect and produce the other referenced documents, arguing that searching for documents referenced by name in the production is unduly burdensome.

Second, JonnyPops has not produced documents responsive to RFP 70, which relates to documents and communications regarding a 2025 Forbes article[10] featuring JonnyPops in which its success and financials are discussed. *See* Dkt. 87, Ex. 2 (GoodPop's Fourth RFPs). JonnyPops agreed on August 27 to produce documents responsive to this request, yet has not done so; instead it maintains that it has searched for documents responsive to this request and found none. GoodPop inquired into JonnyPops' investigation methodology, but JonnyPops has not responded to GoodPop as of the filing of this reply. Ex. D (C. Valera 9.22 email). In light of the relevance of this request to GoodPop's damages calculation and claims about JonnyPops inducement of others to repeat false and misleading statements, GoodPop requests the Court compel JonnyPops to produce responsive documents or share with GoodPop its search methodology.

Dated: September 26, 2025

        Respectfully submitted,

        */s/ Leah Bhimani Buratti*
        Leah Bhimani Buratti
        **BOTKIN CHIARELLO CALAF PLLC**
        Leah Bhimani Buratti
        TX Bar No. 24064897
        leah@bccaustin.com
        Kayna Stavast Levy
        TX Bar No. 24079388
        kayna@bccaustin.com
        1209 Nueces Street
        Austin, TX 78701
        Telephone: (512) 615-2341

        **HUESTON HENNIGAN LLP**
        John C. Hueston, CA State Bar No. 164921

---

[10] *See* https://www.forbes.com/sites/chloesorvino/2025/06/09/how-jonnypops-100-million-popsicle-business-licks-the-competition/

jhueston@hueston.com
(*pro hac vice*)
Sourabh Mishra, CA State Bar No. 305185
smishra@hueston.com
(*pro hac vice*)
Christine M. Woodin, TX Bar No. 24100051
cwoodin@hueston.com
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Telephone: (213) 788-4340

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2025 a true and correct copy of the foregoing document has been filed via the court's ECF system which will send notifications to all counsel of record.

*/s/ Leah Bhimani Buratti*
Leah Bhimani Buratti